LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAMUEL FULLER; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-2236 MRA (MRWx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983)<br>4. Battery (Survival and Wrongful Death)<br>5. Negligence (Survival and Wrongful Death)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

1.   Plaintiffs GALE SOSTEK and HERB SOSTEK for their First Amended Complaint against Defendants COUNTY OF SAN BERNARDINO, SAMUEL FULLER and Does 2-10, inclusive, allege as follows:

**INTRODUCTION**

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Kyle Sostek.

**PARTIES**

3. At all relevant times, Kyle Sostek ("DECEDENT") was an individual residing in County of San Bernardino, California.

4. Plaintiff GALE SOSTEK is an individual residing in Citrus County, Florida, and is the adopted mother of DECEDENT. GALE SOSTEK sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. GALE SOSTEK seeks both survival damages, including pain and suffering and wrongful death damages under federal and state law.

5. Plaintiff HERB SOSTEK is an individual residing in Citrus County, Florida, and is the adopted father of DECEDENT. HERB SOSTEK sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. HERB SOSTEK seeks both survival damages, including DECEDENT's pain and suffering, and wrongful death damages under federal and state law.

6. At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendant SAMUEL FULLER and DOES 2-4, who were COUNTY sheriff's deputies, DOES 5-6, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff's Department. On information and belief, at all relevant times, SAMUEL FUILLER and DOES 2-10 were residents of County of

San Bernardino, California. SAMUEL FUILLER and DOES 2-10 are sued in their individual capacity for damages only.

7. At all relevant times, Defendants SAMUEL FUILLER and DOES 2-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

8. At all relevant times, Defendants SAMUEL FUILLER and DOES 2-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants SAMUEL FUILLER and DOES 2-10 were acting on the implied and actual permission and consent of COUNTY.

10. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

11. The true names of defendants DOES 2 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. On September 11, 2023, Plaintiffs filed an amended claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

13. On October 23, 2023, COUNTY rejected Plaintiffs' claims for damages.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On or about March 12, 2023, DECEDENT was on or near the 800 Block of Vista Ave., in Sugarloaf (Unincorporated BigBear), California.

18. Near 800 block of Vista Ave., SAMUEL FUILLER discharged his firearm at DECEDENT, striking him causing DECEDENT serious physical injury and eventually killing him.

19. At the time of the shooting, DECEDENT was unarmed, and there were less then lethal alternatives available to the involved deputies that were not exhausted before resorting to using deadly force against DECEDENT. Further, DECEDENT posed no imminent threat of death or serious physical injury to either SAMUEL FUILLER, DOES 2-4 or any other person, especially since he was unarmed when he was fatally shot. None of the involved deputies sustained substantial bodily injury during this incident.

20. After shooting DECEDENT, SAMUEL FUILLER did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries.

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against Defendants SAMUEL FUILLER and DOES 2-4)

21. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22. SAMUEL FUILLER's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. The unreasonable use of force by Defendant SAMUEL FUILLER deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

25. As a result of the conduct of SAMUEL FUILLER and DOES 2-4, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

26. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed when he was fatally shot, DECEDENT had not caused anyone serious bodily injury and there were less then lethal alternatives to shooting DECEDENT which were not first used.

Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

27. The conduct of SAMUEL FUILLER was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant SAMUEL FUILLER.

28. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival, including DECEDENT's pain and suffering and loss of enjoymnet of life and wrongful death damages for the violation of DECEDENT's rights.

29. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants SAMUEL FUILLER and DOES 2-4)

30. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. The denial of medical care by Defendant SAMUEL FUILLER deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the

1  remainder of their natural lives.  Plaintiffs are also claiming funeral and burial
2  expenses.
3      33.  Defendant SAMUEL FUILLER knew that failure to provide timely medical
4  treatment to DECEDENT could result in further significant injury or the
5  unnecessary and wanton infliction of pain, but disregarded that serious medical
6  need, causing DECEDENT great bodily harm and death.
7      34.  After shooting DECEDENT multiple times, SAMUEL FUILLER did not
8  timely summons medical attention for DECEDENT, who was bleeding profusely
9  and had obvious serious injuries, and SAMUEL FUILLER also did not allow and
10 prevented responding medical personnel on-scene to timely render medical
11 aid/assistance to DECEDENT.
12     35.  The conduct of SAMUEL FUILLER was willful, wanton, malicious, and
13 done with reckless disregard for the rights and safety of DECEDENT and therefore
14 warrants the imposition of exemplary and punitive damages as to Defendant
15 SAMUEL FUILLER.
16     36.  Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and
17 seek both survival and wrongful death damages for the violation of DECEDENT's
18 rights.
19     37.  Plaintiffs also seek attorney's fees under this claim.
20
21                    **THIRD CLAIM FOR RELIEF**
22              **Substantive Due Process (42 U.S.C. § 1983)**
23            (Against Defendants SAMUEL FUILLER and DOES 2-4)
24     38.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1
25 through 37 of this Complaint with the same force and effect as if fully set forth
26 herein.
27     39.   GALE SOSTEK and had a cognizable interest under the Due Process
28 Clause of the Fourteenth Amendment of the United States Constitution to be free

from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

40. HERB SOSTEK had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

41. As a result of the excessive force by SAMUEL FUILLER, DECEDENT died. Plaintiffs GALE and HERB SOSTEK were thereby deprived of their constitutional right of familial relationship with DECEDENT.

42. SAMUEL FUILLER, acting under color of state law, thus violated the Fourteenth Amendment rights of GALE and HERB SOSTEK to be free from unwarranted interference with their familial relationship with DECEDENT.

43. The aforementioned actions of SAMUEL FUILLER, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs GALE and HERB SOSTEK and with purpose to harm unrelated to any legitimate law enforcement objective.

44. Defendants SAMUEL FUILLER, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

45. As a direct and proximate cause of the acts of SAMUEL FUILLER, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

46. As a result of the conduct of SAMUEL FUILLER, he is liable for DECEDENT'S injuries because he was an integral participant in the denial of due process.

47. The conduct of SAMUEL FUILLER was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant SAMUEL FUILLER.

48. Plaintiffs brings this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

49. Plaintiffs also seek attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against Defendant SAMUEL FUILLER, DOES 2-4 and COUNTY)

50. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. SAMUEL FUILLER, while working as a sheriff's deputy for the COUNTY Sheriff's Department, and acting within the course and scope of his duties, intentionally shot DECEDENT. As a result of the actions of SAMUEL FUILLER, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity. SAMUEL FUILLER had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out his officer duties was an unreasonable use of force, especially since DECEDENT was unarmed when he was

fatally shot and he had not caused serious bodily injury to anyone, including the involved deputies, prior to the shooting.

52. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses.

53. COUNTY is vicariously liable for the wrongful acts of SAMUEL FUILLER pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54. The conduct of SAMUEL FUILLER was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

55. Plaintiffs bring this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival damages, including pain and suffering damages and loss of enjoyment of life and wrongful death damages.

## FIFTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

56. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately train employees, including SAMUEL FUILLER, with regards to the use of force, including deadly force;

    (b) the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

    (c) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence and dealing with individuals that suffer from mental illness;

    (d) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (e) the negligent detention and arrest, including the initial vehicle stop of DECEDENT;

    (f) the failure to provide prompt medical care to DECEDENT;

    (g) the failure to properly train and supervise employees, both professional and non-professional, including SAMUEL FUILLER;

    (h) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

    (i) the negligent handling of evidence and witnesses.

58. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in

mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses.

59. COUNTY is vicariously liable for the wrongful acts of SAMUEL FUILLER pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

60. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

61. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

63. Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

64. Defendant SAMUEL FUILLER use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed and had not inflicted serious bodily injury on anyone, including the involved deputies, during the incident.  Further, there were less then lethal alternatives which

were not first exhausted before resorting to the use of deadly force.  Defendant's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

65. SAMUEL FUILLER intentionally used excessive deadly force against DECEDENT by recklessly disregarding the DECEDENT's right to be free from excessive force.

66. SAMUEL FUILLER, while working as sheriff's deputy for the COUNTY Sheriff's Department, and acting within the course and scope of his duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

67. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, SAMUEL FUILLER would commit acts involving violence, threats, coercion, or intimidation against them or their property.

68. On information and belief Defendant SAMUEL FUILLER detained and injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

69. DECEDENT was caused to suffer extreme mental and physical pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May (footnote continued)

for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

70. The conduct of SAMUEL FUILLER was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

71. COUNTY is vicariously liable for the wrongful acts of SAMUEL FUILLER pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72. The conduct of SAMUEL FUILLER was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

73. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival, including pain and suffering damages and loss of enjoyment of life and wrongful death damages for the violation of DECEDENT's rights

74. The Plaintiffs also seek attorney fees under this claim.

---

19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants County of San Bernardino, SAMUEL FUILLER and Does 2-10, inclusive, as follows:

A. For compensatory damages in excess of $5,000,000, including both survival damages, including pain and suffering and loss of enjoyment of life and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

G. For treble damages under Civil Code Section 52.1.

DATED: March 12, 2024           LAW OFFICES OF DALE K. GALIPO

                                By      /s/ Eric Valenzuela
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  March 12, 2024	LAW OFFICES OF DALE K. GALIPO

	By _____/s/ Eric Valenzuela_____
	Dale K. Galipo
	Eric Valenzuela
	Attorneys for Plaintiffs