Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:23-cv-02236 SPG (MRWx)<br><br>**DEFENDANTS, THE COUNTY OF SAN BERNARDINO AND SAMUEL FULLER'S ANSWER TO FIRST AMENDED COMPLAINT OF PLAINTIFFS GALE AND HERB SOSTEK**<br><br>Trial Date:    1/28/25 |

COMES NOW, Defendants COUNTY OF SAN BERNARDINO and SAMUEL FULLER ("Defendants") hereby answers the First Amended Complaint ("Complaint") filed by the Plaintiffs GALE SOSTEK and HERB SOSTEK ("Plaintiffs") in the above-entitled action as follows:

    1.    In answering paragraphs 1, 2, 3, 4, and 5 Defendants lack information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein.

    2.    In answering paragraph 6, Defendants admit the County is and was a duly organized public entity under the laws of the state of California.  Defendants admit that Samuel Fuller was employed by the County.  Except as expressly admitted, Defendants lack information and belief sufficient to enable it to answer thereto and

basing its denial on that ground, denies generally and specifically each and every remaining allegation contained therein.

3. In answering paragraphs 7, 8, 9, 10, 11, 12, and 13 Defendants admit that Samuel Fuller was an employee of the County and acting within the course and scope of his employment. Except as specifically admitted Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

4. In answering paragraphs 14 and 15, Defendants admit that Plaintiffs are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331, 1343, and 1367 and venue in the Central District of California. Except as so admitted, Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

5. In answering paragraph 16, Defendants incorporate their responses to paragraphs 1 through 15 above.

6. In answering paragraphs 16, 17, 18, 19, 20, and 21 Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

7. In answering paragraph 22, Defendants incorporate their responses to paragraphs 1 through 21 above.

8. In answering paragraphs 23, 24, 25, 26, 27, 28, 29, and 30 Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

9. In answering paragraph 31, Defendants incorporate their responses to paragraphs 1 through 30 above.

10. In answering paragraphs 32, 33, 34, 35, 36, 37 and 38  Defendants lack

2

I2102310-1 SBD-0021                                  DEFENDANTS, THE COUNTY OF SAN BERNARDINO AND SAMUEL FULLER'S
ANSWER TO COMPLAINT OF PLAINTIFFS GALE AND HERB SOSTEK

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

information and belief sufficient to enable them to answer thereto and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

11. In answering paragraph 39, Defendants incorporate their responses to paragraphs 1 through 38 above.

12. In answering paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 Defendants lack information and belief sufficient to enable them to answer thereto and basing their denials on that ground, deny generally and specifically each and every allegation contained therein.

13. In answering paragraph 51, Defendants incorporate their responses to paragraphs 1 through 50 above.

14. In answering paragraphs 52, 53, 54, 55, and 56 Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

15. In answering paragraph 57, Defendants incorporate their responses to paragraphs 1 through 56 above.

16. In answering paragraph 58, the County denies it failed to properly and adequately train its employees regarding the use of force, assessing the need to detain and arrest, or that it failed to properly supervise. Defendants lack information and belief sufficient to enable them to answer the remaining allegations in the paragraph and basing their denial on that ground, deny generally and specifically each and every remaining allegation contained therein.

17. In answering paragraphs 59, 60, and 61 Defendants lacks information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

18. In answering paragraph 62, Defendants incorporate their responses to paragraphs 1 through 61 above.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3
I2102310-1 SBD-0021
DEFENDANTS, THE COUNTY OF SAN BERNARDINO AND SAMUEL FULLER'S ANSWER TO COMPLAINT OF PLAINTIFFS GALE AND HERB SOSTEK

19. In answering paragraphs 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, and 75 Defendants lacks information and belief sufficient to enable them to answer thereto and basing its denial on that ground, deny generally and specifically each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

20. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

21. Because Plaintiffs' Complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all of the affirmative defenses that may be applicable to the action, accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## THIRD AFFIRMATIVE DEFENSE

22. Plaintiffs have failed to mitigate their damages, which damages are denied to exist.

## FOURTH AFFIRMATIVE DEFENSE

23. Plaintiffs' Complaint is not maintained in good faith and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

## FIFTH AFFIRMATIVE DEFENSE

24. These answering Defendants asserts that any recovery on Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Decedent Kyle Sostek's and/or Plaintiffs' comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

25. These answering Defendants asserts that any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Decedent Kyle Sostek's and/or Plaintiffs' own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the County is not liable for exemplary or punitive damages in any sum, or at all.

**EIGHTH AFFIRMATIVE DEFENSE**

27. These answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where it reasonably believed that its actions were lawful.

**NINTH AFFIRMATIVE DEFENSE**

28. Plaintiffs did not sustain an injury, if at all, sufficient to give rise to a violation of their federal civil rights.

**TENTH AFFIRMATIVE DEFENSE**

29. Each of Plaintiffs' claims is barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

30. That the actions of these answering Defendants in all respects was reasonable, proper, and legal.

**TWELFTH AFFIRMATIVE DEFENSE**

31. Neither a public entity nor public employees are liable for his or her act or omission exercised in due care, in the execution or enforcement of any law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

32. Neither a public entity nor public employees are liable for any injury caused by the act or omission of another person.

**FOURTEENTH AFFIRMATIVE DEFENSE**

33. Neither a public entity nor public employees acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he or she would have been liable had the enactment been constitutional, valid and applicable.

5

I2102310-1 SBD-0021   DEFENDANTS, THE COUNTY OF SAN BERNARDINO AND SAMUEL FULLER'S ANSWER TO COMPLAINT OF PLAINTIFFS GALE AND HERB SOSTEK

### FIFTEENTH AFFIRMATIVE DEFENSE

34. Plaintiffs' suit is barred by the provisions of California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

### SIXTEENTH AFFIRMATIVE DEFENSE

35. These answering Defendants allege that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves these answering Defendants from liability.

**WHEREFORE, this answering Defendant prays:**

1. That Plaintiffs take nothing by their Complaint on file herein;
2. For costs of suit incurred herein;
3. For attorneys' fees, and
4. For such additional remedies as the Court may find just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1, these answering Defendants hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: April 2, 2024        WESIERSKI & ZUREK LLP

By: *Christopher P. Wesierski*
CHRISTOPHER P. WESIERSKI
Attorneys for Defendant, COUNTY OF SAN BERNARDINO