Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, Plaintiffs, vs. COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, Defendants. | Case No. 5:23-cv-02236-MRA (MRWx) **DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS** Trial Date:　　　　January 28, 2025 Pursuant to Rule 7-3 the Parties met and conferred regarding the substance of this Motion on August 1, 2024. |

TO ALL PARTIES AND THE COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT on August 1, 2024 Defendants COUNTY OF SAN BERNARDINO and SAMUEL FULLER will move to Stay the Proceedings on the grounds that the ongoing criminal investigation into Deputy Fuller by the California Department of Justice ("DOJ") will preclude Defendants from properly mounting a defense in this ongoing civil action. Counsel for Deputy Fuller has already indicated that should this action not be stayed, Deputy Fuller will affirmatively invoke his Fifth Amendment right against self-incrimination for the duration of these proceedings.

Defendant County will be unable to mount a full and fair defense in this action if it is unable to solicit testimony from Deputy Fuller about his objective beliefs concerning his own safety and the actions of Decedent Sostek which are critical to

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  determine if the excessive force claims levied against Defendants are meritorious.
2  Because Deputy Fuller's objective beliefs at the time of the lethal force incident are
3  critical to establish whether Decedent Sostek's civil rights were violated, forcing this
4  action to proceed while Deputy Fuller is under active investigation will serve only to
5  prejudice the Defendants, waste judicial resources, and interfere with Defendants
6  ability to raise necessary arguments during the course of the litigation.

7        This Motion will be made and based upon this Notice of Motion, the
8  Memorandum of Points and Authorities, the Request for Judicial Notice, the
9  pleadings and records on file with this Court, any evidence of which this Honorable
10 Court may further take judicial notice prior to or at the hearing of this matter, and
11 upon such oral and documentary evidence as may be presented at the hearing of this
12 Motion.

13       This motion was filed following a meet and confer conference that occurred on
14 March 15, 2024 in compliance with Central District, Local Rule 7-3. Prior to filing
15 this Motion, Defendants attempted to secure a stipulation from Plaintiffs to stay this
16 action while the DOJ investigation is ongoing. Plaintiffs were unwilling to stipulate
17 forcing Defendants to file the instant Motion.

18
19 DATED:  April 3, 2024          WESIERSKI & ZUREK LLP
20
21
22 By: _____
23       MICHELLE R. PRESCOTT
         CHRISTOPHER P. WESIERSKI
24       Attorneys for Defendant, COUNTY OF
         SAN BERNARDINO
25
26
27
28

I2102311-1 SBD-0021      DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION AND STATEMENT OF FACTS

Defendants seek a stay in this matter until the conclusion of the California Department of Justice's ("DOJ") ongoing criminal investigation into Defendant SAMUEL FULLER ("Deputy Fuller") is concluded. As of the filing of this Motion, Deputy Fuller is under active investigation by the DOJ in connection with the lethal force encounter ("LFE") between himself and Decedent Sostek on March 12, 2023. (*See* Request for Judicial Notice ("RJN") Exhibit 1; Declaration of Michelle R. Prescott ("Prescott Decl.") ¶ 4). Defendants have already confirmed with Deputy Fuller and his counsel that Deputy Fuller intends to affirmative invoke his Fifth Amendment right to self-incrimination for the duration of this action until such time as the investigation by the DOJ has concluded. (Prescott Decl. ¶ 5.)

Absent critical testimony from Deputy Fuller, Defendants will be materially prejudiced and unable to adequately defend themselves in this action because the pending claims brought by Plaintiffs under the Fourth and Fourteenth Amendments necessarily require testimony from Deputy Fuller concerning his reasonable and objective beliefs about his safety and the threat posed by Decedent Sostek at the time of the LFE. (Prescott Decl. ¶ 8-9.)  Because Deputy Fuller alone is able to testify about these critical facts, Defendants will be unable to rebut any of Plaintiffs claims as currently pled if they are unable to solicit testimony from Deputy Fuller in light of the DOJ investigation. (*Id.*) Granting the stay as to Deputy Fuller alone would not cure this substantial prejudice because it would essentially force Defendant COUNTY OF SAN BERNARDINO ("County") to defend itself without being able to obtain Deputy Fuller's critical discovery and deposition testimony. (*Id.*)

Defendants attempted to enter into a stipulation to stay this action with Plaintiffs via email on March 13, 2024 prior to filing the instant Motion. (Prescott Decl. ¶ 6, Exh. A). Plaintiffs declined to stipulate to a stay leaving Defendants no choice but to file the instant Motion. (*Id.*) Plaintiffs did not offer any grounds for why

1  they refused to stipulate to a stay. (*Id.*) Defendants previously alerted the court to this

2  refusal to stipulate in the Joint Case Management Statement filed by the parties on

3  March 18, 2024. (Prescott Decl. ¶ 7, RJN Exh. 2.)

4       Defendants seek this stay in order to preserve their ability to fully participate

5  in this litigation, to spare the Court the expense of forcing this proceeding to go

6  forward absent the necessary testimony from Deputy Fuller, and in the interests of

7  judicial economy.

8  **II.    LEGAL ARGUMENT**

9       The Court has discretion to stay civil proceedings in favor of parallel criminal

10  proceedings "'when the interests of justice seem to require such action.'" *Keating v.*

11  *Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *United States*

12  *v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). "The Ninth Circuit has held that a stay of civil

13  proceedings pending the outcome of 'parallel criminal proceedings' is not required

14  by the Constitution." *Ancier v. Egan*, 2015 WL 12684466, at *1 (D. Haw. Mar. 31,

15  2015) (citing Fed. Sav. & Loan Ins. Corp. Molinaro, 889 F.2d 899, 902 (9th Cir.

16  1989)); see also *Keating*, 45 F.3d 322 at 326 ("A defendant has no absolute right not

17  to be forced to choose between testifying in a civil matter and asserting his Fifth

18  Amendment privilege."). In deciding whether to grant a stay, a court considers "the

19  extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*,

20  45 F.3d at 324. A court also considers the following factors:

21       (1) the interest of the plaintiffs in proceeding expeditiously with this litigation

22       or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

23       (2) the burden which any particular aspect of the proceedings may impose on

24       defendants; (3) the convenience of the court in the management of its cases,

25       and the efficient use of judicial resources; (4) the interests of persons not parties

26       to the civil litigation; and (5) the interest of the public in the pending civil and

27       criminal litigation 45 F.3d at 325.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2102311-1 SBD-0021                    DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

1

2       **1.      Plaintiffs Will Not Be Prejudiced by a Delay and Will Suffer**

3                **Additional Prejudice if this Action is Not Stayed.**

4       While Defendants acknowledge that Plaintiffs have an interest in the

5   expeditious disposal of their claims in litigation, Plaintiffs interests will not be served

6   if Defendants are forced to proceed with this matter while Deputy Fuller remains

7   under investigation by the DOJ. Should Defendants be forced to proceed, the parties

8   will be unable to solicit pivotal testimony from Deputy Fuller concerning his objective

9   beliefs at the time of the LFE. This testimony goes to the heart of the Fourth and

10  Fourteenth amendment claims that are the subject of this action, and without this

11  testimony neither party, including Plaintiffs, will be able to establish facts necessary

12  for a determination of these claims on their merits.

13      Instead, the parties will essentially be forced to litigate blindly because Deputy

14  Fuller, the sole individual who actually used lethal force against Decedent Sostek, has

15  already indicated he will affirmatively invoke his Fifth Amendment right against self-

16  incrimination and not provide any additional testimony until the investigation by the

17  DOJ has concluded. (Prescott Decl. ¶ 5.) Accordingly, not only have Plaintiffs failed

18  to substantiate that they will be prejudiced by the requested stay, Defendants have

19  established that the parties as a whole will be prejudiced should the requested stay not

20  be granted.

21      **2.      Defendants Will Be Substantially Burdened If Forced to**

22               **Litigate Blindly**

23      For the reasons discussed above, Defendants will be substantially burdened if

24  forced to litigate this matter while Deputy Fuller is under investigation by the DOJ.

25  (Prescott Decl. ¶ 8-9). Absent the testimony Defendants anticipate will be provided

26  by Deputy Fuller once he is no longer in jeopardy of criminal proceedings, Defendants

27  will be unable to adequately prepare for trial and establish their claims and defenses

28  during the course of the litigation. (*Id.*) Defendants will also be unable to

I2102311-1 SBD-0021

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

meaningfully participate in the discovery process because Defendants have been informed by Deputy Fuller's criminal counsel that Deputy Fuller will invoke his Fifth Amendment rights against self-incrimination in connection with any discovery propounded or depositions taken in connection with this action. (Prescott Decl. ¶ 5). If forced to continue with this litigation, Defendants will be unable to rely on the critical witness testimony of Deputy Fuller and be prejudiced. (Prescott Decl. ¶ 9).

### 3. The Stay is in the Interest of Judicial Economy

Absent the granting of the stay, Defendants will essentially be forced to be participants in this litigation while being denied the ability to be full and vigorous participants in light of the DOJ investigation into Deputy Fuller. Defendants will be forced to attempt to rebut Plaintiffs claims, which arise out of and concern the actions of Deputy Fuller and his corresponding objectively reasonable belief of imminent severe bodily injury or death at the time of the LFE with Decedent Sostek, while being unable to actually elicit any testimony from Deputy Fuller in light of him already indicating he will invoke his Fifth Amendment right against self-incrimination. (Prescott Decl. ¶ 5, 8-9).

While the proceedings may technically be "continuing forward" should the stay not be granted, any ongoing proceedings will necessarily be frustrated by the parties inability to obtain discovery or testimony from Deputy Fuller. The parties will be unable to adequately advance this litigation without the testimony and discovery that Deputy Fuller has already indicated will not be provided until the DOJ investigation is concluded. Accordingly, it is in the interest of judicial economy to grant this stay and prevent the parties from wasting judicial resources in the fruitless task of litigation absent Deputy Fuller's critical discovery responses and deposition testimony.

### 4. No Persons Not Party to this Litigation Will be Prejudiced if the Stay is Granted

Plaintiffs, as the sole real parties in interest in this action, will not be prejudiced by the granting of the stay in this matter for the reasons discussed above. Plaintiffs

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  have thus far failed to identify a single person that is not a party to this action that will

2  be prejudiced by the requested stay, and as of the filing of this Motion Defendants are

3  unaware of any non-party that would be prejudiced by the granting of the stay.

4  Granting the stay may even assist the non-party DOJ by allowing them adequate time

5  to complete their ongoing criminal investigation into Deputy Fuller without having to

6  juggle his participation in this action which could interfere with the DOJ investigation.

7  Accordingly, no persons not party to this litigation will be prejudiced by the granting

8  of the stay.

9          **5.      The Public's Interests are In Favor of a Stay**

10         Because this litigation involves claims of alleged excessive force on the part of

11  Defendants and because Defendants serve a compelling public interest by providing

12  police services to the general public, this litigation is a matter of public interest for

13  the purposes of analyzing an application for a stay. Defendants do not deny this is a

14  matter of great public importance. Instead, Defendants assert that because of the

15  critical public importance of providing police services to the public, the public is

16  entitled to have this matter fully and fairly litigated by the parties.

17         The public's interests would not be served if the parties are forced to try and

18  conduct litigation by surprise without Deputy Fuller's discovery responses and

19  deposition testimony. Rather this would serve only to undermine public trust in the

20  judicial process because any determinations made without the testimony and

21  discovery from Deputy Fuller would be made without critical evidence that is

22  necessary for a full and complete factual finding. Granting the continuance would

23  allow the parties to obtain this evidence and for Plaintiffs' claims to be completely

24  disposed of in a manner that preserves the public's trust in the integrity and fairness

25  of the judicial system and the Sheriff's Department. Accordingly, it is in the public

26  interest to grant a stay of this matter until such time as the DOJ investigation is

27  complete and the parties can litigate this matter on its merits and with all available

28  evidence.

I2102311-1 SBD-0021                  DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**III.**   **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant its motion to stay all proceedings and enter an order directing that this case be stayed in its entirety pending the resolution of the DOJ investigation into Deputy Fuller.

DATED:  April 3, 2024                    WESIERSKI & ZUREK LLP


By: _____

MICHELLE R. PRESCOTT
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

I2102311-1 SBD-0021                    DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS