Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-02236-MRA (MRWx) <br><br> **DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF MOTION TO STAY** <br><br> Trial Date:     January 28, 2025 |

1

# DECLARATION OF MICHELLE R. PRESCOTT

1. I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek, LLP, counsel of record for Defendants COUNTY OF SAN BERNARDINO and SAMUEL FULLER.

2. The following facts are within my own personal knowledge. If called as a witness, I could and would competently testify to these facts.

3. This declaration is filed in support of Defendants Motion to Stay Proceedings ("Motion").

4. As of the filing of this Motion, Deputy Fuller is under active investigation by the California Department of Justice ("DOJ") pursuant to their policy which requires all lethal force encounters between peace officers and unarmed individuals to be investigated. Attached to the concurrently filed Request for Judicial Notice as **Exhibit 1** is a true and correct copy of a screenshot of the DOJ's website taken by myself showing that Deputy Fuller is under investigation by the DOJ in connection with the March 12, 2023 lethal force encounter ("LFE") that is the subject of this action.

5. In connection with the criminal investigation by the DOJ, Deputy Fuller retained separate criminal counsel, Steven A Alvarado of Rains, Lucia, Stern, St. Phalle & Silver, PC. I have communicated extensively with Mr. Alvarado who informed me that Deputy Fuller will affirmatively invoke his Fifth Amendment privilege against self-incrimination in response to any discovery propounded or depositions taken in connection with this action while the DOJ investigation is ongoing.

6. On March 14, 2024, I emailed counsel for Plaintiff in connection with the parties Joint Case Management Statement and requested the parties enter into a stay of this proceeding until the active DOJ investigation into Deputy Fuller is concluded. Plaintiffs declined to stipulate to the stay and did not provide any reasoning behind their decision not to stipulate. Attached hereto as **Exhibit A** is a true

and correct copy of my email correspondence with Plaintiffs' counsel requesting a stay and Plaintiffs' counsel denying my request.

7. In response, I included the grounds for the stay and indicated to the Court that this Motion was forthcoming in Defendants' portion of the Joint Case Management Statement filed by the parties on March 18, 2204. Attached as **Exhibit 2** to the concurrently filed Request for Judicial Notice is a true and correct copy of the parties' Joint Case Management Statement previously filed as Docket No. 36 in this action.

8. Plaintiffs First Amended Complaint as filed on March 13, 2024 (See Dkt. No. 33) contains causes of action for: (1) Unreasonable Searches and Seizure – Excessive Force; (2) Unreasonable Search and Seizure – Denial of Medical Care; (3) Substantive Due Process; (4) Battery; (5) Negligence; and (6) Violation of the Bane Act. A number of these causes of action as currently pled rely extensively on the mental state and objectively reasonable beliefs of Deputy Fuller at the time of the LFE in order to determine if Deputy Fuller was acting lawfully at the time of the LFE. Specifically, Defendants require testimony from Deputy Fuller concerning his safety and the threat posed by Decedent Sostek at the time of the LFE. There is no alternative source for this testimony besides Deputy Fuller. Because of the jeopardy to Deputy Fuller posed by the DOJ investigation, Defendants will be unable to obtain critically necessary discovery responses and deposition testimony from Deputy Fuller while he is still under investigation.

9. Absent Deputy Fuller's discovery and deposition testimony, Defendant COUNTY OF SAN BERNARDINO ("County") will be unable to defend itself in this action because its defenses also necessarily rely on testimony and discovery from Deputy Fuller. Staying this case as to Deputy Fuller alone and forcing the County to attempt to litigate absent Deputy Fuller's involvement would severely prejudice the County and subject it to undue hardship.

1  I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct.
3      Executed on April 3, 2024, at Lake Forest, California.

*[Signature: Michelle Prescott]*

                Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000