EXHIBIT 2

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAMUEL FULLER; and DOES 2-10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-02236-MRA-MRW<br>*[Hon. Monica Ramirez Almadani]*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**COME NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS**:

The parties herewith submit this Joint Case Management Statement pursuant to the Court's Order Reassignment Order (Doc. 30).

    A.    The date the case was filed

            October 30, 2023.

    B.    A list identifying or describing each party

I2091689-1 SBD-0021  - 1 -

The Plaintiffs are Decedent Kyle Sostek's legally adoptive parents Herb and Gail Sostek. Defendants are the County of San Bernardino and Samuel Fuller.

C. A brief summary of all claims, counterclaims, crossclaims, or third party claims

Per Plaintiffs:

Plaintiffs' Complaint contains the following claims: Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Substantive Due Process—(42 U.S.C. § 1983); Battery (Survival and Wrongful Death); Negligence (Survival and Wrongful Death); and Violation of Bane Act (Cal. Civil Code § 52.1).

Per Defendants:

Defendants have not filed a counterclaim or crossclaim.

D. A brief description of the events underlying the action

On or about March 12, 2023, Kyle Sostek, Decedent, was fatally shot by Samuel Fuller of the County of San Bernardino Sheriff's Department at or near the 800 Block of Vista Ave., in Sugarloaf (Unincorporated BigBear), California. Decedent died as a result of his gunshot wounds.

E. A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed

Plaintiffs seek damages in excess of $5,000,000. These damages include Decedent's pain and suffering damages before death, loss of enjoyment of life, wrongful death damages, punitive damages and statutory attorney's fees.

F. The status of discovery, including any significant discovery management issues, as well the applicable cutoff dates

The parties have propounded and responded to multiple sets of written discovery and have subpoenaed various documents. No depositions have been taken to date.

Fact Discovery Cut-Off- 08/23/2024

Expert Disclosure (Initial) - 09/06/2024

Expert Disclosure (Rebuttal)- 09/20/2024

Expert Discovery Cut-Off- 09/20/2024

G. A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded

Plaintiffs filed their Complaint, the County filed an Answer, Plaintiffs filed a First Amended Complaint adding shooting Deputy Samuel Fuller. No answer has been filed by the County or Deputy Fuller to the First Amended Complaint. The County of San Bernardino's responsive pleading to the First Amended Complaint shall be due within 21 days of service of the First Amended Complaint. Defendant Samuel Fuller's responsive pleading to the First Amended Complaint shall be due within 21 days of service of the Summons and First Amended Complaint (Dkt. 32).

Scheduling Conference Deadline- 12/04/2024.

There are no previous motions, settlement conferences or appellate proceedings.

H.  A description of any other deadlines in place before reassignment

The Court had already issued a scheduling order (Doc. 22-1), attached hereto.

I.  Whether the parties will consent to a magistrate judge for trial

Parties will not consent.

J.  A statement from each parties' counsel indicating they have (1) discussed the magistrate judge consent program with their respective client(s), and (2) met and conferred to discuss the consent program and selection of a magistrate judge

Plaintiffs' counsel has discussed the magistrate judge consent program with their respective clients and met and conferred to discuss the consent program and selection of a magistrate judge.

Defense counsel has discussed the magistrate judge consent program with their clients and met and conferred to discuss the consent program and selection of a magistrate judge.

K.  Whether there exists an immediate need for a case management conference to be scheduled in the action and, if so, why the parties believe such a need exists.

Plaintiff:

Not on behalf of Plaintiffs.  Plaintiffs are opposed to staying the entire civil proceedings pending any DOJ investigation.  However, Plaintiffs would agree to temporarily postpone seeking to take Defendant Fuller's deposition and not

propounding any written such as special interrogatories and requests for admissions (not requests for production of documents), while the DOJ's investigation remains pending, so as to avoid any potential Fifth Amendment infringement issues with Mr. Fuller. Further, discovery should be allowed to continue as to everyone other than Defendant Fuller, including against the Defendant County, any percipient witnesses, including any non-shooting deputy witnesses (there was one at the scene at the time of the shooting), while any DOJ investigation is pending. Moreover, a lot of these DOJ investigations can take well over a year to conclude so with the deadlines set by the Court and in the interest of justice, at some point, regardless if the DOJ investigation has concluded, Plaintiffs should be able to proceed with full discovery.

    Defendants:

    Yes, on behalf of Defendants. Defendant Samuel Fuller intends to move to stay the civil proceedings if Plaintiffs will not stipulate to stay the proceedings. Defense counsel has only recently been engaged to represent Defendant Samuel Fuller. Pursuant to California Assembly Bill 1506, the California Department of Justice ("DOJ") is required to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian. The California DOJ investigates and reviews for potential criminal liability on all such incidents. There is an on-going investigation of Defendant Samuel Fuller by the California DOJ. During the pendency of the investigation Deputy Samuel Fuller's Fifth Amendment rights are implicated. Defense counsel for Deputy Samuel Fuller in the DOJ Investigation has informed Defense counsel in this matter that he will instruct Deputy Samuel Fuller to invoke his Fifth Amendment rights in the Civil matter during the pendency of the investigation and criminal proceeding, should one commence. Defendants oppose implementing the stay only for Defendant Fuller, on the grounds it will severely impair the County's ability to defend itself from the

claims if the involved deputy is prevented from answering discovery or participating in the trial.

DATED: March 18, 2024          LAW OFFICES OF DALE K. GALIPO

                               By  /s/ Eric Valenzuela
                                  Dale K. Galipo
                                  Eric Valenzuela
                                  Attorneys for Plaintiffs


Dated: March 18, 2024          WESIERSKI & ZUREK LLP

                               By:
                                   /s/ Michelle R. Prescott
                                   Michelle R. Prescott
                                   Attorneys for Defendants

I2091689-1 SBD-0021  - 6 -