# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK, ET AL., | Case No.  5:23-cv-02236-MRA-MRWx |
| Plaintiff, | |
| v. | **CIVIL TRIAL ORDER** |
| COUNTY OF SAN BERNARDINO, ET AL., | |
| Defendant. | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**NOTE THAT THIS ORDER SETS DEADLINES FOR TRIAL FILINGS.**

**NOTICE OF THIS ORDER:** Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action.  If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.

## I.      THE COURT'S EXPECTATIONS

**A.      Follow the Rules.**  Both the Court and all counsel bear responsibility for the progress of litigation in this Court.  "Counsel," as used in this Order, includes parties who are represented by counsel and parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "*Pro Se* Litigants").  Only individuals may represent themselves.  Counsel must represent a corporation or other entity.   If counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal – *i.e.*, a plaintiff entity's case will be dismissed, or a defendant entity will default.  *See* Local Rule ("L.R.") 83-2.3.4.   To secure the just, speedy, and inexpensive determination of every action, all counsel, including *Pro Se* Litigants, shall comply with this Order, the Federal Rules of Civil Procedure, and the Central District of California Local Rules.  *See* L.R. 1-3, 83-2.2.3.  For additional requirements in civil cases, counsel shall review and comply with the Court's procedures web page (https://www.cacd.uscourts.gov/honorable-mónica-ramírez-almadani), which is incorporated in this Order.

**B.      Presence of Lead Trial Counsel.**  Lead trial counsel shall attend all Court-ordered proceedings, including scheduling, settlement, and pretrial conferences and trials.  Lead trial counsel must be prepared to address and resolve all matters within the scope of the proceeding.  Only one attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.  If the Court permits a second lead trial counsel, both counsel must attend the pretrial conference.  Believing that lawyers with less experience who are typically five or fewer years out of law school need more opportunities for appearances than they usually receive, the Court encourages lead trial counsel to permit junior counsel to fully participate in Court proceedings, including arguing motions and examining witnesses.

**C.      Counsel Calendar Conflicts.**  If any counsel discovers an <u>unintended</u> calendar conflict with a scheduled appearance, counsel must inform opposing counsel and the   Court's   Courtroom   Deputy   ("CRD")   via   the   Court's   Chambers   email

(MRA_Chambers@cacd.uscourts.gov) as soon as possible and not later than three (3) days before the scheduled appearance.  Counsel should attempt to agree on a new date to accommodate the calendar conflict and must propose a new date by Stipulation and Proposed Order.  A "Notice of Unavailability" has no legal effect and should not be filed. The Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when counsel are unavailable.

      **D.**     **Communications with Chambers.**  Neither counsel nor a party shall initiate contact with the Court or its Chambers staff by telephone, or by any other improper *ex parte* means.  Counsel may contact the CRD with appropriate inquiries.  Contacting the CRD to inquire about the status of a ruling or continue a proceeding is not appropriate. The preferred method of communication with the CRD is by email at MRA_Chambers@cacd.uscourts.gov.  Counsel must copy all parties on any such email. To facilitate communication with the CRD, counsel should list their email addresses along with their telephone numbers on all papers.

      **E.**     **Civility.**  All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines, which can be found on the Court's website at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.  The Court expects everyone in the courtroom to treat each other with dignity and respect.  Counsel must be punctual and prepared for all court appearances; civil and respectful in all oral and written communications with the Court and other parties; civil and respectful to court personnel, including the CRD, court reporters, law clerks, and marshals; and considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.  In addition, counsel must refrain from interrupting any person in the courtroom when that person is speaking and from making gestures, facial expressions, or audible comments indicating approval or disapproval of testimony or argument.  Respect is paramount.  All counsel must comply with Section IV.E-F of this Order, which addresses additional rules and guidance regarding decorum and punctuality while in trial.

## II.   SCHEDULE OF PRETRIAL AND TRIAL DATES

### A.   Schedule and Deadlines.

The Pretrial Schedule governing this case is set forth in the far-right column labeled "Court Order" located on the parties' Schedule of Pretrial Dates Worksheet, which accompanies this Order, *or* in an order (1) by another judge prior to reassignment of this case to Judge Ramírez Almadani or (2) by this Court establishing a pretrial schedule or modifying a prior pretrial schedule after reassignment.  If the parties disagree as to the applicable pretrial schedule, they must contact the CRD immediately for direction.  It is counsel's responsibility to be diligent and meet all Court deadlines.

**The Court has a strong interest in keeping scheduled dates certain. Accordingly, pretrial and trial dates set by the Court are firm.**  Any request for continuance of pretrial and/or trial dates must be by motion, stipulation, or application, and must be supported by a declaration setting forth the reasons for the requested relief.  The title of the request shall be serially numbered to differentiate it from previous requests (e.g., Second Stipulation to Continue Pretrial and Trial Dates).  The declaration must contain a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts taken to advance the litigation.  This showing should demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines.   General statements are insufficient to establish good cause.  The fact that the case was recently reassigned to Judge Ramírez Almadani is also insufficient.   The declaration should include whether any previous requests for continuances have been made and whether the Court granted or denied these requests.  Stipulations extending dates set by the Court are not effective unless the Court approves them, and without compelling factual support and a showing of due diligence, the Court will deny stipulations continuing dates set by the Court.

### B.   Motions to Amend Pleadings/Add Parties.

Counsel shall strictly comply with the requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15 and L.R. 15.  Where leave from the Court is required to amend pleadings, the Pretrial Schedule sets

the deadline to hear such motions to amend.  As with other pretrial dates and deadlines, this is a firm date; the parties must be diligent and efficient in litigating their case, including by correcting facts, adding/removing claims, asserting affirmative defenses, or responding to inadequacies in their original pleadings, which ensures fairness, accuracy, and completeness in the proceedings.

In addition to meeting the requirements of L.R. 15-1, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.  All motions to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material.  The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings (e.g., "Second Amended Complaint" or "Third Amended Answer and Counterclaims").  If leave to amend is granted, the filing party must comply with L.R. 15-1 through L.R. 15-3 in filing the amended pleading.

**C.**   **Discovery Cut-Off and Discovery Motions.**

**1.**   **Fact and Expert Discovery Cut-Offs:**  The cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, must be completed.  Thus, written discovery must be served, and depositions must begin sufficiently in advance of the discovery cut-off date to permit the propounding party enough time, if the party chooses, to challenge via motion practice any responses the party asserts are deficient.

**2.**   **Expert Disclosures:**  All expert disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The Final Pretrial Conference ("FPTC") and trial dates will not be continued merely because expert discovery has not been completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

**3.     Discovery Motions:**  Discovery motions are handled by the magistrate judge assigned to the case.  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared before the assigned magistrate judge sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.  The parties are expected to meet and confer to attempt to resolve discovery disputes before filing a discovery motion and must use their best effort to resolve all discovery disputes in a courteous, reasonable, and professional manner.  All discovery-related documents, including motions, must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to review the magistrate judge's procedures and schedules on the Central District's website to schedule discovery matters for hearing.

**D.     Non-Discovery and *Daubert* Motions Deadline.**

**1.     Meet and Confer Requirement.**  The parties are required under L.R. 7-3 to meet and confer to attempt to resolve disputes before filing a motion.  The Court will deny motions if this rule is not met.  The parties shall follow instructions on the Court's procedures web page (https://www.cacd.uscourts.gov/honorable-mónica-ramírez-almadani) regarding different types of motions.

**2.     Cut-Off Date is the Last Day for *Hearing* the Motion.**  Judge Ramírez Almadani hears non-discovery motions in civil cases generally through in-person appearances on Thursdays at 1:30 p.m.  All non-discovery motions must be noticed to be *heard* on or before their respective cut-off dates listed in the Pretrial Schedule.  If a hearing date is unavailable but within the cut-off period, the parties shall contact the CRD to arrange another date.  All non-discovery motions must be filed at least 28 days before the deadline in accordance with the requirements of L.R. 6-1.

**3.     Rule 56 Motions.**  This Court requires that motions for summary judgment under Fed. R. Civ. P. 56 be noticed, served, and filed not later than forty-two (42) days before the hearing date.  Oppositions must be filed and served not later than twenty-eight (28) days before the hearing date.  Replies must be filed and served not later

than twenty-one (21) days before the hearing date.  This is so the opposing party has at least fourteen (14) days to oppose, and the Court has twenty-one (21) days between the reply deadline and the hearing date.

       **4.**    ***Daubert* Motions.**  Unlike motions in limine, *Daubert* motions must be noticed to be *heard* generally at least eight (8) weeks before the FPTC.  The Pretrial Schedule includes a deadline for such hearings.

       **5.**    **Mandatory Chamber's Copies.**  The parties must deliver to Judge Ramírez Almadani's chambers copy box located outside of the Clerk's Office on the fourth floor of the courthouse one (1) mandatory Chambers copy (a paper copy that is sent to Chambers upon electronic filing of the motion) of all filings in connection with Motions for Summary Judgment, Motions for Preliminary Injunction, and Motions for Class Certification.  Do not send paper copies of any other documents unless requested by the Court.  Mandatory Chambers copies must be delivered by no later than 3:00 p.m. the following business day after the document is electronically filed, and they must be prominently labeled MANDATORY CHAMBERS COPY on the face page and include the NEF as the last page of the document.  Short filings should be three-hole punched and fastened by a staple or binder clip in the top left corner.  Larger filings exceeding 50 pages should be delivered in a three-ring binder with an index and with each item of evidence or exhibit separated by a tab divider on the right side.  Binders must have both a cover sheet and a spine label that includes the case name and case number.

    **E.**    **Settlement Proceedings/Alternative Dispute Resolution (ADR) Deadline.**  Pursuant to L.R. 16-15, the parties must participate in a settlement conference/ADR procedure.  The Court's Pretrial Schedule sets forth the type of procedure the parties must use.[1]  The parties shall file a <u>Joint Report</u> regarding the outcome of settlement negotiations, the likelihood of possible further negotiations, and any assistance the Court may provide

---

[1] If the parties prefer an ADR procedure other than the one ordered by the Court (either Judge Ramírez Almadani or the prior judge if the case was reassigned), they shall file a Stipulation and Proposed Order.  The parties' request may not necessarily be granted.

concerning settlement negotiations within seven (7) days after the settlement conference. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

If a settlement is reached, it shall be reported immediately to this Court as required by L.R. 16-15.7.  In all cases set for jury trial, the parties must notify the Court no later than the Monday preceding the trial date, of any settlement, so that the necessary arrangements can be made to bring in a different case for trial or to notify the members of the public who would otherwise be reporting for jury duty that their services are not needed that date.

### F.   Final Pretrial Conference/Proposed Final Pretrial Conference Order

**1.   Schedule of Trial Filings and Preparation for FPTC.**  Counsel shall strictly comply with the requirements of Fed. R. Civ. P. 16 and L.R. 16, except where the requirements set forth in this Order differ from or supplement those contained in L.R. 16. Section III of this Order ("Trial Preparation") explains in detail the requirements for trial filings.  The relevant deadlines and dates, which precede the FPTC, are as follows:

| At least 40 days before the FPTC | Lead trial counsel shall meet and confer <u>in person</u> as required by L.R. 16-2 to discuss and prepare for trial. |
| --- | --- |
| At least twenty-eight (28) days before the FPTC | Counsel must serve and file with the Court the first round of trial filings:<br><br>(1) Motions in Limine<br>(2) Memoranda of Contentions of Fact and Law<br>(3) Witness Lists<br>(4) Joint Exhibit List<br>(5) Joint Status Report Regarding Settlement<br>(6) Proposed Findings of Fact and Conclusions of Law pursuant to L.R. 52 (for bench trials only)<br>(7) Declarations containing Direct Testimony, if ordered (for bench trials only) |

| At least twenty-one (21) days before the FPTC | Counsel must serve and file with the Court Oppositions to Motions in Limine. |
|---|---|
| At least 14 days before the FPTC | Counsel must serve and file with the Court the second round of trial filings:<br><br>(1) Joint Proposed Final Pretrial Conference Order<br>(2) Joint/Agreed Upon Proposed Jury Instructions (jury trial only)<br>(3) Disputed Proposed Jury Instructions (jury trial only)<br>(4) Joint Proposed Verdict Forms (jury trial only)<br>(5) Joint Proposed Statement of the Case (jury trial only)<br>(6) Proposed Voir Dire Questions, if any (jury trial only)<br>(7) Evidentiary Objections to Declarations of Direct Testimony (bench trial only) |

     **2.    Matters to be Considered During FPTC.** The parties are expected to be ready to proceed to trial following the FPTC. All unserved parties will be dismissed without prejudice at the time of the FPTC pursuant to L.R. 16-8.1. Motions in limine will be heard and ruled on at the FPTC. The Court may rule orally instead of in writing. Lead trial counsel and *Pro Se* Litigants shall be prepared to discuss any matter arising from the Memoranda of Contentions of Fact and Law, Witness or Joint Exhibit Lists, Proposed Final Pretrial Conference Order, or other matter related to trial which needs to be addressed at the FPTC.

     **Importantly, if a trial date has not been previously set, the Court will set the trial date at the FPTC.** As a result, the parties shall confer in advance of the FPTC to identify mutually agreeable trial date(s) within 90 days following the FPTC. The parties shall email the CRD with their mutually agreeable trial dates no later than 4:00 p.m. on the Monday before the FPTC. The trial date shall be set at the earliest date permitted by the Court's calendar (*see* L.R. 16-8.3).

**3.      Requests for Additional Audio/Visual Equipment.**   The court provides audio/visual equipment for use during trial.  The parties are encouraged to use it.  More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology.  If counsel for any party needs to arrange for the installation of their own equipment, such as video monitors, notebooks, or projection equipment, counsel shall notify the CRD no later than 4:00 p.m. on the Monday before trial so that the necessary arrangements can be made.

**4.      Filing of Proposed Final Pretrial Conference Order.**   As noted above, a proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least fourteen (14) days before the FPTC.  *See* L.R. 16-7.  A template for the Proposed FPTCO is available on Judge Ramírez Almadani's webpage. **The parties must use this template.**  In specifying the surviving pleadings under section I, the parties are to state which claims or counterclaims have been dismissed or abandoned (e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

In drafting the Proposed FPTCO, the parties shall make a good faith effort to agree on and set forth as many uncontested facts as possible.  The Court may read the uncontested facts to the jury at the start of the trial.  A carefully drafted and comprehensively stated statement of uncontested facts will shorten the trial and generally increase jury understanding of the case.

The remaining triable issues of fact section on the Proposed FPTCO should track the elements of a claim or defense on which the jury will be required to make findings.  Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (*i.e.*, "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; *not*, "was the defendant driving the vehicle west on Hill Street at 9:00

-10-

p.m. on January 1?").  Counsel may list sub-issues under the headings of ultimate fact issues but shall not use this as a device to list disputes over evidentiary matters.

Issues of law should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

## III.  **TRIAL PREPARATION**

As noted above, the parties must comply with L.R. 16, except where the requirements set forth in this Order differ from or supplement those contained in L.R. 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

**A.  Filing Pretrial Documents.**  All pretrial documents listed above, including any amended documents, shall be filed and emailed to Chambers the day they are due as set forth in the schedule.  Except for motions in limine and oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, counsel shall email all of the above, including any amended documents, in Microsoft Word format to MRA_Chambers@cacd.uscourts.gov.

Mandatory Chambers copies of electronically filed pretrial documents shall be delivered to Judge Ramírez Almadani's chambers copy box outside of the Clerk's Office on the fourth floor of the courthouse.  Chambers copies must be delivered in a "binder-ready" state, meaning they must be three-hole punched on the left side, without blue-backs, and stapled only in the top left corner.

**B.  Requirements for Pretrial Documents**

**1.  Motions in Limine.**  Each side is limited to five (5) motions in limine unless the Court grants leave to file additional motions.  There shall be no replies.  Motions in limine and oppositions must not exceed ten (10) pages in length.  Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion.  Motions in limine should address specific issues (e.g., not "to

exclude all hearsay").  Motions in limine should not be disguised motions for summary adjudication of issues.  The court may strike excessive or unvetted motions in limine.

**2.     Witness Lists.**  Witness lists must be in the format specified in L.R. 16-5, and must include for each witness (i) a brief description of the testimony, (ii) the reasons the testimony is unique and not redundant, and (iii) a time estimate in hours for direct and cross-examination.  The parties must use the template posted to Judge Ramírez Almadani's webpage.  Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to MRA_Chambers@cacd.uscourts.gov in Microsoft Word format.

**3.     Joint Exhibit List.**  The Joint Exhibit List must be in the format specified in L.R. 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections.  The parties must use the template posted to Judge Ramírez Almadani's webpage.  Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to MRA_Chambers@cacd.uscourts.gov in Microsoft Word format.

**4.     Jury Instructions (Jury Trial Only).**

**(a)     Schedule.**  The parties shall make every effort to agree upon jury instructions before submitting proposals to the Court.  The Court expects the parties to agree on most instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law.  The parties shall meet and confer regarding jury instructions according to the following schedule:

| At least thirty-five (35) days before the FPTC | The parties shall exchange proposed general and special jury instructions. |
| Twenty-eight (28) days before the FPTC | The parties shall exchange any objections to the instructions. |

-12-

| Twenty-one (21) days before the FPTC | The parties shall meet and confer with the goal of reaching agreement on one set of Joint Agreed Upon Proposed Jury Instructions. |
|---|---|
| Fourteen (14) days before FPTC | The parties shall file their (i) Joint Agreed Upon Proposed Jury Instructions and their (ii) Disputed Jury Instructions. |

**(b)** **Red-lined Copy.** The parties shall file clean and redline sets of their (i) Joint Agreed Upon Proposed Jury Instructions, and (ii) Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

**(c)** **Sources.** When the Manual of Model Jury Instructions for the Ninth Circuit provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the Judicial Council of California Civil Jury Instructions. If neither applies, the parties should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

**(d)** **Format.** Each requested instruction shall (i) cite the authority or source of the instruction; (ii) be set forth in full; (iii) be on a separate page; (iv) be numbered; (v) cover only one subject or principle of law; and (vi) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or

offers options (e.g., for gender), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

(e)   **Index:**   The Proposed Instructions must have an index that includes the following for each instruction, as illustrated in the example below:

- o   the number of the instruction;
- o   the title of the instruction;
- o   the source of the instruction and any relevant case citations; and
- o   the page number of the instruction.

---

**Example:**

Instruction

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

---

During the trial and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

**5.**   **Joint Verdict Forms (Jury Trial Only).**   The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the Court. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position.   The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

**6.**   **Joint Statement of the Case (Jury Trial Only).**   The parties must file a Joint Statement of the Case before the FPTC for the Court to read to the prospective jurors before commencement of voir dire.   The joint statement should be brief and neutral and should not be more than one page in length.

**7.     Voir Dire (Jury Trial Only).**   Generally, a jury in a civil action will consist of eight (8) jurors.  In most cases, the Court will seat sixteen (16) prospective jurors in the jury box and conduct its initial voir dire.  Each side has three (3) peremptory challenges.  If 16 jurors are seated in the box and all 6 peremptory challenges are exercised, the remaining 8 jurors will constitute the jury panel.  If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest numbered seats will be the jury.

The Court generally will conduct the voir dire.  The parties may, but are not required to, file any proposed case-specific voir dire questions for the Court's consideration at least fourteen (14) days before the FPTC.  If it considers the questions proper, the Court will pose the questions to the prospective jurors.  The Court may also allow limited voir dire by counsel on a case-by-case basis.

All challenges for cause shall be made at side bar or otherwise outside the prospective jurors' presence.  The Court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted, and all 6 peremptory challenges are exercised, the Court may decide to proceed with 6 or 7 jurors.

**8.     Proposed Findings of Fact and Conclusions of Law (Bench Trial Only).**  For any trial requiring findings of fact and conclusions of law, each party shall file and serve on the opposing party its Proposed Findings of Fact and Conclusions of Law in the format specified in L.R. 52-3.  The parties may submit Supplemental Proposed Findings of Fact and Conclusions of Law during the trial.  Once trial concludes, the Court may order the parties to file Revised Proposed Findings of Fact and Conclusions of Law with citations to the record.

**9.     Declarations of Direct Testimony (Bench Trial Only).**   When ordered by the Court in a particular case, each party shall file declarations containing the direct testimony of each witness whom that party intends to call at trial.  If such declarations are filed, each party shall file any evidentiary objections to the declarations submitted by any other party at least fourteen (14) days before the FPTC.  Such objections shall be submitted in the following three-column format: (i) the left column should contain a

verbatim quote of each statement objected to (including page and line number); (ii) the middle column should set forth a concise legal objection (e.g., hearsay, lacks foundation, etc.) with a citation to the corresponding Federal Rule of Evidence or, where applicable, a case citation; and (iii) the right column should provide space for the Court's ruling on the objection.  The Court anticipates issuing its ruling on the objections during the FPTC.

**C.   Trial Exhibits.**  Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders.  The parties shall submit to the Court three (3) sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits.  The original set of exhibits shall be for use by the jury during its deliberations, and the copies are for the Court.  **The parties should prepare additional copies of exhibits for their own use and for use by witnesses.**  The parties must review the exhibit list and exhibit binders with the CRD before the admitted exhibits will be given to the jury.  All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side.  Exhibits shall be numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, etc.  *See* L.R. 16-6.  Every page of a multi-page exhibit must be numbered.  Defendant's exhibit numbers shall not duplicate Plaintiff's numbers.  The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

**1.   Original Exhibits.**  The original exhibits shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag.  Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the court's website.

**2.   Exhibit Copies.**  The copies of exhibits must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.  In addition to the three (3) sets of binders above, the parties must also submit to the court a USB flash drive containing .pdf versions of all exhibits.  The USB

flash drive must be delivered to the judge's courtesy box located outside the Clerk's Office on the 4th floor of the courthouse by 3:00 p.m. on the Monday before the start of trial. Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names must include the exhibit number and a brief description of the document, for example: "Ex. 1 - Smith Declaration.pdf" or "Ex. 105 - Letter Dated 1-5-20.pdf."

**3.     Publishing Exhibits.**   The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence.  Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.  The parties must meet and confer at least ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial.  All such exhibits should be noted as admitted on the court and CRD's copy of the exhibit list.

**D.     Exhibit Conference.**  An exhibit conference requiring the attendance of trial counsel will be held at 3:00 p.m. the Friday before the scheduled trial date in Courtroom 10B, unless the Court orders otherwise.  At the exhibit conference, the parties shall present the following materials to the CRD:

**1.**     The three sets of binders described above, with one (1) original set of trial exhibits for the jury, and two (2) copies of trial exhibits for the Court.

**2.**     Any excerpts of deposition transcripts to be used at trial, either as evidence or for impeachment.  These lodged depositions are for the Court's use.  The parties must use their own copies during trial.

**E.     Court Reporter.**  Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify the court reporter at least fourteen (14) days before the hearing date.  At least seven (7) days before the commencement of trial, counsel for the parties shall provide the court reporter with a list of unusual words, phrases, and spellings that may come up during trial.   This

information should be emailed to Court Reporter Services at ReportersCACD@cacd.uscourts.gov.

**F.      Jury Trial.**  Trial days are generally Monday through Thursday.  Trial days are from 8:30 a.m. to approximately 4:30 p.m. Monday, Tuesday, and Wednesday, with two 15-minute breaks and a one-hour lunch break; and from 8:30 a.m. to 12:30 p.m. on Thursdays with one 15-minute break and no lunch break.  The parties must appear at 8:30 a.m. to discuss preliminary matters with the Court.

On the first day of trial, the Court will commence at 8:30 a.m.  The Court will call a jury panel only when it is satisfied the case is ready for trial.  The Court anticipates jury selection will take only a few hours.  The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

## IV.    CONDUCT OF ATTORNEYS AND PARTIES

**A.      Meeting and Conferring Throughout Trial.**  The parties must continue to meet and confer on all issues that arise during trial.  The Court will not rule on any such issue unless the parties have attempted to resolve it first.

**B.      Opening Statements, Witness Examinations, and Summation.**  Counsel must use the lectern.  Counsel should not consume jury time by writing out words and drawing charts or diagrams.  All such aids must be prepared in advance.  When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

**C.      Objections to Questions.**  Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection.  If counsel desires to argue an objection further, counsel must seek permission from the Court to do so.

**D.      Closing Arguments and Post-Trial Briefs (Bench Trials Only).**  For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments.  In delivering closing arguments, the parties shall use their

-18-

respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings.  The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing, and such briefing is specifically authorized.

### E.   General Decorum While in Session

1.   Counsel must not approach the CRD, the jury box, or the witness stand without Court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.   Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

3.   Counsel must address all remarks to the Court.  Counsel must not address the CRD, the court reporter, persons in the audience, or opposing counsel.  Any request to re-read questions or answers shall be addressed to the Court.  Counsel must ask the Court's permission to speak with opposing counsel.

4.   Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.   Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.   Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7.   Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel.  Counsel shall instruct their clients and witnesses not to engage in such conduct.

8.   Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors.  Counsel must instruct their clients and witnesses to avoid such conduct.

9.     Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10.     Bottled water is permitted in the courtroom.  Food and other beverages are not permitted.  Cell phones must be silenced or otherwise they may be confiscated.

**F.     Punctuality**

1.     The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority.  The Court will not delay progress of the trial or inconvenience jurors.

2.     If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.     The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4.     No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5.     The Court generally will accommodate witnesses by permitting them to be called out of sequence.  Counsel should meet and confer in advance and make every effort to resolve the matter.

**G.     Exhibits**

1.     Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

2.     Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

3.     Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.     Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

5.     When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

6.     Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so.  All demonstrative aids must be prepared fully in advance of the day's trial session.

7.     Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**H.     Depositions**

1.     In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

a.     If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.     If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions.  Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.

2.     Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may: (i) have an individual sit on the witness stand and read the

testimony of the witness while the examining lawyer asks the questions; or (ii) have counsel read both the questions and the answers.

**I.     Using Numerous Answers to Interrogatories and Requests for Admission.**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document must be provided to the Court and the opposing party.

**J.     Advance Notice of Unusual or Difficult Issues**

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party must give the Court advance notice.  The parties must notify the CRD immediately of any unexpected legal issue that could not have been foreseen and addressed in advance.  To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the CRD before jurors are excused for the day to minimize the time jurors are kept waiting.  The Court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.


**IT IS SO ORDERED.**


DATED: April 5, 2024

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE