LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAMUEL FULLER; and DOES 2-10, inclusive,<br><br>Defendants. | Case No.:<br>5:23−cv−02236−MRA−MRW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On March 12, 2023, Plaintiff was fatally shot by Deputy Samuel Fuller of the San Bernardino Sheriff's Department. The shooting occurred near the 800 Block of Vista Ave., in Sugarloaf (Unincorporated BigBear), California, and Decedent was unarmed at the time of the shooting.

Plaintiffs filed their Complaint on October 30, 2023, and it contains claims for relief for: (1) Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983);

(2) Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Substantive Due Process—(42 U.S.C. § 1983); Battery (Survival and Wrongful Death); Negligence (Survival and Wrongful Death); and Violation of Bane Act (Cal. Civil Code § 52.1).

Defendants' Motion seeks to stay all the proceedings pending the resolution of the California Department of Justice's investigation into the shooting of the unarmed Decedent. However, the DOJ's investigation could take years to conclude, Deputy Fuller has not been indicted and there is no evidence that prosecution is imminent. Further, the defense and DOJ is not able to provide a timeline for the completion of the investigation. Moreover, Plaintiff, Herb Sostek is ninety-one (91) years old and any substantial delay may result in Plaintiff passing away before he ever gets his day in court, resulting in substantial prejudice to Plaintiff. Accordingly, Defendants' Motion should be denied in its entirety and there should be no stay in the discovery. In the alternative, there is no reason why discovery could not proceed with regards to the remaining parties and witnesses who are not subject to a DOJ investigation, such as the Plaintiffs, the sheriff deputy percipient witness to the shooting, the responding medical personnel and the medical examiner.

## II.   LEGAL STANDARD

The Court has discretion to stay civil proceedings in favor of criminal proceedings "'when the interests of justice seem to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *United States v. Kordel*, 391 U.S. 1, 12 n. 27 (1970)). "The Ninth Circuit has held that a stay of civil proceedings pending the outcome of 'parallel criminal proceedings' is not required by the Constitution." *Ancier v. Egan*, 2015 WL 12684466, at *1 (D. Haw. Mar. 31, 2015) (citing *Fed. Sav. & Loan Ins. Corp. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)); see also *Keating*, 45 F.3d at 324, 326 ("The Constitution does not ordinarily require a stay

of civil proceedings pending the outcome of criminal proceedings.") (internal citations omitted). In deciding whether to grant a stay, a court considers "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324. A court also considers the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 325. Courts apply the *Keating* analysis even when the party seeking the stay has not been indicted. See *Molinaro*, 889 F.2d at 903; *Wroth v. City of Rohnert Park*, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018). However, "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" *Molinaro*, 889 F.2d at 903 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)).

Courts also apply the *Keating* analysis when a party seeks to stay discovery in light of an actual or potential parallel criminal proceeding. *Estate of Lopez v. Suhr*, 2016 WL 1639547, at *5 (N.D. Cal. Apr. 26, 2016) ("When a discovery stay is sought in light of an actual or potential parallel criminal proceeding, the Court frames its analysis of whether Defendants have met their "heavy burden" under Rule 26(c) using the framework set forth in *Keating*.").

### III.   ARGUMENT

Defendants seek a stay of all the discovery because Deputy Fuller "will affirmatively invoke his Fifth Amendment right against self-incrimination and not

provide any additional testimony until the investigation by the DOJ has concluded" and that the defense would "be unable to adequately prepare for trial and establish their claims and defenses". (Motion at 5).

In its discretion, the Court may issue a stay of civil proceedings during the pendency of criminal matters whenever "the interests of justice . . . require such action." *Keating*, 45 F.3d at 324. When deciding whether the interests of justice require a stay, courts typically weigh six factors. *Id*. at 325. After considering each of the *Keating* factors, the Court should determine that a stay is not warranted.

### A.     Extent Which Fifth Amendment Interests are Implicated

Defendants argue that, without a stay, Deputy Fuller's Fifth Amendment rights may be implicated during the DOJ investigation even in the absence of an indictment, and that the defense will not be able to "meaningfully participate in the discovery process" and "unable to adequately advance this litigation". (Motion at 6).

"While a defendant in a criminal case may constitutionally assert [his] Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). Nonetheless, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. Although a defendant's Fifth Amendment right is "an important consideration, 'it is only one consideration to be weighed against others.'" *Sec. & Exch. Comm'n v. Braslau*, 2015 WL 9591482, at *2 (C.D. Cal. Dec. 29, 2015) (quoting *Keating*, 45 F.3d at 326).

Here, Fuller has not been indicted. As such, Defendants "provide no evidence to suggest [Fuller's] prosecution is imminent," and thus that further discovery in this matter would imperil his right against self-incrimination. *Marshall v. Galvanoni*, 2019 WL 2552167, at *3 (E.D. Cal. June 20, 2019). "The case for staying civil proceedings is

'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" *Molinaro*, 889 F.2d at 903; see also *S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned."). Applying *Keating* and subsequent Ninth Circuit precedent, courts in the Central District rarely grant stays in the instant procedural posture. See, e.g., *Estate of Morad*, 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017) (observing that "*Keating* stays are rarely, if ever, granted where no indictment has yet been returned" and rejecting request for 120-day stay in wrongful death / excessive force case); *Perez v. Cty. of Los Angeles*, 2016 WL 10576622, at *3 (C.D. Cal. May 3, 2016) ("In essence, Defendants ask the Court to permit any investigation by the DA's office regarding the possibility of bringing criminal charges against an officer to stay civil litigation arising out of that officer's conduct. The Court finds no basis in either law or reason to create such a rule*.*"); *Herd v. Cty. of San Bernardino*, 2018 WL 5816175, at *2 (C.D. Cal. Sept. 17, 2018) (given that the San Bernardino County DA's office investigates all officer-involved shootings, finding "no basis in either law or reason to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers"); *Carlson v. City of Redondo Beach*, 2020 WL 7714699, at *2-3 (C.D. Cal. Dec. 29, 2020) (in police shooting case, where Defendants made no showing that the criminal investigation is "wrapping up" or "an indictment is likely to come soon," finding it "speculative" that Fifth Amendment rights would be implicated due to a "possibility" of criminal charges being brought); *Vargas v. Cty. of Los Angeles*, 2019 WL 6655269, at *2-3 (C.D. Cal. July 10, 2019) (in pre-indictment excessive force /wrongful death case, finding Defendants "have real but not overwhelming Fifth Amendment interests" that must be balanced against the other factors and proceeding to deny request for stay); *Lindsey v. City of Pasadena*, 2017 WL 5891097, at *3 (C.D. Cal.

March 24, 2017) (in excessive force / wrongful death case, without any evidence that criminal charges are imminent or any findings from investigating agency that Defendants acted unlawfully, holding there is no substantial interference with Fifth Amendment rights and denying request for four-month stay); *Christian v. Rutkowski*, 2015 WL 5456600, at *2 (C.D. Cal. Sept. 17, 2015) (denying request for stay in officer-involved shooting case, finding no substantial interference with Fifth Amendment rights absent any evidence that criminal charges were imminent or that any investigating agency had found the officer had acted unlawfully).

Where, as here, Defendants do not provide evidence from any investigating agency that suggests any officer acted unlawfully or that criminal charges are likely or imminent, courts in this District routinely find that the burden to grant a stay has not been met. See, e.g., *Morad*, 2017 WL 5187826; *Herd*, 2018 WL 5816175; *Vargas*, 2019 WL 6655269; *Lindsey*, 2017 WL 5891097; *Perez*, 2016 WL 10576622. Further, as the CA DOJ explains on the website Defendants reference, it is "required to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state" pursuant to California Assembly Bill 1506. Current Cases, CA Dep't Just., https://oag.ca.gov/ois-incidents/current-cases (last visited Dec. 28, 2023). CA DOJ "will investigate and review for potential criminal liability all such incidents." Id. Given that the CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to "create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers." *Herd*, 2018 WL 5816175, at *2. "The Court finds no basis in either law or reason to create such a rule." *Perez*, 2016 WL 10576622, at *3.

Accordingly, the Court should conclude that the threat to Defendants' Fifth Amendment rights is "remote" and that "Defendants have real but not overwhelming Fifth Amendment interests that must be considered in light of the other *Keating*

factors[.]" *Vargas*, 2019 WL 6655269, at *2-3. The first *Keating* factor thus only slightly favors a stay.

### B. Plaintiffs' Interest in Proceeding Expeditiously

The second *Keating* factor asks the Courts to weigh the Plaintiffs' interest in proceeding expeditiously and the potential prejudice to Plaintiffs if a stay is issued. *Keating*, 45 F.3d at 325. Here, Plaintiffs, like all civil plaintiffs, have an "interest in having [their] case resolved quickly." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014). Plaintiffs' interest in timely proceedings goes beyond a general interest in resolving their claims expeditiously. First off, Plaintiff Mr. Sostek is ninety-one years old and any significant delay may result in Plaintiff never getting his day in court due to his advanced age.

Defendants further argue that Plaintiffs will not suffer prejudice as the proposed stay. (Motion at 5.). However, Plaintiffs will be prejudiced because Mr. Sostek's advanced age and a stay threatens Plaintiffs ability to secure evidence, witnesses may relocate and memories may fade. See, e.g., *Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) (finding that delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (holding that unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale"); *Sw. Marine, Inc. v. Triple a Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (noting that as civil cases are delayed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end"); *Vargas*, 2019 WL 6655269, at *3 (finding that delay "inherently increase[s] the risk that witnesses' memories will fade and evidence will become stale"). In an officer-involved shooting case like this one, the testimony of a small number of eyewitnesses may be critical; over

the indefinite period that Defendants seek to stay the case, witnesses' memories will surely fade somewhat, prejudicing Plaintiffs. Here, Plaintiffs' case will rely on the testimony of very few eyewitnesses, including a sheriff's deputy witness (non-shooter) whom Defendants have produced an interview, and Fuller himself, who Plaintiffs seek to depose. As time passes, the non-shooting deputy witness and Fuller's memories and reliability will degrade. See *Morad*, 2017 WL 5187826, at *8 ("From the Complaint, it appears that Plaintiffs' case relies strongly on the memories and impressions of bystanders who watched Officer Hernandez's interactions with Morad. Those memories likely have already begun to degrade and will only degrade further with the passage of time. Plaintiffs' ability to prosecute the action thus requires the litigation to move forward in a reasonably efficient manner.").

It should be noted that Defendants' Motion seeks what amounts to an indefinite, potentially prolonged stay by requesting that the Court stay discovery completely until the CA DOJ concludes its criminal investigation. However, in this district, indefinite stays are disfavored. See *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). Further, the Defendants have been unable to secure a timeline from the DOJ itself and it is not uncommon for these investigations take approximately two years to complete, which usually resulting with no criminal charges being filed against the shooting officer(s). The Court should find that this *Keating* factor strongly cuts against a stay.

### C. Burden on Defendants

The next factor for the Court to consider is the burden on Defendants in the absence of a stay. *Keating*, 45 F.3d at 325. Defendants argue that Fuller's Fifth Amendment interests, also the inability to conduct discovery and further litigate the case imposes a significant burden on them. However, since Defendant Fuller has not been indicted and since there is no evidence that criminal charges will be filed against

Deputy Fuller imminently, there is no significant burden on Defendants if their request for a stay is not granted. Further, there is no reason that discovery could be conducted against those who do not have Fifth Amendment interest at issue such as percipient witnesses, responding medical personnel, the Plaintiffs and the medical examiner. It does not make sense that no discovery should be conducted during the CA DOJ investigation, which could take a few years to complete.

### D. Convenience of the Court and Efficient Use of Judicial Resources

The fourth *Keating* factor assesses whether a stay would be convenient to the Court and help conserve judicial resources. *Keating*, 45 F.3d at 325. "Courts have recognized that the [fourth] *Keating* factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'" *Stratos*, 22 F. Supp. 3d at 1047 (quoting *Molinaro*, 889 F.2d at 903); see also *Gen. Elec. Co. v. Liang*, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) ("[T]his factor typically weighs against the granting of a stay"). "This is particularly so where-as here-no indictment has been returned and there is no way to predict when the criminal investigation will end." *Liang*, 2014 WL 1089264, at *6 (internal quotations, bracket and citation omitted).

Defendants argue that they may be unable to fully participate in the defense of the civil matter while the CA DOJ investigation is pending and that the parties would be greatly burdened by Deputy Fuller invoking his Fifth Amendment rights with regards to any attempted discovery, which could not be resolved until after the criminal investigation is complete. However, courts routinely reject these arguments on analogous facts. See, e.g., *eBay, Inc. v. Digital Point Sols., Inc.*, 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010) ("[T]he extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges actually are pending"); *Mendez v. City of Gardena*, 2014 WL 12802931, at *5 (C.D. Cal. May 30, 2014) ("Although the denial of a stay in this action could lead to the filing of some motions

that might not be necessary if a stay were granted . . . defendants have not argued or shown a likelihood that such motions will proliferate absent a stay. Moreover, a stay would merely postpone the necessity for filing other discovery motions, such as those asserting privileges that are not dependent on the pendency of a criminal investigation or criminal prosecution.").

Here, delaying this matter with a prolonged stay would impair the Court's ability to manage its docket. Absent an indictment, any benefits to judicial efficiency are uncertain at best. Therefore, the Court should find that the fourth *Keating* factor weighs against a stay.

### E.   Interests of Non-Parties and the Public

The fifth and sixth *Keating* factors are the interests of non-parties and the public in obtaining a stay. *Keating*, 45 F.3d at 325. As to non-parties, Defendants argue that the "non-party DOJ" would be assisted by allowing them time to complete their investigation without this civil action "which could interfere with the DOJ investigation." (Motion at 7). As to the public, Defendants argue that the public has a strong interest in staying this litigation "because Defendants serve a compelling public interest by providing public services to the general public". (Motion at 7). However, this argument is unpersuasive.

Defendants' arguments are unpersuasive. Many courts adopt the reasoning which finds that the public interest is best served by the speedy resolution of civil rights cases such as this one, especially when the case has "received attention from both the public and the media." *Morad*, 2017 WL 5187826, at *9. "It is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done." *Id*. "Although the public also has an interest in the progress of criminal investigations, '[i]t is hard to see why the indirect societal interest in bringing to justice the perpetrators of crimes should ever take precedence over the direct interest

of the victims of crimes to obtain redress for their losses.'" *Herd*, 2018 WL 5816175, at *4 (quoting *Int'l Bus. Machines Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994)). "This is especially true considering no criminal charges have been filed at this time or any indication that such is likely." *Id*. Moreover, the Court should be confident that sufficient safeguards, such as a protective order, can be put in place to shield sensitive information from disclosure to the public and protect the constitutional rights of Defendants. Therefore, the final *Keating* factors weigh against a stay.

In sum, the totality of the *Keating* factors counsel against the issuance of a stay. Two of the six factors, even viewed in the light most favorable to Defendants, only slightly favor a stay. The other four cut against it, some strongly. Thus, a stay is not currently warranted, and the Court should deny the Motion.

## IV.   CONCLUSION

For the reasons above stated, the Court should deny Defendants' Motion for in its entirety. In the alternative, any discovery stay should be limited only to Defendant Fuller and not apply to any other witnesses or parties.

Respectfully submitted,

Dated:  April 15, 2024         By           */s/ Eric Valenzuela*
                                      Eric Valenzuela
                                      Attorneys for Plaintiffs