UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>                Defendants. | Case No. 5:23-cv-02236-MRA-MRW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS [ECF 39]** |

Before the Court is Defendants' Motion for Stay of Proceedings (the "Motion") pending a criminal investigation into Defendant Samuel Fuller. ECF 39. On April 8, 2024, the Court vacated the hearing previously noticed for August 1, 2024, and ordered that the Motion would be taken under submission upon Plaintiffs' filing of a response no later than April 15, 2024. ECF 43. Plaintiffs timely opposed the Motion. ECF 44. The Court has read and considered the parties' moving papers and finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 75-1. For the reasons stated herein, the Court hereby **DENIES** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2023, Plaintiffs Gale and Herb Sostek, individually and as successors-in-interest of Kyle Sostek, deceased, filed this action against Defendant County of San Bernardino ("County Defendant") and Does 1-10. ECF 1 (Compl.). On March 13, 2024, with leave of the Court, Plaintiffs filed a First Amended Complaint ("FAC"), naming Defendant Samuel Fuller as Doe 1. ECF 33 (FAC).

In the operative FAC, Plaintiffs allege that Fuller, a county sheriff's deputy, *id.* ¶ 6, shot the decedent, Kyle Sostek, on March 12, 2023, in Sugarloaf, an unincorporated area in Big Bear, California, within the County of San Bernardino, *id.* ¶¶ 17-18. Plaintiffs state that the decedent was unarmed. *Id.* ¶ 19. Decedent suffered serious physical injury. *Id.* ¶¶ 18, 20. Plaintiffs claim that Fuller failed to timely summon medical attention. *Id.* ¶ 20. Decedent thereafter succumbed to his injuries. *Id.* ¶ 19. On these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983, state tort law, and the Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶¶ 22-75.

On April 3, 2024, Defendants County of San Bernardino and Samuel Fuller filed the instant Motion (ECF 39), in addition to an Answer to the FAC (ECF 38). In support of their Motion, Defendants submitted a Declaration of Counsel (ECF 40) and a Request for Judicial Notice[1] (ECF 41). Fuller is under active criminal investigation by the California

---

[1] Defendants request judicial notice of two exhibits: (1) a screenshot of the California Department of Justice ("CA DOJ") webpage and (2) the parties' Joint Case Management Statement (ECF 36, "JCMS"). ECF 41. Plaintiffs have not objected to the request. *See* ECF 44. Federal Rule of Evidence 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)). Even if not subject to reasonable dispute, "an irrelevant fact cannot be classified as an adjudicative fact for purposes of Rule 201." *Waterkeeper v. Clay*, No. 18-CV-00333-DOC-DFM, 2023 WL 6787811, at *2 (C.D. Cal. Aug. 25, 2023). Information contained on a government's website is the appropriate subject of judicial notice. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice

Department of Justice ("CA DOJ"). ECF 40 (Decl.) ¶ 4; ECF 41-1 at 7. In connection with the investigation, Fuller has retained criminal counsel, who informed Counsel for Defendants that Fuller will invoke his Fifth Amendment privilege against self-incrimination in this matter while the CA DOJ investigation is ongoing. ECF 40 ¶ 5.

## II. LEGAL STANDARD

A court has discretion to stay civil proceedings in favor of criminal proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citation omitted). In deciding whether to grant or deny a stay, a court must first evaluate "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Id.* (quoting *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). In addition, a court considers the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324-25 (quoting *Molinaro*, 889 F.2d at 903).

Courts employ the *Keating* analysis even when the party seeking the stay has not been indicted. *See Molinaro*, 889 F.2d at 903.

---

of information on the websites of two school districts because the information was "made publicly available by government entities"). Since the parties do not dispute the authenticity of the CA DOJ website or the information displayed therein, the Court takes judicial notice of the information on the CA DOJ webpage. *See* ECF 41-1. The parties' JCMS, however, contains only information that is either irrelevant, non-factual, or otherwise duplicative of Defendants' moving papers. Since the JCMS is not "of consequence in determining the action," *see* Fed. R. Ev. 401(b), the Court declines to take judicial notice of its contents.

## III. DISCUSSION

Defendants seek a stay of all proceedings in this matter pending conclusion of the CA DOJ investigation into Fuller. ECF 39 at 3. Defendants state that the California Department of Justice ("CA DOJ") is actively investigating Fuller in connection with the underlying lethal force encounter. *Id.* Fuller intends to invoke his Fifth Amendment privilege against self-incrimination in this matter until the CA DOJ has concluded its investigation. *Id.* Defendants contend that because only Fuller can testify to facts relevant to Plaintiffs' constitutional claims, all proceedings should be stayed to avoid prejudice and in the interest of judicial economy. *Id.* In response, Plaintiffs argue that a stay of all proceedings is not warranted because the CA DOJ investigation "could take years to conclude," Fuller has not been indicted, and there is no evidence that prosecution is imminent. ECF 44 at 2. Plaintiffs request in the alternative that the Court stay only discovery with respect to Fuller. *Id.* Defendants argue that a stay as to Fuller alone would not cure the risk of prejudice. ECF 39 at 3.

Applying the *Keating* factors, the Court finds that Defendants have not met their burden to show a stay is warranted.

### A. The Extent to Which Fifth Amendment Interests Are Implicated

The Court first considers the extent to which Fuller's Fifth Amendment rights are implicated. *See Keating*, 45 F.3d at 324. Defendants assert that Fuller intends to affirmatively invoke his Fifth Amendment privilege for the duration of this action, until the CA DOJ investigation has concluded, because the civil case and ongoing criminal investigation involve the same underlying lethal force encounter. ECF 39 at 3; ECF 40 ¶¶ 4-5. Plaintiffs argue that absent an indictment or evidence that criminal charges are imminent, Fuller's Fifth Amendment rights are only remotely implicated. ECF 44 at 5-6.

"While a defendant in a criminal case may constitutionally assert [his] Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). Nevertheless, "[t]he Constitution does not

ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating*, 45 F.3d at 324. Indeed, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* at 326. Although there may be "a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both [civil and criminal] cases," *Roberts v. Brown*, No. 13-CV-07461-ODW, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014), "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.3d at 903.

The Court recognizes that there is likely to be significant overlap between the allegations in Plaintiffs' FAC and any criminal charges that Fuller might face should he be indicted. However, Fuller has not been indicted, nor have Defendants alleged that criminal charges are imminent. There is no evidence that the CA DOJ has made any adverse findings against Fuller, that it is close to completing their investigation, or that the agency intends to charge him.

Courts in this district have denied stays in the instant procedural posture, where no indictment has been filed and there are no indications that criminal charges are imminent. *See, e.g., A.H. v. Cnty. of San Bernardino*, No. EDCV 23-1028-JGB-SHK, 2023 WL 9646224 (C.D. Cal. Dec. 28, 2023) (denying a stay of discovery as to defendant under investigation where defendant had not been indicted, and defendants provided no evidence that charges are likely or imminent); *Vargas v. Cnty. of Los Angeles*, No. 19-CV-3279-PSG-AS, 2019 WL 6655269, at *3 (C.D. Cal. July 10, 2019) (denying stay request upon finding that prior to indictment, defendants "have real but not overwhelming Fifth Amendment interests" that must be balanced against the other factors); *Herd v. Cnty. of San Bernardino*, No. EDCV 17- 02545-AB-SP, 2018 WL 5816175, at *2 (C.D. Cal. Sept. 17, 2018) (finding a stay of discovery inappropriate where defendants had yet to be criminally charged and had offered no evidence that criminal charges are likely); *Est. of Morad v. City of Long Beach*, No. 16-CV-06785-MWFA-JW, 2017 WL 5187826, at *9

(C.D. Cal. Apr. 28, 2017) (rejecting request for a 120-day stay of discovery as to defendant under investigation because no indictment was forthcoming and any prejudice to defendant "remain[ed] speculative"); *Lindsey v. City of Pasadena*, No. 16-CV-08602-SJO-RAO, 2017 WL 5891097, at *3 (C.D. Cal. March 24, 2017) (holding that absent an indictment or evidence that criminal charges are imminent, the court "cannot conclude that not staying this action would substantially interfere with Defendant's Fifth Amendment rights"); *Perez v. Cnty. of Los Angeles*, No. 15-CV-09585-SJO-FFM, 2016 WL 10576622, at *3 (C.D. Cal. May 3, 2016) (finding "no basis in either law or reason" for staying civil litigation based on the mere possibility of criminal charges being brought against the defendant).

Plaintiffs rightly point out that criminal investigations into officer-involved fatal shootings are a matter of course mandated by law. ECF 44 at 6. As the CA DOJ explains on its website, "[p]ursuant to California Assembly Bill 1506 (AB 1506), the [CA DOJ] is required to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state." ECF 41-1 at 2. "Given that the CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to 'create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers.'" *A.H.*, 2023 WL 9646224, at *4 (quoting *Herd*, 2018 WL 5816175, at *2). Defendants' position has "no basis in either law or reason," *Perez*, 2016 WL 10576622, at *3, and therefore is untenable.

Accordingly, the Court concludes that Fuller has "real but not overwhelming Fifth Amendment interests" that must be weighed against the *Keating* factors. *Vargas*, 2019 WL 6655269, at *2-3; *see also Keating*, 45 F.3d at 326 (describing the extent to which the defendant's Fifth Amendment rights are implicated as "only one consideration to be weighed against others").

B.   **Plaintiffs' Interest in Proceeding Expeditiously**

The Court turns to the first of the other *Keating* factors, which requires the Court to weigh Plaintiffs' interest in proceeding expeditiously and the potential prejudice to Plaintiffs if a stay is issued. *Keating*, 45 F.3d at 325. Plaintiffs contend that "[they], like

all civil plaintiffs, have 'an interest in having [their] case resolved quickly.'" ECF 44 at 7 (quoting *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)). Defendants acknowledge that Plaintiffs have an interest in expeditious resolution, but nonetheless argue that this interest is not served by having the case proceed while Fuller remains under investigation. ECF 39 at 5.

The Ninth Circuit has cautioned that "lengthy and indefinite stays place a plaintiff effectively out of court." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067-68 (9th Cir. 2007) (explaining that, as a general rule, "stays should not be indefinite in nature," but rather of "short, or at least reasonable, duration"). "Even if litigation may eventually resume, such stays create a danger of denying justice by delay." *Blue Cross*, 490 F.3d at 724 (citation and internal quotation marks omitted). In requesting a stay until the CA DOJ investigation has concluded, Defendants seek what amounts to an indeterminate, potentially prolonged stay. *See* ECF 39 at 3. Defendants make no attempt to even estimate the average length of a CA DOJ investigation. *Cf. A.H.*, 2023 WL 9646224, at *5 (expressing "little confidence" in defendants' assertion that a CA DOJ investigation will be completed soon, notwithstanding their estimate based on a review of the CA DOJ website that investigations take between 16 and 25 months to complete). Without any approximate timetable, the Court finds that the requested stay is in effect indefinite and therefore disfavored in this circuit.

In comparison to Defendants' disfavored request for an indefinite stay, Plaintiffs' interest in timely adjudication are significant and acute in this case. Plaintiffs explain that Plaintiff Herb Sostek is 91 years old, and due to his advanced age, "any significant delay may result in Plaintiff never getting his day in court." ECF 44 at 7. Plaintiffs further contend that the indefinite stay requested by Defendants threatens their ability to secure evidence as witnesses may relocate and memories may fade. *Id*. Their concerns evidence a significant risk of prejudice resulting from undue delay. *See Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) (finding that delay can "increase the danger of prejudice resulting

1  from the loss of evidence, including the inability of witnesses to recall specific facts, or the
2  possible death of a party"). Indeed, "[u]nnecessary delay inherently increases the risk that
3  witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*,
4  291 F.3d 639, 643 (9th Cir. 2002). This risk is especially pertinent in officer-involved
5  shooting cases, including the case at bar, where "the testimony of a small number of
6  eyewitnesses may be critical." *A.H.*, 2023 WL 9646224, at *4. Indeed, Plaintiffs argue
7  that their case relies on the testimony of a non-shooting sheriff's deputy who witnessed the
8  shooting and Fuller himself as the shooting officer. Approximately a year and two months
9  have already passed since the March 20, 2023, incident giving rise to this lawsuit. ECF 33
10 ¶ 17. The witnesses' "memories likely have already begun to degrade" and, over the
11 indefinite period that Defendants seek to stay this case, their memories "will only degrade
12 further." *Morad*, 2017 WL 5187826, at *8.

13     That Defendants seek to stay all proceedings, not just discovery as to Fuller, further
14 discounts Defendants' contention that Plaintiffs would not be prejudiced by the requested
15 stay. *See* ECF 39 at 5. As Plaintiffs aptly note, Defendants have provided no explanation
16 as to why discovery should not proceed with respect to the remaining parties and witnesses
17 who are not subject to the CA DOJ investigation, such as Plaintiffs, the sheriff's deputy
18 who witnessed the shooting, the responding medical personnel, and the medical examiner.
19 ECF 44 at 2. Even if Defendants narrowly tailored stay of only discovery as to Fuller and
20 only for a limited duration, such a limited stay may still prejudice Plaintiffs because their
21 claims depend upon Fuller's testimony. *See A.H.*, 2023 WL 9646224, at *5 (holding that
22 even if plaintiffs could conduct discovery against the county defendant, their claims depend
23 upon the constitutionality of the officer's use of force, and therefore rely on the officer's
24 deposition and related discovery). That Fuller intends to invoke his Fifth Amendment
25 privilege in response to any discovery requests does not preclude the Court from
26 determining the propriety of his invocation. *See* Section III.C., *infra*. "Plaintiffs' ability
27 to prosecute the action requires the litigation to move forward in a reasonably efficient
28 manner." *Morad*, 2017 WL 5187826, at *8. Yet evident from its limitlessness,

Defendants' request would assuredly "deny[] justice by delay," *Blue Cross and Blue Shield*, 490 F.3d at 724, and "result in prejudice to Plaintiffs who lack the knowledge of facts and evidence within Defendants' control," *Herd*, 2018 WL 5816175, at *3.

The Court thus finds that Plaintiffs' interests in proceeding expeditiously cut sharply against a stay.

### C. Burden on Defendants Without a Stay

The Court next considers the burden on Defendants in the absence of a stay. *Keating*, 45 F.3d at 325. Defendants argue that absent a stay, they will be "substantially burdened" if forced to litigate while Fuller is under investigation because they will be unable to prepare for trial, establish their claims or defenses, and meaningfully participate in the discovery process, or rely on Fuller's critical testimony. ECF 39 at 5-6. Plaintiffs argue that since Fuller has not been indicted and there is no evidence to suggest he will be criminally charged, Defendants are not significantly burdened. ECF 44 at 8-9.

The Court recognizes that the decision between giving testimony in a civil case or preserving one's Fifth Amendment privilege "may be difficult, . . . it does not create the basis for a stay." *Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1384, 1389 (C.D. Cal. 1994) (internal quotation marks and citation omitted); *see also Keating*, 45 F.3d at 326 (observing that "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege"). As the Ninth Circuit explained in *Keating*, "[i]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." 45 F.3d at 324 (citation omitted). Where criminal charges have yet to be filed and there are no indications that an indictment is forthcoming, any prejudice to Fuller "remains speculative." *Morad*, 2017 WL 5187826, at *9. If Fuller invokes the Fifth Amendment, as he intends, the Court may take measures to limit any prejudice and determine the propriety of his invocations and any adverse inferences drawn from such invocations. *See id.* (explaining that alternative procedures may protect the defendant under investigation from undue prejudice).

Accordingly, the Court finds that the burden on the Defendants only slightly favors a stay.

### D. Efficient Use of Judicial Resources

The Court next evaluates whether a stay would serve the interest in judicial economy. *See Keating*, 45 F.3d at 325. Defendants argue that absent a stay, the parties would be required to proceed without the testimony of Fuller, and therefore would be unable to adequately advance this litigation. ECF 39 at 6. In their view, the interest of judicial economy is best served by avoiding the "fruitless task of litigat[ing]" without Fuller's testimony. *Id.* Plaintiffs contend that the indeterminate stay requested by Defendants would impair the Court's ability to manage its docket, and absent an indictment, any benefits to judicial efficiency are uncertain at best. ECF 44 at 9-10.

The interest in judicial economy "normally does not favor a stay, because 'the court has an interest in clearing its docket.'" *ESG Capital*, 22 F. Supp. 3d at 1047 (quoting *Molinaro*, 889 F.2d at 903). "This is particularly so where—as here—no indictment has been returned and there is no way to predict when the criminal investigation will end." *Gen. Elec. Co. v. Liang*, No. 13-CV-08670-DDP-VBK, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (citation and internal quotation marks omitted).

Defendants contend that they will be "denied the ability to be full and vigorous participants [in this litigation] in light of the [CA] DOJ investigation." ECF 39 at 6. But as the court in *Herd* explained, "Defendants will have to defend against these charges regardless of whether any criminal charges are ultimately filed, as a determination of the hypothetical criminal case would not dispose of this action." 2018 WL 4816175, at *3. Although Defendants do not argue that a stay would avoid duplicative resolution of common issues or arduous discovery disputes, Plaintiffs note that such arguments have been routinely rejected where criminal charges have yet to be filed. ECF 44 at 9-10; *see eBay, Inc. v. Digital Point Sols., Inc.*, 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010) ("[T]he extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges actually are pending"); *Mendez v. City of Gardena*,

2014 WL 12802931, at *5 (C.D. Cal. May 30, 2014) ("Defendants have not argued or shown a likelihood that . . . motions will proliferate absent a stay. Moreover, a stay would merely postpone the necessity for filing other discovery motions, such as those asserting privileges that are not dependent on the pendency of a criminal investigation.").

The Court finds that a stay would not promote the efficient use of judicial resources. *See A.H.*, 2023 WL 9646224, at *7 ("Absent an indictment, any benefits to judicial efficiency are uncertain at best.") As such, the interest in judicial economy weighs against a stay.

### E.     The Interest of Non-Parties

Defendants argue that a stay would benefit the CA DOJ, as a non-party, by allowing it to complete their criminal investigation into Fuller "without having to juggle his participation in this action which could interfere with the [CA] DOJ investigation." ECF 39 at 7. Yet Defendants fail to explain how Fuller's involvement in the instant proceedings would interfere with the investigation into the underlying incident. Moreover, any potential for civil proceedings to interfere with criminal proceedings is minimal where, as here, criminal charges have yet to be filed, and there is no evidence that they are imminent. *See Perez*, 2016 WL 10576622, at *4 ("Although the public has a countervailing interest in ensuring that the criminal process can proceed untainted by civil litigation, this interest is minimal where, as here, there is no evidence that criminal charges will ever be brought.").

The Court is not persuaded by Defendants' argument, and therefore finds this factor to be neutral.

### F.     The Interest of the Public

The final *Keating* factor evaluates the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 325. Defendants concede that this case is "a matter of great public importance," but nevertheless assert a stay is needed to ensure that this matter is "fully and fairly litigated" consistent with the public interest. *Id.* Plaintiffs argue that the public interest rests with the speedy resolution of civil cases, particularly in a civil

rights case involving alleged police misconduct that has received public attention. ECF 44 at 10-11.

Plaintiffs' argument finds significant support in the case law. Numerous courts have concluded that the public interest generally favors the expeditious resolution of cases on their merits. *See, e.g., A.H.*, 2023 WL 9646224, at *7; *Herd*, 2018 WL 5816175, at *4; *Morad*, 2017 WL 5187826, at *9; *Perez*, 2016 WL 10576622, at *4. "It is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done." *Morad*, 2017 WL 5187826, at *9. "Although the public also has an interest in the progress of criminal investigations, '[i]t is hard to see why the indirect societal interest in bringing to justice the perpetrators of crimes should ever take precedence over the direct interest of the victims of crimes to obtain redress for their losses.'" *Herd*, 2018 WL 5816175, at *4 (quoting *Int'l Bus. Machs. Corp.*, 857 F. Supp. at 1391). "This is especially true considering no criminal charges have been filed at this time or any indication that such is likely." *Id.*

Accordingly, the Court finds that the final *Keating* factor weighs against a stay.

///
///
///
///
///

## IV. CONCLUSION

The Court finds that, absent evidence that Fuller has been criminally charged or an indictment is imminent, Fuller's Fifth Amendment rights are real, but not overwhelmingly implicated by the instant case. Weighed against the additional *Keating* factors, this interest does not warrant a stay of proceedings in this case. Whereas judges in this district have rejected even stays limited to discovery as to the defendant under criminal investigation, Defendants request a sweeping stay of *all* proceedings—including *all* discovery—in this matter for an indeterminate period until the CA DOJ concludes its criminal investigation into Fuller. Defendants have not made any concrete showing that the interests of justice require such extraordinary action. Therefore, Defendants' Motion for Stay of Proceedings is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 30, 2024

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE