Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-02236-MRA (MRWx) <br><br> **EX-PARTE APPLICATION TO MODIFY SCHEDULING ORDER FOR PURPOSE OF HEARING DEFENDANTS' RENEWED MOTION TO STAY** <br><br> *[Filed concurrently with Declaration of Michelle R. Prescott in Support of Ex Parte Application]* <br><br> Trial Date:        January 28, 2025 |

DEFENDANTS, COUNTY OF SAN BERNARDINO and SAMUEL FULLER ("Defendants") hereby make this *ex parte* application for an order to modify the scheduling order to allow hearing on Defendants' renewed Motion to Stay after the motion cut off date of November 15, 2024.

*Ex parte* relief is warranted because without the Motion to Stay, the PLAINTIFFS HERB SOSTEK and GALE SOSTEK ("Plaintiffs") have indicated that they will weaponize Defendant Samuel Fuller's invocation of his Fifth Amendment right against self-incrimination, leaving the Defendants irreparably harmed and unable to properly defend Plaintiffs' claims in this lawsuit.

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, Declaration of Michelle R. Prescott, exhibits attached thereto

and other such evidence and argument that may be presented to the Court at the hearing of this application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Defendants are seeking *ex parte* relief to modify the scheduling order to hear their renewed Motion to Stay after the current cut off of November 15, 2024.

This matter arises out of a use of force encounter between Defendants and DECEDENT KYLE SOSTEK ("Decedent") on March 12, 2023. Plaintiffs, as the Decedent's successors-in-interest filed their Complaint in this matter on October 3, 2023 alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution.

On April 3, 2024, Defendants moved to stay the proceedings on the grounds that the ongoing criminal investigation into Deputy Fuller by the California Department of Justice ("DOJ") would preclude Defendants from properly mounting a full and fair defense in this civil action. (Dkt. 39.)

On May 30, 2024, Defendants' Motion was denied. In denying the Motion the Court wrote:

> "[I]f Fuller invokes the Fifth Amendment, as he intends, the Court may take measures to limit any prejudice and of his invocations and any adverse inferences drawn from such invocations. *See id.* (explaining that alternative procedures may protect the defendant under investigation from undue prejudice)." (Dkt. 46, p. 9.)

On September 18, 2024, Deputy Fuller's deposition was taken. Based on his attorneys' instructions, Deputy Fuller declined to answer questions about the subject incident and the events occurring before the incident as to his knowledge about the Decedent by invoking his Fifth Amendment right under the Constitution. (Declaration of Michelle R. Prescott ("Prescott Decl.") ¶ 3)

On October 14, 2024, additional documents were received from the DOJ

2

4895-1509-5549.1 SBD-00021    EX-PARTE APPLICATION TO MODIFY SCHEDULING ORDER FOR PURPOSE OF HEARING DEFENDANTS' RENEWED MOTION TO STAY; DECLARATION OF MICHELLE PRESCOTT

regarding this matter. (Prescott Decl. ¶ 4, **Exhibit A**)

The DOJ documents were produced after the discovery cut off. Defense counsel immediately sent them to Plaintiffs' counsel and asked to stipulate to be able to allow experts to rely on the documents. Plaintiffs' counsel has not agreed to allow the use of these documents. (Prescott Decl. ¶ 5)

After thoroughly reviewing these documents, Defendants decided to renew their motion to stay because it became clear that their defense in this matter would be hindered by Deputy Fuller's invocation of the Fifth Amendment and the speed of the DOJ's investigation of this incident. (Prescott Decl. ¶ 6)

On November 8, 2024, Defendants counsel attempted to meet and confer with Plaintiffs' counsel, but Plaintiffs' counsel was unable to meet and confer until November 13, 2024, necessitating this *ex parte* application (Prescott Decl. ¶ 7, **Exhibit B**)

## II. NOTICE TO OPPOSING COUNSEL

On November 20, 2024 at approximately 4:00 p.m., Defendants' counsel reached out via telephone and sent an email to Plaintiff's Counsel regarding this *ex parte* application to inquire whether Plaintiff's counsel would stipulate. (Prescott Dec. ¶ 8) Plaintiff's counsel responded stating they would oppose.

Based on the Court's Standing Order, the Court does not typically set *ex parte* matters for hearing. Plaintiff's Counsel is:

Law Offices of Dale K. Galipo

Dale K. Galipo, Esq.

Eric Valenzuela, Esq.

21800 Burbank Boulevard, Suite 310,

Woodland Hills, CA  91367

dalekgalipo@yahoo.com

evalenzuela@galipolaw.com

Ph**:** (818) 347-3333

### III. DEFENDANTS' DEFENSE WOULD BE IRREPARABLY HARMED WITHOUT THE MOTION TO STAY

Both Defendants would be irreparably harmed without a hearing on the Renewed Motion to Stay in these proceedings because without Deputy Fuller's testimony a full and fair defense for either Defendant is impossible. Only Deputy Fuller can explain what he knew and perceived about the subject incident. In order to understand the reasonableness of his actions it is imperative that he be able to testify about these facts. However, because the DOJ is actively investigating this matter, Deputy Fuller is left with an impossible choice between two horrible outcomes. He can ignore his attorneys' advice and waive his Fifth Amendment privilege, thereby risking a loss of personal liberties for any misstep in his testimony in his potential criminal case, or exercise his Constitutional right to invoke his Fifth Amendment privilege and risk financial ruin via punitive damages sought in the Plaintiffs' civil claim. Absent critical testimony from Deputy Fuller, Defendants are materially prejudiced and unable to adequately defend themselves in this action because the pending claims brought by Plaintiffs under the Fourth and Fourteenth Amendments necessarily require testimony from Deputy Fuller concerning his reasonable and objective beliefs about his safety and the threat posed by Decedent Sostek at the time of the lethal force encounter. Without Deputy Fuller's testimony, Defendants are irreparably harmed because they are unable to solicit testimony from Deputy Fuller to build their defense due to the ongoing DOJ investigation.

Further, Plaintiffs have expressed that they will use Deputy Fuller's lawful reliance on a Constitutional protection to inflict maximum prejudice upon both Defendants, asking the jury to infer Deputy Fuller's refusal to respond is an admission of wrongdoing. As Counsel stated at Deputy Fuller's deposition,

> "I have to advise you that you have a right not to answer certain questions under the Fifth Amendment if you so choose, but I want to make sure you understand this could be brought to the attention to the judge or jury in your

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

civil case. And there could be an adverse inference instruction given to the jury that you didn't answer questions, and the jury can make of that what they want. But I just want to make sure you have a general understanding of that."

It is clear that Plaintiff intends to weaponize the California Department of Justice's search for justice in this matter by seeking an adverse inference instruction for the jury to view Deputy Fuller's invocation of the Fifth Amendment be viewed as an admission of wrong doing. This would be highly prejudicial to both Defendants and cause them irreparable harm which could only be prevented by a Stay in these proceedings.

## IV. THE COURT HAS DISCRETION TO MODIFY THE SCHEDULING ORDER AND GOOD CAUSE EXISTS TO DO SO

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F.Supp.2d 1023, 1030 (E.D. Cal. 2002). Federal Rule 16(b)(4) states that: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609.

In this matter, good cause exists because of the recent developments in this litigation. On October 14, 2024, the DOJ produced documents from their investigation. (Prescott Decl. 4, **Exhibit A**) Valuable information that will allow for justice in this matter continues to be revealed as the DOJ investigation continues such that justice would best be served in this matter by allowing the investigation to conclude before allowing these proceedings to go to trial.

Additionally, in spite of Defendants best efforts, Defendants were unable to comply with Local Rule 7-3 that requires that the Parties meet and confer at least seven days before the filing of a motion due to Plaintiffs' Counsel's inability to meet and confer. (Prescott Decl. ¶ 7, **Exhibit B**) Therefore, Defendants are without fault for their inability to timely file their Renewed Motion to Stay in this matter.

## V. CONCLUSION

For the aforementioned reasons, Defendants respectfully ask this Court to issue an order modifying the scheduling order for the purpose of hearing Defendants' Renewed Motion to Stay.

DATED: November 21, 2024      WESIERSKI & ZUREK LLP

By: *Michelle Prescott*
MICHELLE R. PRESCOTT
Attorneys for Defendants, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

4895-1509-5549.1 SBD-00021    EX-PARTE APPLICATION TO MODIFY SCHEDULING ORDER FOR PURPOSE OF HEARING DEFENDANTS' RENEWED MOTION TO STAY; DECLARATION OF MICHELLE PRESCOTT