Christopher P. Wesierski [Bar No. 086736]
 *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
 *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-02236-MRA (MRWx)<br><br>**DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER FOR PURPOSE OF HEARING DEFENDANTS RENEWED MOTION TO STAY**<br><br>[Filed concurrently with Ex Parte Application to Modify Scheduling Order]<br><br>Trial Date:    January 28. 2025 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**DECLARATION OF MICHELLE R. PRESCOTT**

I, Michelle R. Prescott, declare:

1.    I am an attorney at law licensed to practice before all the courts of the State of California and am a senior partner with Wesierski & Zurek LLP, counsel of record for DEFENDANTS.

2.    The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true.  If called as a witness, I could and would competently testify to these facts.

3.    On September 18, 2024, Deputy Fuller's deposition was taken. Based on his attorneys' instructions, Deputy Fuller declined to answer questions about the subject incident and the events occurring before the incident as to his knowledge about the Decedent by invoking his Fifth Amendment right under the Constitution.

4.    On October 14, 2024, additional documents were received from the DOJ regarding this matter. Attached hereto is a true and correct copy of the email noting the receipt of documents from the DOJ marked as **"Exhibit A"**

5.    The DOJ documents were produced after the discovery cut off. Defense counsel immediately sent them to Plaintiffs' counsel and asked to stipulate to be able to allow experts to rely on the documents. Plaintiffs' counsel has not agreed to allow the use of these documents.

6.    After thoroughly reviewing these documents, Defendants decided to renew their motion to stay because it became clear that their defense in this matter would be hindered by Deputy Fuller's invocation of the Fifth Amendment and the speed of the DOJ's investigation of this incident.

7.    On November 8, 2024, Defendants counsel attempted to meet and confer with Plaintiffs' counsel, but Plaintiffs' counsel was unable to meet and confer until

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

November 13, 2024, necessitating this *ex parte* application. Attached hereto is a true and correct copy of email correspondence between counsel in attempt to meet and confer as **"Exhibit B"**

8.    Attached hereto as **Exhibit "C"** is a true and correct copy of Defendants' renewed Motion to Stay which Defendants for which Defendants seek *ex parte* relief to have heard after the current motion cut-off date of November 15, 2024.

9.    On November 20, 2024, Defendants' counsel reached out via telephone and sent an email to Plaintiff's Counsel regarding this *ex parte* application to inquire whether Plaintiff's counsel would stipulate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 20th day of November, 2024, at Lake Forest, California.

_____
Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

# EXHIBIT "A"

I2092683-1 PERS-0662

**Sierra Frazier**

| | |
|---|---|
| **From:** | Michelle R. Prescott |
| **Sent:** | Monday, October 14, 2024 6:48 PM |
| **To:** | evalenzuela@galipolaw.com; Leslie De Leon; Sierra Frazier |
| **Cc:** | Christopher Wesierski; Kaitlyn Zendejas; Adam O'Shea |
| **Subject:** | RE: Sostek v. County of San Bernardino |

Eric

We are still waiting for the GSR test results, but in the meantime the DOJ has just produced the following records:

- DOJ Physical Evidence Examination Report
- DOJ Physical Evidence Submission Form
- Photos of DOJ sealed evidence packages
- Possible phone extraction report
- FARO files
- Over 5,000 + files total

I know discovery is closed, so I would like to talk to you about these records and how we want to handle it.  Do you have time to discuss?  I'm tied up in mediation and depositions all week, but I may be able to take a break to discuss.  Let me know your availability.


Michelle R. Prescott, Esq.
**Wesierski & Zurek LLP**
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email mprescott@wzllp.com



Follow us on: 

Confidential Communication: Emails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. This communication and all attachments are confidential, in anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this communication and all attachments, in addition to all other protections afforded by law, including without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark laws. If you believe that you received this email in error, please do not read this email or any attached items. Please delete the email and all attachments, including any copies thereof, and inform the sender that you have deleted the email, all attachments and any copies thereof. Thank you.


**From:** evalenzuela@galipolaw.com <evalenzuela@galipolaw.com>
**Sent:** Tuesday, October 8, 2024 1:08 PM
**To:** Michelle R. Prescott <mprescott@WZLLP.COM>; Leslie De Leon <ldeleon@galipolaw.com>; Sierra Frazier <SFrazier@WZLLP.COM>
**Cc:** Christopher Wesierski <CWesierski@WZLLP.COM>; Kaitlyn Zendejas <kzendejas@WZLLP.COM>
**Subject:** RE: Sostek v. County of San Bernardino


**\*\*CAUTION: This email originated from outside of the organization.\*\***

EXHIBIT "B"

**Sierra Frazier**

| | |
|---|---|
| **From:** | Michelle R. Prescott <mprescott@WZLLP.COM> |
| **Sent:** | Friday, November 8, 2024 9:02 AM |
| **To:** | Leslie De Leon; evalenzuela@galipolaw.com; Christopher Wesierski; Sierra Frazier |
| **Cc:** | Kaitlyn Zendejas; dalekgalipo@yahoo.com |
| **Subject:** | RE: Sostek v. County of San Bernardino - Request to Meet and Confer Per Rule 7-3 |

Thank you, Leslie

Michelle R. Prescott, Esq.
**Wesierski & Zurek LLP**
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email mprescott@wzllp.com



Follow us on 📘📧📺💼🔗

Confidential Communication: Emails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. This communication and all attachments are confidential, in anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this communication and all attachments, in addition to all other protections afforded by law, including without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark laws. If you believe that you received this email in error, please do not read this email or any attached items. Please delete the email and all attachments, including any copies thereof, and inform the sender that you have deleted the email, all attachments and any copies thereof. Thank you.

**From:** Leslie De Leon <ldeleon@galipolaw.com>
**Sent:** Friday, November 8, 2024 9:01 AM
**To:** Michelle R. Prescott <mprescott@WZLLP.COM>; evalenzuela@galipolaw.com; Christopher Wesierski <CWesierski@WZLLP.COM>; Sierra Frazier <SFrazier@WZLLP.COM>
**Cc:** Kaitlyn Zendejas <kzendejas@WZLLP.COM>; dalekgalipo@yahoo.com
**Subject:** RE: Sostek v. County of San Bernardino - Request to Meet and Confer Per Rule 7-3

**\*\*CAUTION: This email originated from outside of the organization.\*\***

Good morning Ms. Prescott,

Mr. Valenzuela is out of the office today.  He will get back to you on Monday or Tuesday.

Thank you.

**Best Regards,**
**Leslie R. De Leon**

**Leslie R. De Leon, Litigation Assistant | The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: ldeleon@galipolaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The Law Offices of Dale K. Galipo and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case

**From:** Michelle R. Prescott <mprescott@WZLLP.COM>
**Sent:** Friday, November 8, 2024 8:47 AM
**To:** evalenzuela@galipolaw.com; Leslie De Leon <ldeleon@galipolaw.com>; Christopher Wesierski <CWesierski@WZLLP.COM>; Sierra Frazier <SFrazier@WZLLP.COM>
**Cc:** Kaitlyn Zendejas <kzendejas@WZLLP.COM>
**Subject:** RE: Sostek v. County of San Bernardino - Request to Meet and Confer Per Rule 7-3

Eric,
I am writing to request a 7-3 conference to discuss the Defendants' intention to file a renewed motion for stay.  In the order on our first motion, the court said: "If Fuller invokes the Fifth Amendment, as he intends, the Court may take measures to limit any prejudice and determine the propriety of his invocations and any adverse inferences drawn from such invocations.."

Since Fuller has invoked his Fifth we will renew our motion to stay.

I am available to discuss the proposed motion on the following dates/times:

Today, anytime between now and 10:30, and anytime after 1:00 p.m.
Monday, 11/11 anytime after 1:00 p.m.
Tuesday, 11/12 anytime between 8:00 a.m. and 9:30 p.m.
Wednesday, anytime after 3:00 p.m.

I am also available on Saturday or Sunday if that would work better for you.

Michelle R. Prescott, Esq.
**Wesierski & Zurek LLP**
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email mprescott@wzllp.com



Follow us on:

Confidential Communication: Emails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. This communication and all attachments are confidential, in anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this communication and all attachments, in addition to all other protections afforded by law, including without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark laws. If you believe that you received this email in error, please do not read this email or any attached items. Please delete the email and all attachments, including any copies thereof, and inform the sender that you have deleted the email, all attachments and any copies thereof. Thank you.

EXHIBIT "C"

Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-02236-MRA (MRWx) <br><br> **DEFENDANTS' RENEWED NOTICE AND MOTION TO STAY PROCEEDINGS** <br><br> *[Filed concurrently with Declaration of Michelle R. Prescott; Declaration of Steven Alvarado]* <br><br> Trial Date:        January 28, 2025 <br><br> Pursuant to Rule 7-3 the Parties met and conferred regarding the substance of this Motion on November 13. 2024. |

TO ALL PARTIES AND THE COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT on _____ Defendants COUNTY OF SAN BERNARDINO ("County") and SAMUEL FULLER ("Deputy Fuller") will move to Stay the Proceedings on the grounds that the ongoing criminal investigation into Deputy Fuller by the California Department of Justice ("DOJ") has precluded Defendants from properly mounting a defense in this ongoing civil action. Because of the ongoing investigation by the DOJ Deputy Fuller invoked his Fifth Amendment right against self-incrimination during his deposition in this matter.

Accordingly, Defendants County and Deputy Fuller have been unable to mount a full and fair defense in this action because of Deputy Fuller's inability to testify

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

about his objective beliefs concerning his own safety and the actions of Decedent Sostek. Such testimony is critical to determine if the excessive force claims levied against Defendants are meritorious. Because Deputy Fuller's objective beliefs at the time of the lethal force incident are critical to establish whether Decedent Sostek's civil rights were violated, both Defendants have experienced severe prejudice. The prejudice suffered by Deputy Fuller relying upon his Constitutional Right cannot be cured by a curative instruction at time of trial.

This Motion will be made and based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Michelle R. Prescott and Steven Alvarado, the pleadings and records on file with this Court, any evidence of which this Honorable Court may further take judicial notice prior to or at the hearing of this matter, and upon such oral and documentary evidence as may be presented at the hearing of this Motion.

This motion was filed following a meet and confer conference that occurred on November 13, 2024 in compliance with Central District, Local Rule 7-3. Plaintiffs' counsel indicated that they would oppose the Motion.

DATED: November ___, 2024          WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND STATEMENT OF FACTS ........................................5

   A. Defendants' First Motion to Stay ...........................................................5

   B. Deputy Fuller's Exercise of His Fifth Amendment Privilege ................5

   C. Renewed Motion to Stay ........................................................................6

II. LEGAL ARGUMENT .................................................................................7

       1. Plaintiffs Will Not Be Prejudiced by a Delay But Defendants Will Suffer Additional Prejudice if this Action is Not Stayed. ...............................................................................8

       2. Defendants Have Been Substantially Burdened By Being Forced to Litigate Blindly ........................................................9

       3. The Stay is in the Interest of Judicial Economy .........................10

       4. The Interests Of Persons Not Parties To The Civil Litigation Will Be Advanced by The Stay ...................................11

       5. The Public's Interests are In Favor of a Stay ..............................12

III. CONCLUSION ...........................................................................................14

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ancier v. Egan,*
5      2015 WL 12684466 (D. Haw. Mar. 31, 2015) ..............................................7

6

*Baxter v. Palmigiano,*
7      425 U.S. 308 (7th Cir. 1995)...........................................................................9

8

*Ebay, Inc. v. Digital Point Solutions, Inc.,*
9      2010 U.S. Dist. LEXIS 23253 (N.D. Cal. Feb. 25, 2010) ...............................9

10

*Griffin v. California,*
11      380 U.S. 609...................................................................................................9

12

*Hoffman v. United States,*
13      341 U.S. 479 (1951).........................................................................................9

14

*Keating v. Office of Thrift Supervision,*
       45 F.3d 322 (9th Cir. 1995) ........................................................................ 7, 9
15

*McCormick v. Rexroth,*
16      2010 U.S. Dist. LEXIS 35783, 2010 WL 934242 (N.D. Cal. Mar.
17      15, 2010) ..........................................................................................................9

18

*Spevack v. Klein,*
19      385 U.S. 511 (1967).........................................................................................9

20

**State Statutes**

21

Cal. Gov't Code § 12525.3 ...................................................................... 11, 12

22

**Constitutional Provisions**

23

Fifth Amendment ................................................................ 5, 6, 7, 8, 9, 10, 11
24

Fourteenth amendment..................................................................................8
25

Fourth and Fourteenth Amendments............................................................7

26

**Other Authorities**

27

Cal. Assembly Bill 1506 ............................................................................ 11

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

### A. Defendants' First Motion to Stay

On April 3, 2024, Defendants moved to stay the proceedings on the grounds that the ongoing criminal investigation into Deputy Fuller by the California Department of Justice ("DOJ") would preclude Defendants from properly mounting a full and fair defense in this civil action. (Dkt. 39.)

On May 30, 2024, Defendants' Motion was denied.  In denying the Motion the Court wrote:

> "[I]f Fuller invokes the Fifth Amendment, as he intends, the Court may take measures to limit any prejudice and of his invocations and any adverse inferences drawn from such invocations. *See id.* (explaining that alternative procedures may protect the defendant under investigation from undue prejudice)." (Dkt. 46, p. 9.)

### B. Deputy Fuller's Exercise of His Fifth Amendment Privilege

The prejudice Defendants' feared would occur has become a reality.  On September 18, 2024, Deputy Fuller's deposition was taken.  At the deposition, Deputy Fuller was represented by his criminal law attorney, Steven Alvarado, and his civil attorney, Michelle Prescott.  Based on his attorneys' instructions, Deputy Fuller declined to answer questions about the subject incident, and the events occurring before the incident as to his knowledge about the Decedent.  (Exhibit ("Ex.") "A" to Declaration of Michelle R. Prescott ("Prescott Decl.") at p. 7:11-12:9, 22:20-24:18, 24:21-26:23, 28:11-32:3, 33:12-34:11, 35:9-17, 36:1-39:25.)

In response to Deputy Fuller's exercise of his Constitutional right against self-incrimination, Plaintiff's Counsel provided the following warning:

> "I have to advise you that you have a right not to answer certain questions under the Fifth Amendment if you so choose, but I want to make sure you understand this could be brought to the attention to the judge or jury

1    in your civil case. And there could be an adverse inference instruction

2    given to the jury that you didn't answer questions, and the jury can make

3    of that what they want. But I just want to make sure you have a general

4    understanding of that." (Ex. "A" to Prescott Decl. at p. 7:11-19.)

5    The unfair prejudice to Defendants is profound. Only Deputy Fuller can

6    explain what __*he*__ knew and perceived about the subject incident. In order to understand

7    the reasonableness of his actions it is imperative that he be able to testify about these

8    facts. However, because the Department of Justice ("DOJ") is actively investigating

9    this matter, Deputy Fuller is left with an impossible choice between two horrible

10   outcomes. He can ignore his attorneys' advice and waive his Fifth Amendment

11   privilege, thereby risking a loss of personal liberties for any misstep in his testimony,

12   or exercise his Constitutional right to invoke his Fifth Amendment privilege and risk

13   financial ruin.[1] The prejudice to the County is also profound, because without Deputy

14   Fuller's testimony a full and fair defense is impossible. Further, Plaintiffs will use

15   Deputy Fuller's lawful reliance on a Constitutional protection to inflict maximum

16   prejudice upon both Defendants, asking the jury to infer Deputy Fuller's refusal to

17   respond is an admission of wrongdoing.

18   **C.    Renewed Motion to Stay**

19   Defendants renew their request to stay this matter until the conclusion of the

20   DOJ's ongoing criminal investigation of Deputy Fuller is concluded. As of the filing

21   of this renewed Motion, Deputy Fuller is under active investigation by the DOJ in

22   connection with the lethal force encounter ("LFE") between himself and Decedent

23   Sostek on March 12, 2023. (Prescott Decl. at ¶ 4; Declaration of Steven Alvarado

24   ("Alvarado Decl.") at ¶¶2-3 ). If the DOJ investigation has not concluded by the time

25   of trial, Deputy Fuller intends to invoke his Fifth Amendment right at trial as well.

26   (Alvarado Decl. at ¶6.)

27   _____

28   [1] Plaintiffs are seeking punitive damages from Deputy Fuller.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4877-3188-8123.1 SBD-00021         DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

1    Absent critical testimony from Deputy Fuller, Defendants are materially

2 prejudiced and unable to adequately defend themselves in this action because the

3 pending claims brought by Plaintiffs under the Fourth and Fourteenth Amendments

4 necessarily require testimony from Deputy Fuller concerning his reasonable and

5 objective beliefs about his safety and the threat posed by Decedent Sostek at the time

6 of the LFE. (Prescott Decl. ¶ 6-7.)  Because Deputy Fuller alone is able to testify

7 about these critical facts, Defendants will are unable to rebut any of Plaintiffs claims

8 as currently pled if they are unable to solicit testimony from Deputy Fuller in light of

9 the DOJ investigation. (*Id.*) Granting the stay as to Deputy Fuller alone would not

10 cure this substantial prejudice because it would essentially force the County to defend

11 itself without being able to obtain Deputy Fuller's critical discovery and deposition

12 testimony. (*Id.*)

13    Defendants seek this stay in order to preserve their ability to fully participate

14 in this litigation, to spare the Court the expense of forcing this proceeding to go

15 forward absent the necessary testimony from Deputy Fuller, and in the interests of

16 judicial economy.

17 II.    **LEGAL ARGUMENT**

18    The Court has discretion to stay civil proceedings in favor of parallel criminal

19 proceedings "'when the interests of justice seem to require such action.'" *Keating v.*

20 *Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *United States*

21 *v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). "The Ninth Circuit has held that a stay of civil

22 proceedings pending the outcome of 'parallel criminal proceedings' is not required

23 by the Constitution." *Ancier v. Egan*, 2015 WL 12684466, at *1 (D. Haw. Mar. 31,

24 2015) (citing Fed. Sav. & Loan Ins. Corp. Molinaro, 889 F.2d 899, 902 (9th Cir.

25 1989)); see also *Keating*, 45 F.3d 322 at 326 ("A defendant has no absolute right not

26 to be forced to choose between testifying in a civil matter and asserting his Fifth

27 Amendment privilege."). In deciding whether to grant a stay, a court considers "the

28 extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

1  45 F.3d at 324. A court also considers the following factors:

2      "(1) the interest of the plaintiffs in proceeding expeditiously with this

3      litigation or any particular aspect of it, and the potential prejudice to

4      plaintiffs of a delay; (2) the burden which any particular aspect of the

5      proceedings may impose on defendants; (3) the convenience of the court

6      in the management of its cases, and the efficient use of judicial resources;

7      (4) the interests of persons not parties to the civil litigation; and (5) the

8      interest of the public in the pending civil and criminal litigation." *Id at*

9      *325.*

10     The factors in this case weigh in favor of staying the proceedings until the

11  conclusion of the DOJ investigation and criminal proceeding, if any.

12      **1.    Plaintiffs Will Not Be Prejudiced by a Delay But Defendants**

13          **Will Suffer Additional Prejudice if this Action is Not Stayed.**

14     While Defendants acknowledge that Plaintiffs have an interest in the

15  expeditious disposal of their claims in litigation, Plaintiffs interests will not be served

16  if Defendants are forced to proceed with this matter while Deputy Fuller remains

17  under investigation by the DOJ. Should Defendants be forced to proceed, the parties

18  will be unable to solicit pivotal testimony from Deputy Fuller concerning his objective

19  beliefs at the time of the LFE. This testimony goes to the heart of the Fourth and

20  Fourteenth amendment claims that are the subject of this action, and without this

21  testimony neither party, including Plaintiffs, will be able to establish facts necessary

22  for a determination of these claims on their merits.

23     Instead, the parties will essentially be forced to litigate blindly because Deputy

24  Fuller, the sole individual who actually used lethal force against Decedent Sostek, has

25  already invoked his Fifth Amendment right against self-incrimination and chosen not

26  provide any additional testimony until the investigation by the DOJ has concluded.

27  (Alvarado Decl. ¶ 7.)  Moreover, justice will not be denied to Plaintiffs if the civil

28  case is stayed.  The DOJ investigation is proceeding to determine if there was any

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  wrongdoing on the part of Deputy Fuller.

2  Accordingly, not only have Plaintiffs failed to substantiate that they will be
3  prejudiced by the requested stay, Defendants have established that the parties as a
4  whole will be prejudiced should the requested stay not be granted.

5  **2.  Defendants Have Been Substantially Burdened By Being**
6  **Forced to Litigate Blindly**

7  The severe burden imposed on Deputy Fuller due to the risk of infringing upon
8  his Fifth Amendment right is by far the strongest factor that the Court should consider
9  in determining whether or not to issue the stay.

10  The impact of parallel criminal and civil proceedings on a defendant's Fifth
11  Amendment rights is a significant factor in determining whether to grant a stay, and
12  may sometimes "be sufficient to warrant a stay." *McCormick v. Rexroth*, 2010 U.S.
13  Dist. LEXIS 35783, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010); See *Keating*,
14  45 F.3d at 326. "Some courts have gone so far as to recognize the extent of the overlap
15  as the most important factor." *Ebay, Inc. v. Digital Point Solutions, Inc.*, 2010 U.S.
16  Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010).

17  The general principle is that a party asserting the Fifth Amendment privilege
18  should suffer no penalty for his silence. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (7th
19  Cir. 1995). "In this context 'penalty' is not restricted to fine or imprisonment. It
20  means, as [the Court] said in *Griffin v. California*, 380 U.S. 609 …, the imposition of
21  any sanction which makes assertion of the Fifth Amendment privilege 'costly.'"
22  *Spevack v. Klein*, 385 U.S. 511, 515 (1967). Further, the privilege against self-
23  incrimination extends to all aspects of a civil trial. The protection is broad. Privileged
24  information "does not merely encompass evidence which may lead to criminal
25  conviction, but includes information which would furnish a link in a chain of evidence
26  that could lead to prosecution." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

27  For the reasons discussed above, the County has also been substantially
28  burdened by being forced to litigate this matter while Deputy Fuller is under

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9

investigation by the DOJ. (Prescott Decl. ¶ 6-7). Absent the testimony Defendants anticipate will be provided by Deputy Fuller once he is no longer in jeopardy of criminal proceedings, Defendants have been unable to adequately prepare for trial and establish their claims and defenses during the course of the litigation. (*Id.*) Defendants have also be unable to meaningfully participate in the discovery process because Deputy Fuller has invoked his Fifth Amendment rights against self-incrimination. (Ex. "A" to Prescott Decl.). Defendants are unable to rely on the critical witness testimony of Deputy Fuller and have been profoundly prejudiced. (Prescott Decl. ¶ 7).

### 3.    The Stay is in the Interest of Judicial Economy

Absent the granting of the stay, Defendants will essentially be forced to be participants in a trial while being denied the ability to be full and vigorous participants in light of the DOJ investigation into Deputy Fuller. Defendants will be forced to attempt to rebut Plaintiffs claims, which arise out of and concern the actions of Deputy Fuller and his corresponding objectively reasonable belief of imminent severe bodily injury or death at the time of the LFE with Decedent Sostek, while being unable to actually elicit any testimony from Deputy Fuller. (Prescott Decl. ¶¶6-7; Alvarado Decl. at ¶7). Defendants will also be forced to deal with the unquestionable prejudice that the jury will conclude based on Deputy Fuller's lawful use of his Fifth Amendment privilege.

The prejudice has already been profound.  The inability to obtain Deputy Fuller's testimony has frustrated settlement discussions and stalled the ability to defend against the Plaintiffs' claims.  Further, the DOJ investigation has caused delay in obtaining evidence necessary for the defense of this case.  The DOJ did not turn over evidence related to the investigation of the claim until after the close of discovery.  Defendants produced the evidence to Plaintiffs' counsel immediately upon receipt of the evidence, but Plaintiffs' counsel has not stipulated that evidence produced after the discovery cut-off could be used at trial or relied upon by experts.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    (Prescott Decl. at ¶8.) Accordingly, it is in the interest of judicial economy to grant
2    this stay and prevent the parties from wasting judicial resources in the fruitless task
3    of litigation absent Deputy Fuller's critical testimony.

4           **4.    The Interests Of Persons Not Parties To The Civil Litigation**
5                  **Will Be Advanced by The Stay**

6           Every law enforcement officer and employing agency have an interest in the
7    protection of law enforcement personnel's Constitutional rights and balancing those
8    rights against the rights of civil litigant's rights to money damages.  Sworn officers
9    throughout this state are asked to put themselves in life and death encounters as part
10   of their jobs.  When an officer uses lethal force, that officer is subjected to a criminal
11   investigation.  Beginning on July 1, 2021, the California Department of Justice (DOJ)
12   is required to investigate all incidents of an officer-involved shooting resulting in the
13   death of an unarmed civilian in the state.  (See, Cal. Assembly Bill 1506 (AB 1506),
14   Cal. Gov't Code §12525.3).  Historically, these critical incidents in California had
15   been primarily handled by local law enforcement agencies and the state's 58 district
16   attorneys.  The employing agencies of the involved law enforcement officers have no
17   ability to control the DOJ's pace of the investigations.  Emboldened by the prospect
18   of an officer forced to choose between his or her Fifth Amendment privilege or
19   defending himself or herself and their employer against financial damages, Plaintiffs
20   are rushing to Court on their civil claims for money damages in hopes of imposing
21   maximum prejudice upon the officers and employing agencies for the involved
22   officer's lawful use of a Constitutional right.

23          For any officer-involved shooting resulting in the death of an unarmed civilian
24   the DOJ is tasked with the following:

25          (B) For all investigations conducted, prepare and submit a written report.
26          The written report shall include, at a minimum, the following
27   information:
28                 (i) A statement of the facts.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

1    (ii) A detailed analysis and conclusion for each investigatory

2    issue.

3    (iii) Recommendations to modify the policies and practices of the

4    law enforcement agency, as applicable.

5    (C) If criminal charges against the involved officer are found to be

6    warranted, initiate and prosecute a criminal action against the officer.

7    (Cal. Gov't Code §12525.3)

8        Given this program's infancy there is no corollary measurement as to the

9    estimated time needed to complete an investigation of this nature.  What is known, is

10   that the investigation of the incident involving Deputy Fuller was opened on March

11   12, 2023 and remains pending at this time.  Since the program's inception there have

12   been 62 cases referred to the DOJ for investigation, of which 20 have been concluded.

13   (Prescott Decl. at ¶9.) Based on the pace of the investigations that have concluded and

14   the length of time it took for those investigations to conclude, the best estimate for the

15   time in which the Fuller investigation will be concluded is six months.

16       Plaintiffs' claim that they will be prejudiced by the delay of trial on the merits

17   of their claims against the Defendants, but the investigation of Deputy Fuller by the

18   DOJ is investigating whether there was any wrongdoing on the part of Deputy Fuller.

19   As such, their interest in proceeding expeditiously on the question of whether the

20   Decedent's Civil Rights were violated by Defendants is not thwarted by a stay, since

21   the DOJ investigation will not be stayed.

22       **5.    The Public's Interests are In Favor of a Stay**

23       The California Legislature's stated purpose in passing AB 1506 was to "to

24   directly help build and maintain trust between law enforcement and the communities

25   they serve by creating a mandate for an independent, statewide prosecutor, moving

26   forward, to investigate and review officer-involved shootings of unarmed civilians

27   across California."  Because this litigation involves claims of alleged excessive force

28   on the part of Defendants and because Defendants serve a compelling public interest

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

12

4877-3188-8123.1 SBD-00021          DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

1   by providing police services to the general public, this litigation is a matter of public

2   interest for the purposes of analyzing an application for a stay. Defendants do not

3   deny this is a matter of great public importance. Instead, Defendants assert that

4   because of the critical public importance of providing police services to the public,

5   the public is entitled to have this matter fully and fairly litigated by the parties.

6       The public's interests would not be served if the parties are forced to try and

7   conduct litigation by surprise without Deputy Fuller's testimony. Rather this would

8   serve only to undermine public trust in the judicial process because any

9   determinations made without the testimony from Deputy Fuller would be made

10  without critical evidence that is necessary for a full and complete factual finding.

11  Granting the continuance would allow the parties to obtain this evidence and for

12  Plaintiffs' claims to be completely disposed of in a manner that preserves the public's

13  trust in the integrity and fairness of the judicial system and the Sheriff's Department.

14  Accordingly, it is in the public interest to grant a stay of this matter until such time as

15  the DOJ investigation is complete and the parties can litigate this matter on its merits

16  and with all available evidence.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4877-3188-8123.1 SBD-00021                    DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS

## III.    **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant its motion to stay the proceedings and enter an order directing that this case be stayed in its entirety pending the resolution of the DOJ investigation into Deputy Fuller.

DATED:  November 19, 2024                WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4877-3188-8123.1 SBD-00021          DEFENDANTS' NOTICE AND MOTION TO STAY PROCEEDINGS



Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, | Case No. 5:23-cv-02236-MRA (MRWx) |
| Plaintiffs, | **DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF MOTION TO STAY** |
| vs. | |
| COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, | *[Filed concurrently with Renewed Motion to Stay; Declaration of Steven Alvarado]* |
| Defendants. | Trial Date:      January 28, 2025 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

4874-0451-3788.1 SBD-00020

DECLARATION OF MICHELLE R. PRESCOTT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## DECLARATION OF MICHELLE R. PRESCOTT

1.    I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek, LLP, counsel of record for Defendants COUNTY OF SAN BERNARDINO and SAMUEL FULLER.

2.    The following facts are within my own personal knowledge. If called as a witness, I could and would competently testify to these facts.

3.    This declaration is filed in support of Defendants' Renewed Motion to Stay Proceedings ("Motion").

4.    Attached hereto as **Exhibit "A"** are true and correct pages from the deposition of Defendant Samual Fuller taken in this matter on September 18, 2024.

5.    As of the filing of this Motion, Deputy Fuller is under active investigation by the California Department of Justice ("DOJ") pursuant to their policy which requires all lethal force encounters between peace officers and unarmed individuals to be investigated. The DOJ lists the active investigations on a public website page which is located at: https://oag.ca.gov/ois-incidents/current-cases. The DOJ's website shows that Deputy Fuller is under investigation by the DOJ in connection with the March 12, 2023 lethal force encounter ("LFE") involving the Decedent Kyle Sostek and the assigned case number is BI-LA2023-0010. The investigation concerns the same subject matter as the lawsuit brought by Plaintiffs.

6.    Plaintiffs First Amended Complaint as filed on March 13, 2024 (See Dkt. No. 33) contains causes of action for: (1) Unreasonable Searches and Seizure – Excessive Force; (2) Unreasonable Search and Seizure – Denial of Medical Care; (3) Substantive Due Process; (4) Battery; (5) Negligence; and (6) Violation of the Bane Act. A number of these causes of action as currently pled rely extensively on the mental state and objectively reasonable beliefs of Deputy Fuller at the time of the LFE in order to determine if Deputy Fuller was acting lawfully at the time of the LFE.

2

1  Specifically, Defendants require testimony from Deputy Fuller concerning his safety
2  and the threat posed by Decedent Sostek at the time of the LFE. There is no alternative
3  source for this testimony besides Deputy Fuller. Because of the jeopardy to Deputy
4  Fuller posed by the DOJ investigation, Defendants will be unable to obtain critically
5  necessary discovery responses and deposition testimony from Deputy Fuller while he
6  is still under investigation.

7      7.    Absent Deputy Fuller's testimony, Defendants COUNTY OF SAN
8  BERNARDINO ("County") and Fuller will be unable to defend themselves in this
9  action because its defenses also necessarily rely on testimony from Deputy Fuller.
10  Staying this case as to Deputy Fuller alone and forcing the County to attempt to
11  litigate absent Deputy Fuller's involvement would severely prejudice the County and
12  subject it to undue hardship.

13      8.    The DOJ investigation has caused delay in obtaining evidence
14  necessary for the defense of this case.  The DOJ did not turn over evidence related
15  to the investigation of the claim until after the close of discovery.  Defendants
16  produced the evidence to Plaintiffs' counsel immediately upon receipt of the
17  evidence, but Plaintiffs' counsel has not stipulated that evidence produced after the
18  discovery cut-off could be used at trial or relied upon by experts.

19      9.    Based on the publicly available website of the State of California
20  Department of Justice, as of November 17, 2024, since the inception of program
21  enacted under Assembly Bill 1506 there have been 62 cases referred to the DOJ for
22  investigation, of which 20 have been concluded. See https://oag.ca.gov/ois-
23  incidents/case-archive.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

1    I declare under penalty of perjury under the laws of the State of California
2    that the foregoing is true and correct.
3        Executed on November 18, 2024, at Lake Forest, California.

4

5

6                                            _Michelle Prescott_
7                                    _____
8                                            Michelle R. Prescott

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT "A"

I2092683-1 PERS-0662

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | CENTRAL DISTRICT OF CALIFORNIA |
| 3 | |
| 4 | GALE SOSTEK; and HERB SOSTEK, ) |
| 5 | Plaintiffs, ) |
| 6 | vs. ) Case No. |
| | ) 5:23-CV-2236-MRA |
| 7 | COUNTY OF SAN BERNARDINO; SAMUEL ) |
| | FULLER; and DOES 2-10, inclusive, ) |
| 8 | ) |
| | Defendants. ) |
| 9 | _____ ) |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | REMOTE VIDEOCONFERENCE DEPOSITION OF |
| 15 | SAMUEL FULLER |
| 16 | THURSDAY, SEPTEMBER 19, 2024 |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Reported Stenographically By: |
| 24 | Jinna Grace Kim, CSR No. 14151 |
| 25 | Job No.: 96367 |

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 3

```
 1     APPEARANCES OF COUNSEL:

 2

       For the Plaintiffs:
 3
               LAW OFFICES OF DALE K. GALIPO
 4             BY:  DALE K. GALIPO, ESQ.
               BY:  ERIC VALENZUELA, ESQ.
 5             21800 Burbank Boulevard, Suite 310
               Woodland Hills, California 91367
 6             Tel:  818-347-3333
               Fax:  818-347-4118
 7             E-mail:  dalekgalipo@yahoo.com
               E-mail:  evalenzuela@galipolaw.com
 8

 9     For the Defendants:

10             WISIERSKI & ZUREK, LLP
               BY:  MICHELLE PRESCOTT, ESQ.
11             29 Orchard Road
               Lake Forest, California 92630
12             Tel:  949-975-1000
               Fax:  949-756-0517
13             E-mail:  sfrazier@wzllp.com
               E-mail:  mprescott@wzllp.com
14

15

16     Also Present:  Steven Alvarado, Esq.

17

18

19

20

21

22

23

24

25
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 7

```
1      A.   I don't call the exact time of the shooting, but I

2    guess the incident started around 1:57 in the morning.

3      Q.   How many shots did you fire?

4           MS. PRESCOTT:  Excuse me.  I'm going to object and

5    instruct him not to answer based on Fifth Amendment

6    privilege.

7           MR. GALIPO:  Okay.

8    BY MR. GALIPO:

9      Q.   Are you going to follow your attorney's advice?

10     A.   Yes.

11     Q.   I have to advise you that you have a right not to

12   answer certain questions under the Fifth Amendment if you so

13   choose, but I want to make sure you understand this could be

14   brought to the attention to the judge or jury in your civil

15   case.  And there could be an adverse inference instruction

16   given to the jury that you didn't answer questions, and the

17   jury can make of that what they want.

18           But I just want to make sure you have a general

19   understanding of that.

20     A.   I understand.

21     Q.   Okay.  And with that understanding, you still at

22   least with respect to my last question, you choose to

23   essentially take the Fifth and not answer?

24     A.   That's correct.

25     Q.   At any time before you fired, did you give a verbal
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 8

1   warning you were going to shoot?

2        MS. PRESCOTT:  I'm going to instruct him not to

3   answer based on Fifth Amendment privilege.

4   BY MR. GALIPO:

5        Q.   Are you going to follow your attorney's advice and

6   not answer?

7        A.   Yes.

8        Q.   At any time before you fired, did you see a gun or

9   anything that looked like a gun?

10        MS. PRESCOTT:  I'm going to instruct him not to

11   answer based on Fifth Amendment privilege.

12   BY MR. GALIPO:

13        Q.   Again, are you going to follow your attorney's

14   instruction and not answer?

15        A.   Yes.

16        Q.   Was there any physical contact between yourself and

17   the person you shot at any time before you fired?

18        MS. PRESCOTT:  I'm going to instruct him not to

19   answer based on Fifth Amendment privilege.

20   BY MR. GALIPO:

21        Q.   Are you going to follow your attorney's instruction

22   and not answer?

23        A.   Yes.

24        Q.   Did the individual you shot ever verbally threaten

25   to harm you?

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 9

```
 1          MS. PRESCOTT:  I'm going to instruct him not to

 2   answer based on Fifth Amendment privilege.

 3      BY MR. GALIPO:

 4          Q.   Again, are you going to follow your attorney's

 5   instruction and not answer?

 6          A.   Yes.

 7          Q.   At any time did you see any weapon in the hands of

 8   the person you shot?

 9          MS. PRESCOTT:  I'm going to instruct him not to

10   answer based on Fifth Amendment privilege.

11      BY MR. GALIPO:

12          Q.   Are you going to, again, follow your attorneys

13   instruction?

14          A.   Yes.

15          Q.   At any time did you see any weapon on the person?

16          In other words, in the clothing, waistband, pockets,

17   anything like that of the person you shot?

18          MS. PRESCOTT:  I'm going to instruct him not to

19   answer based on Fifth Amendment privilege.

20      BY MR. GALIPO:

21          Q.   Again, are you going to follow the instruction?

22          A.   Yes.

23          Q.   Was the person you shot ever within arms' reach of

24   you?

25          MS. PRESCOTT:  I'm going to instruct him not to
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 10

1   answer based on Fifth Amendment privilege.

2   BY MR. GALIPO:

3       Q.   Again, are you going to follow your attorney's

4   instruction and not answer?

5       A.   Yes.

6       Q.   Did the person you shot ever reach for any of your

7   weapons?

8            MS. PRESCOTT:   I'm going to instruct him not to

9   answer based on Fifth Amendment privilege.

10  BY MR. GALIPO:

11      Q.   Are you going to, again, follow your attorney's

12  instruction and not answer?

13      A.   Yes.

14      Q.   Did the person you shot ever touch you or any of

15  your weapons before you shot him?

16           MS. PRESCOTT:   I'm going to instruct him not to

17  answer based on Fifth Amendment privilege.

18  BY MR. GALIPO:

19      Q.   Did you back up at all before you shot?

20           MS. PRESCOTT:   I'm going to instruct him not to

21  answer based on Fifth Amendment privilege.

22  BY MR. GALIPO:

23      Q.   And for the last two questions, are you going to

24  follow your attorney's instruction and not answer?

25      A.   Yes.

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 11

1      Q.   Do you believe the person you shot posed an imminent

2   threat of death or serious bodily injury to you when you

3   fired?

4         MS. PRESCOTT:  I'm going to instruct him not to

5   answer based on Fifth Amendment privilege.

6   BY MR. GALIPO:

7      Q.   Are you going to follow your attorney's

8   instruction?

9      A.   Yes.

10      Q.   Do you believe you had any other reasonable options

11   other than shooting?

12         MS. PRESCOTT:  I'm going to instruct him not to

13   answer based on Fifth Amendment privilege.

14   BY MR. GALIPO:

15      Q.   Again, are you going to follow your attorney's

16   instruction and not answer?

17      A.   Yes.

18      Q.   Did you consider any other options other than

19   shooting him?

20         MS. PRESCOTT:  I'm going to instruct him not to

21   answer based on Fifth Amendment privilege.

22   BY MR. GALIPO:

23      Q.   Again, are you going to follow your attorney's

24   instruction and not answer?

25      A.   Yes.

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 12

1    Q.    When you fired your first shot, was the person that

2    you shot standing on snow or somewhere on a area covered by

3    snow?

4          MS. PRESCOTT:   I'm going to instruct him not to

5    answer based on Fifth Amendment privilege.

6    BY MR. GALIPO:

7    Q.    Again, you're going to follow your attorney's

8    instruction?

9    A.    Yes.

10   Q.    Let me ask you a little bit about your background

11   starting with education.

12         I'm assuming you graduated from high school?

13   A.    Yes.

14   Q.    And when did you do that?

15   A.    2010.

16   Q.    And did you go to any college after high school?

17   A.    Yes.

18   Q.    And what time frame did you go to college?

19   A.    From 2012 to 2014 or '15.

20   Q.    Did you study anything in particular?

21   A.    Yes.

22   Q.    What did you study?

23   A.    Criminal Justice.

24   Q.    And did you end up getting a degree?

25   A.    I got a Associate's Degree in Liberal Arts,

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
Samuel Fuller on 09/19/2024

Page 22

1    A.    Yes.

2    Q.    And what were you trained in that regard?

3          What are the advantages generally?

4    A.    Well, there is two of you.  I mean one person's

5    keeping an eye on the suspect, the other person can see

6    something that maybe you can't see.

7    Q.    And then I take it with respect to less-lethal like

8    a Taser or pepper spray or using your baton as an impact

9    weapon, you were trained that if someone's assaultive, but

10   less than life-threatening, that would be a force option?

11   A.    Yes.

12   Q.    Did you have certain -- strike that.

13         Do you know the name of the person that you shot?

14   A.    Yes.

15   Q.    What is his name?

16   A.    His name is Kyle Sostek.

17   Q.    Had you ever seen him in person before the date of

18   the shooting?

19   A.    No.

20   Q.    Did you have some information about him before the

21   time of the shooting?

22         MS. PRESCOTT:  I'm going to instruct him not to

23   answer based on Fifth Amendment privilege.

24   BY MR. GALIPO:

25   Q.    Are you going to follow your attorney's instruction

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 23

1    in that regard?

2        A.   Yes.

3        Q.   Did you have any information that he had seriously

4    injured or killed anyone before the time of the shooting?

5            MS. PRESCOTT:  I'm going to instruct him not to

6    answer based on Fifth Amendment privilege.

7    BY MR. GALIPO:

8        Q.   And again, are you going to follow your attorney's

9    instruction and not answer that question?

10       A.   Yes.

11       Q.   Did you believe you could simply shoot him on-site

12   based on the information you had?

13           MS. PRESCOTT:  I'm going to instruct him not to

14   answer based on Fifth Amendment privilege.

15   BY MR. GALIPO:

16       Q.   Was there a vehicle pursuit at some point before the

17   shooting?

18           MS. PRESCOTT:  I'm going to instruct him not to

19   answer based on Fifth Amendment privilege.

20   BY MR. GALIPO:

21       Q.   You're going to follow your attorney's instruction

22   with respect to the last two questions and not answer those

23   as well?

24       A.   Yes.

25       Q.   Again, you're aware that there could be -- your

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 24

```
 1   refusal to answer and taking the Fifth could be brought to

 2   the attention of the judge and possibly a jury in this case?

 3          Do you understand that?

 4      A.   I understand.

 5      Q.   And do you understand that they could -- either the

 6   judge and/or the jury could take an adverse inference against

 7   you based on your refusal to answer?

 8      A.   I understand.

 9      Q.   At the time of this incident were you working under

10   the course and scope of your employment with the County of

11   San Bernardino?

12      A.   Yes.

13      Q.   What were your shift hours at the time?

14      A.   At that time it was 1900 hours to 0700 hours, so

15   7:00 p.m. to 7:00 a.m.

16      Q.   And were you generally solo in your vehicle during

17   your shift?

18      A.   Yes.

19      Q.   And were you assigned to the Big Bear area?

20      A.   Yes.

21      Q.   Did you hear Mr. Sostek say to you before you shot

22   him, "I just want to talk to you?"

23          MS. PRESCOTT:  I'm going to instruct him not to

24   answer based on Fifth Amendment privilege.

25   BY MR. GALIPO:
```

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
Samuel Fuller on 09/19/2024

Page 25

```
 1        Q.   Are you going to follow your attorney's instruction
 2   and not answer that question?
 3        A.   Yes.
 4        Q.   Do you have any training as to how to handle a
 5   situation where a suspect says they just want to talk to
 6   you?
 7             MS. PRESCOTT:  Vague and ambiguous; incomplete
 8   hypothetical.
 9             You can answer.
10             THE WITNESS:  Yes.
11   BY MR. GALIPO:
12        Q.   What is your training in that regard?
13        A.   Tactical de-escalation.
14        Q.   Can you explain that, please.
15        A.   Like I said before, trying to take the situation
16   from a heightened sense of intensity down to a lower state of
17   intensity, either through communication and trying to talk to
18   the person; try to talk them down.
19        Q.   And is part of your training in that regards, to use
20   the minimal amount of force if you can in a situation?
21        A.   Yes.
22        Q.   And is part of the consideration for that, the
23   safety of the individual?
24        A.   Yes.
25        Q.   At any time did Mr. Sostek punch you or attempt to
```

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
Samuel Fuller on 09/19/2024

Page 26

```
 1    punch you before you shot him?
 2            MS. PRESCOTT:  I'm going to instruct him not to
 3    answer based on Fifth Amendment privilege.
 4    BY MR. GALIPO:
 5        Q.   Again, will you follow your attorney's instruction
 6    and not answer?
 7        A.   Yes.
 8        Q.   And at any time did Mr. Sostek kick you or attempt
 9    to kick you before you shot him?
10            MS. PRESCOTT:  I'm going to instruct him not to
11    answer based on Fifth Amendment privilege.
12    BY MR. GALIPO:
13        Q.   Again, are you going to follow your attorney's
14    instruction?
15        A.   Yes.
16        Q.   Could you see Mr. Sostek's hands at the time you
17    shot him?
18            MS. PRESCOTT:  Again, I'm going to instruct him not
19    to answer based on Fifth Amendment privilege.
20    BY MR. GALIPO:
21        Q.   Are you going to follow your attorney's
22    instruction?
23        A.   Yes.
24        Q.   Based on your training did you think it was
25    appropriate based on your training, shoot someone if you
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 28

```
 1    there was nothing in their hand.

 2              Do you recall that?

 3        A.   Yes.

 4        Q.   And I'm asking you, were you trained why?

 5              Is that because there wouldn't be an imminent threat

 6    of death or serious bodily injury?

 7              MS. PRESCOTT:  Incomplete hypothetical.

 8              Go ahead.

 9              THE WITNESS:  Yes.

10    BY MR. GALIPO:

11        Q.   Would you agree that you were at least ten feet away

12    from Mr. Sostek when you shot him?

13              MS. PRESCOTT:  I'm going to instruct him not to

14    answer based on Fifth Amendment privilege.

15    BY MR. GALIPO:

16        Q.   Are you going to, again, follow your attorney's

17    instruction and not answer?

18        A.   Yes.

19        Q.   Would you agree that your -- strike that.

20              Did you have -- before this incident happened, did

21    you have a general understanding as to how your casings

22    ejected from your gun?

23        A.   Yes.

24        Q.   Are you right-handed?

25        A.   Yes.
```

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 29

1      Q.   And is there an ejection port, if you know, on the

2   right side of the gun?

3      A.   Yes.

4      Q.   And did the casings generally eject upwards to the

5   right and slightly back?

6          MS. PRESCOTT:  Calls for speculation.

7          Go ahead.

8   BY MR. GALIPO:

9      Q.   If you know based on your training and your

10   experience with your weapon.

11      A.   I would say they eject to the right.

12          At what direction specifically, I don't know.

13      Q.   But your experience and training is that the casings

14   eject to the right?

15      A.   Yes.

16      Q.   Do you have any information based on your experience

17   and training how far to the right they eject?

18          MS. PRESCOTT:  Calls for speculation; expert

19   opinion.

20          Go ahead.

21          THE WITNESS:  I don't know how far.

22   BY MR. GALIPO:

23      Q.   Would you agree that your casings from this shooting

24   ended up on the other side of the street away from where

25   Mr. Sostek was?

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 30

```
 1          MS. PRESCOTT:  I'm going to instruct him not to

 2    answer based on Fifth Amendment privilege.

 3    BY MR. GALIPO:

 4       Q.   Again, are you going to follow your attorney's

 5    instruction?

 6       A.   Yes.

 7       Q.   After the shooting did you become aware that a

 8    partner deputy was on-scene?

 9          MS. PRESCOTT:  I'm going to instruct him not to

10    answer based on Fifth Amendment privilege.

11          MR. GALIPO:  This would be after the shooting.

12          Do you understand that, Michelle?

13          MS. PRESCOTT:  Yes.

14    BY MR. GALIPO:

15       Q.   Would you agree that you were on the street

16    somewhere behind your car when you fired the shots at

17    Mr. Sostek?

18          MS. PRESCOTT:  I'm going to instruct him not to

19    answer based on Fifth Amendment privilege.

20    BY MR. GALIPO:

21       Q.   And again, are you going to follow your attorney's

22    instruction?

23       A.   Yes.

24       Q.   Would you agree that Mr. Sostek was not on the

25    street, but up on some raised snow covered side of the road
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 31

1    when you shot him?

2         MS. PRESCOTT:  I'm going to instruct him not to

3    answer based on Fifth Amendment privilege.

4    BY MR. GALIPO:

5         Q.   Are you going to follow your attorney's

6    instruction?

7         A.   Yes.

8         Q.   Would you agree that there was blood on the snow

9    showing approximately where Mr. Sostek was when you shot

10   him?

11        MS. PRESCOTT:  I'm going to instruct him not to

12   answer based on Fifth Amendment privilege; also object based

13   on calls for expert opinion.

14        Go ahead -- I mean don't answer.

15   BY MR. GALIPO:

16        Q.   Are you going to follow your attorney's instruction

17   and not answer that question?

18        A.   Yes.

19        Q.   Would you agree after the shooting, Mr. Sostek was

20   dragged from where he was on the snow area on the side of the

21   road more into the street?

22        MS. PRESCOTT:  I'm going to instruct him not to

23   answer based on Fifth Amendment privilege; and also object

24   that it's argumentative.

25   BY MR. GALIPO:

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 32

1     Q.    Again, are you going to follow your attorney's

2     instruction and not answer?

3     A.    Yes.

4     Q.    How long did you remain at the scene after the

5     shooting?

6     A.    I don't recall.

7     Q.    Do you have any estimate?

8     A.    Maybe 45 minutes.

9     Q.    Where did you go from the scene?

10    A.    From the scene I went back to the station.

11    Q.    And how long did you stay there?

12    A.    At the station?

13    Q.    Yes.

14    A.    I was there for several hours afterwards.

15    Q.    Did you talk to anyone or immediately with anyone at

16    the station?

17    A.    Yes.

18    Q.    Who did you talk to or meet with?

19    A.    Several people; talked to the captain of the

20    station; members from our Homicide Team; my attorney Steven

21    Alvarado.  I believe there was also some people from our

22    Counseling Team that I spoke to.

23    Q.    Do you recall the captain's name?

24    A.    Captain Kelly Craig.

25    Q.    And when you say you talked to people on the

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 33

1  Homicide Team, would that be detectives with your

2  department?

3     A.  Yes.

4     Q.  Do you recall any of their names?

5     A.  I do not.

6     Q.  And how many of the detectives did you talk to?

7         Would it be like a couple?

8     A.  Yes.

9     Q.  Do you recall if they took any photos of you at the

10  station?

11    A.  They did.

12    Q.  Did you have any physical injuries?

13        MS. PRESCOTT:  I'm going to instruct him not to

14  answer based on Fifth Amendment privilege.

15  BY MR. GALIPO:

16    Q.  And then you mentioned Steven Alvarado, your

17  attorney, you talked to at that time.

18    A.  Yes.

19    Q.  And this is the same gentleman that is on the Zoom

20  depo with us that you had a chance to talk to during the

21  break?

22    A.  Yes.

23    Q.  Were you asked at some point to give a statement or

24  interview with Homicide?

25    A.  With our Homicide Team, no.

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 34

 1      Q.   With any Homicide Team?

 2      A.   I was asked to make a statement with the DOJ.

 3      Q.   Did you have an understanding as to why the DOJ was

 4   investigating, and not the Homicide Team from the Sheriff's

 5   Department?

 6           MS. PRESCOTT:  Calls for speculation and legal

 7   opinion.

 8           MR. ALVARADO:  I would also ask him to assert the

 9   Fifth Amendment.

10           MS. PRESCOTT:  And I'm going to instruct him not to

11   answer based on Fifth Amendment privilege.

12   BY MR. GALIPO:

13      Q.   And did you agree to give a statement to the DOJ?

14      A.   I did not.

15      Q.   And do you know approximately when you were

16   requested to give a statement in relation to the incident,

17   whether it was the first week or the next month or several

18   months later?

19      A.   I don't recall.  It had been months later.

20      Q.   Several months later, you believe?

21      A.   I don't know about several months later, but it was

22   months later.

23      Q.   And if I'm understanding you correctly, you're

24   saying that the Homicide detectives that you talked to from

25   the San Bernardino County Sheriff's Department did not ask

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
Samuel Fuller on 09/19/2024

Page 35

1    you to give a statement; am I understanding you correctly?

2         A.    They did not ask for a statement.

3         Q.    Did you ask them whether or not you needed to give a

4    statement when you talked to them?

5         A.    No.  I did not ask them.

6         Q.    Prior to today's deposition, have you given any

7    formal statement regarding the incident?

8         A.    No.

9         Q.    And would you at least agree with me that virtually

10   every question I've asked you related to the shooting, you

11   have been instructed not to answer by your counsel under the

12   Fifth Amendment; would you agree with that?

13        A.    Yes.

14        Q.    And would you agree that each time your counsel

15   instructed you not to answer based on the Fifth Amendment,

16   you followed your counsel's instruction?

17        A.    Yes.

18        Q.    Okay.

19             MR. GALIPO:  Why don't we take a ten-minute break.

20             We've been going for about an hour even though we

21   had a break.

22             Let's go off the record.

23             (Recess taken.)

24   BY MR. GALIPO:

25        Q.    Would you admit that at the time of the shooting,

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 36

1    Mr. Sostek did not pose an imminent threat of death or

2    serious bodily injury to anyone?

3        MS. PRESCOTT:  I'm going to instruct him not to

4    answer based on Fifth Amendment privilege.

5    BY MR. GALIPO:

6        Q.   Are you going to follow that instruction and not

7    answer based on the Fifth Amendment?

8        A.   Yes.

9        Q.   Would you admit that you gave no verbal warning that

10   you were going to shoot Mr. Sostek?

11        MS. PRESCOTT:  I'm going to instruct him not to

12   answer based on Fifth Amendment privilege.

13   BY MR. GALIPO:

14        Q.   Are you going to follow your attorney's instruction

15   and not answer based on the Fifth Amendment?

16        A.   Yes.

17        Q.   And you understand the Fifth Amendment privilege is

18   the privilege or the right against self-incrimination?

19        A.   Yes.

20        Q.   Would you agree that Mr. Sostek was not within arms'

21   reach when you shot him?

22        MS. PRESCOTT:  I'm going to instruct him not to

23   answer based on Fifth Amendment privilege.

24   BY MR. GALIPO:

25        Q.   Are you going to follow that instruction and not

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 37

1    answer based on the Fifth Amendment?

2         A.   Yes.

3         Q.   Would you agree that you never saw any weapon in

4    Mr. Sostek's hand or on his person before you shot him?

5              MS. PRESCOTT:  I'm going to instruct him not to

6    answer based on Fifth Amendment privilege.

7    BY MR. GALIPO:

8         Q.   Are you going to not answer that question based on

9    the Fifth Amendment?

10        A.   Yes.

11        Q.   Would you agree that Mr. Sostek never attempted to

12   grab your weapon?

13             MS. PRESCOTT:  I'm going to instruct him not to

14   answer based on Fifth Amendment privilege.

15   BY MR. GALIPO:

16        Q.   Again, are you going to choose not to answer that

17   question based on the Fifth Amendment?

18        A.   Yes.

19        Q.   Would you agree that Mr. Sostek was approximately

20   ten feet away from you when you shot him?

21             MS. PRESCOTT:  I'm going to instruct him not to

22   answer based on Fifth Amendment privilege.

23   BY MR. GALIPO:

24        Q.   And again, are you going to not answer that question

25   based on the Fifth Amendment right against

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
Samuel Fuller on 09/19/2024

Page 38

```
 1   self-incrimination?

 2       A.   Yes.

 3       Q.   Would you admit that you were backing up when you

 4   shot Mr. Sostek?

 5           MS. PRESCOTT:  I'm going to instruct him not to

 6   answer based on Fifth Amendment privilege.

 7   BY MR. GALIPO:

 8       Q.   Again, are you not going to answer that question

 9   based on the Fifth Amendment?

10       A.   Yes.

11       Q.   Would you agree that you were in the middle of the

12   street when you shot Mr. Sostek?

13           MS. PRESCOTT:  I'm going to instruct him not to

14   answer based on Fifth Amendment privilege witness.

15   BY MR. GALIPO:

16       Q.   You're going to follow that instruction based on the

17   Fifth Amendment and not answer?

18       A.   Yes.

19       Q.   Would you agree that Mr. Sostek was not looking in

20   your direction for some of the shots?

21           MS. PRESCOTT:  I'm going to instruct him not to

22   answer based on the Fifth Amendment privilege.

23   BY MR. GALIPO:

24       Q.   Are you going to not answer that question based on

25   the Fifth Amendment?
```

**GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.**
**Samuel Fuller on 09/19/2024**

Page 39

```
 1       A.   Yes.

 2       Q.   Would you agree that you shot Mr. Sostek in the side

 3   of his face?

 4            MS. PRESCOTT:  I'm going to instruct him not to

 5   answer based on Fifth Amendment privilege.

 6   BY MR. GALIPO:

 7       Q.   You're going to follow that instruction as well and

 8   not answer based on the Fifth Amendment?

 9       A.   Yes.

10       Q.   Would you agree that one of your shots struck

11   Mr. Sostek in the back?

12            MS. PRESCOTT:  I'm going to instruct him not to

13   answer based on Fifth Amendment privilege.

14   BY MR. GALIPO:

15       Q.   You're going to follow that instruction and not

16   answer based on the Fifth Amendment?

17       A.   Yes.

18       Q.   Would you agree that some of your shots were fired

19   as Mr. Sostek was going to the ground?

20            MS. PRESCOTT:  I'm going to instruct him not to

21   answer based on Fifth Amendment privilege.

22   BY MR. GALIPO:

23       Q.   Are you going to follow that instruction based on

24   the Firth Amendment?

25       A.   Yes.
```

GALE SOSTEK, ET AL. vs COUNTY OF SAN BERNARDINO, ET AL.
Samuel Fuller on 09/19/2024

Page 42

```
 1                      CERTIFICATE

 2                          OF

 3           CERTIFIED STENOGRAPHIC SHORTHAND REPORTER

 4

 5           I, JINNA GRACE KIM, CSR No. 14151, a Certified

 6   Stenographic Shorthand Reporter of the State of California,

 7   do hereby certify:

 8           That the foregoing proceedings were taken before me

 9   at the time and place herein set forth;

10           That any witnesses in the foregoing proceedings,

11   prior to testifying, were placed under oath;

12           That a verbatim record of the proceedings was made

13   by me, using machine shorthand, which was thereafter

14   transcribed under my direction;

15           Further, that the foregoing is an accurate

16   transcription thereof.

17           I further certify that I am neither financially

18   interested in the action, nor a relative or employee of any

19   attorney of any of the parties.

20

21           IN WITNESS WHEREOF, I have subscribed my name, this

22   date:  September 19, 2024.

23

24           _____
             Jinna Grace Kim, CSR No. 14151
25
25                SAMUEL FULLER
```

1 | Christopher P. Wesierski [Bar No. 086736]
  | *cwesierski@wzllp.com*
2 | Michelle R. Prescott [Bar No. 262638]
  | *mprescott@wzllp.com*
3 | WESIERSKI & ZUREK LLP
  | 29 Orchard Road
4 | Lake Forest, California 92630
  | Telephone: (949) 975-1000
5 | Facsimile: (949) 756-0517
6 | Attorneys for Defendant, COUNTY OF SAN BERNARDINO

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | GALE SOSTEK; and HERB SOSTEK,   |   Case No. 5:23-cv-02236-MRA (MRWx)

12 | Plaintiffs,   |   **DECLARATION OF STEVEN ALVARADO IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY**

13 | vs.

14 | COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,   |   *Filed concurrently with RENEWED MOTION TO STAY AND DECLARATION OF MICHELLE R. PRESCOTT*

15 | Defendants.

16 | Trial Date: January 28, 2025

17

18

19 | I, Steven Alvarado, declare as follows:

20 | 1.    I am Attorney for Defendant Samuel Fuller . I have personal

21 | knowledge of the facts set forth herein, except as to those stated on information and

22 | belief and, as to those, I am informed and believe them to be true. If called as a

23 | witness, I could and would competently testify to the matters stated herein.

24 | 2.    I am a criminal law attorney. I represent Samuel Fuller, a San

25 | Bernardino County Sheriff Deputy related to the California Department of Justice

26 | investigation into the March 12, 2023, lethal force encounter involving Deputy

27 | Fuller and Kyle Sostek.

28 | 3.      The DOJ investigation is still ongoing. Active investigations are listed

1

DECLARATION OF STEVEN ALVARADO IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  on the DOJ website located at https://oag.ca.gov/ois-incidents/current-cases.  The

2  case involving Deputy Fuller and the March 12, 2023, incident has been assigned

3  case number BI-LA2023-0010.

4      4.    The DOJ investigation concerns the same incident as the lawsuit filed

5  by the Plaintiffs Gale Sostek and Herb Sostek which was filed in the United States

6  District Court for the Central District of California and was assigned Case No. 5:23-

7  cv-02236-MRA (MRWx).

8      5.    I was present during the deposition taken of Samuel Fuller on

9  September 18, 2024.  I instructed my client, and defense counsel in the civil matter

10 that Samuel Fuller should invoke his Fifth Amendment privilege for any questions

11 that touched on the subject matter of the ongoing DOJ investigation.  Mr. Fuller

12 invoked his Fifth Amendment  privilege during the deposition.

13     6.    If the DOJ investigation is still ongoing at the time of trial, I will

14 continue to instruct Deputy Fuller to invoke his Fifth Amendment privilege.

15     7.    I will continue to instruct Deputy Fuller to invoke his Fifth Amendment

16 privilege and not answer questions about the March 12, 2023 lethal force encounter

17 until the DOJ investigation has concluded.

18     I declare under penalty of perjury under the laws of the State of California

19 that the foregoing is true and correct.

20     Executed on this 20th day of November, 2024, at Lake Forest, California.

21

22

23                                Steven Alvarado

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4881-0745-3692.1 SBD-00021

DECLARATION OF STEVEN ALVARADO IN SUPPORT OF
DEFENDANTS' RENEWED MOTION TO STAY