UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:23-cv-02236-MRA-MRW | Date | December 4, 2024 |
|---|---|---|---|
| Title | Gale Sostek, et al. v. County of San Bernardino, et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' EX-PARTE APPLICATION TO MODIFY SCHEDULING ORDER FOR PURPOSE OF HEARING DEFENDANTS' RENEWED MOTION TO STAY [ECF 62]**

Before the Court is Defendants County of San Bernardino and Samuel Fuller's Ex Parte Application to Modify Scheduling Order for Purpose of Hearing Defendants' Renewed Motion to Stay (the "Application"). ECF 62. The Court has read and considered the Application. For the reasons stated herein, the Court **DENIES** the Application without prejudice.

## I. BACKGROUND

On October 30, 2023, Plaintiffs Gale and Herb Sostek, individually and as successors-in-interest of Kyle Sostek, deceased, filed this action against Defendant County of San Bernardino ("County Defendant") and Does 1-10. ECF 1. On March 13, 2024, with leave of the Court, Plaintiffs filed a First Amended Complaint ("FAC"), naming Defendant Samuel Fuller ("Individual Defendant" or "Fuller") as Doe 1. ECF 33. In the operative FAC, Plaintiffs allege that Fuller, a county sheriff's deputy, *id.* ¶ 6, shot the decedent, Kyle Sostek, on March 12, 2023, in Sugarloaf, an unincorporated area in Big Bear, California, within the County of San Bernardino, *id.* ¶¶ 17-18. Plaintiffs state that the decedent was unarmed. *Id.* ¶ 19. Decedent suffered serious physical injury. *Id.* ¶¶ 18, 20. Plaintiffs claim that Fuller failed to timely summon medical attention. Id. ¶ 20. Decedent thereafter succumbed to his injuries. *Id.* ¶ 19. On these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983, state tort law, and the Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶¶ 22-75.

On January 8, 2024, the Court (Judge Sherilyn Peace Garnett presiding) issued a Scheduling Order, setting, *inter alia*, the fact discovery cut-off for August 23, 2024, and the motions hearing deadline for October 16, 2024. ECF 22-1. On July 30, 2024, the Court granted the parties' stipulation to modify the pre-trial schedule, extending the fact discovery cut-off to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:23-cv-02236-MRA-MRW | Date | December 4, 2024 |
|---|---|---|---|
| Title | Gale Sostek, et al. v. County of San Bernardino, et al. | | |

September 23, 2024, and setting the motions hearing deadline for November 15, 2024. ECF 50. On October 8, 2024, the Court granted the parties' second stipulation to modify the pre-trial schedule, extending the expert discovery cut-off to November 4, 2024, but retaining the motions hearing deadline. ECF 59. On October 29, 2024, the Court granted the parties' third stipulation to modify the pre-trial schedule, extending the expert discovery cut-off to December 6, 2024. ECF 61. The Final Pretrial Conference is scheduled for January 8, 2025, and the parties' first round of trial filings are due on December 11, 2024. ECF 22.

On April 3, 2024, Defendants filed their initial Motion to Stay Proceedings pending an ongoing criminal investigation into Fuller by the California Department of Justice ("CA DOJ"). ECF 39. On May 30, 2024, the Court issued its Order denying Defendants' stay motion, holding that Defendants had not met their burden to show a stay is warranted under the factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). ECF 46 at 3. The Court reasoned in summation that, "absent evidence that Fuller has been criminally charged or an indictment is imminent, Fuller's Fifth Amendment rights are real, but not overwhelmingly implicated by the instant case. Weighed against the additional *Keating* factors, this interest does not warrant a stay of proceedings in this case." *Id.* at 13.

On November 21, 2024, Defendants filed the instant Application, requesting that the Court modify the Scheduling Order to allow hearing on Defendants' renewed Motion to Stay after the motions hearing deadline of November 15, 2024. ECF 62. Plaintiffs oppose. ECF 63.

## II. DISCUSSION

Ex parte applications are solely for extraordinary relief and are rarely justified. *Arrendondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 943 (C.D. Cal. 2022) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)); *see also In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("Given the value our system places on the adversarial process, it is not surprising that the opportunities for legitimate ex parte applications are extremely limited."). To justify ex parte relief, the movant "must show why [it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power*, 883 F. Supp. at 492. The application must be supported by admissible evidence showing (1) that "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. This "requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:23-cv-02236-MRA-MRW | Date | December 4, 2024 |
|---|---|---|---|
| Title | Gale Sostek, et al. v. County of San Bernardino, et al. | | |

Defendants argue that ex parte relief is warranted because without a stay, Defendants will be irreparably harmed and unable to properly defend against Plaintiffs' claims. ECF 62 at 1. Plaintiffs respond that Defendants are at fault in creating the emergency giving rise to their Application. ECF 63 at 5-6. The Court agrees with Plaintiffs that Defendants have not established that they are without fault in creating the need to bypass regular motions procedures. *See Mission Power*, 883 F. Supp. at 492.

In their Application, Defendants point to two developments underlying their request for ex parte relief. First, at his deposition on September 18, 2024, Fuller declined to answer questions about the underlying incident by invoking his Fifth Amendment right under the Constitution. ECF 62-1 (Prescott Decl.) ¶ 3. Second, Defendants received additional documents from the CA DOJ regarding this matter on October 14, 2024. *Id.* ¶ 4, Ex. A. Defendants represent that "[a]fter thoroughly reviewing these documents, Defendants decided to renew their motion to stay because it became clear that their defense in this matter would be hindered by Deputy Fuller's invocation of the Fifth Amendment and the speed of the DOJ's investigation of this incident." *Id.* ¶ 6. On November 8, 2024, Defendants' Counsel attempted to meet and confer with Plaintiffs' Counsel regarding the instant Application. *Id.* ¶ 7. Defendants' Counsel represents that Plaintiffs' Counsel was unable to meet and confer until November 13, 2024, thus necessitating the Application. *Id.*

This record reflects that the underlying developments occurred at least one month prior to the November 15, 2024, motions hearing deadline. It is true that Defendants would have been required to file any motion by October 18, 2024, to meet the motions hearing deadline. *See* L.R. 6-1 (providing that motions must be noticed for hearing at least 28 days prior to the hearing date). Yet Defendants provide *no* explanation for why they waited until November 21, 2024, a week *after* the motions hearing deadline and within three weeks of the trial filing deadline, to make their request. *See* ECF 22, 59. It is clear that the emergency presented here could have been avoided had Defendants promptly moved to amend the Scheduling Order upon receipt of the CA DOJ records. Indeed, Defendants agreed to other modifications of the pretrial schedule during the relevant time period. *See* ECF 58, 60. It is also curious that Defendants' Counsel waited *approximately three weeks* after receiving the records to attempt a meet and confer with Plaintiffs' Counsel, only to not meet and confer at a mutually agreeable time and wait *an additional two weeks* to file its request. *See* Prescott Decl. ¶¶ 4, 7. Furthermore, contrary to Defendants' Counsel's representations, she did not send the documents to Plaintiffs' Counsel until *after* filing the instant Application. ECF 63-1 (Valenzuela Decl.) ¶¶ 1-3, Exs. A-C (reflecting that Defendants' Counsel identified certain documents from the CA DOJ by email to Plaintiffs' Counsel on October 14, 2024, but did not produce the documents to Plaintiffs' Counsel until November 21, 2022, after filing the instant Application); *cf.* Prescott Decl. ¶ 5 (stating that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:23-cv-02236-MRA-MRW | Date | December 4, 2024 |
|---|---|---|---|
| Title | Gale Sostek, et al. v. County of San Bernardino, et al. | | |

Defendants' Counsel "immediately sent" the DOJ documents to Plaintiffs' Counsel).

With the trial filing deadline looming, it must be stressed that "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have." *In re Intermagnetics Am., Inc.*, 101 B.R. at 193. The Court finds that ex parte relief is not warranted.

Even if the Court were to consider the merits of Defendants' underlying request to modify the Scheduling Order, the same result would follow. A scheduling order entered pursuant to Federal Rule of Civil Procedure Rule 16 "controls the course of the action[.]" *Id.* 16(d). Once entered, it "may be modified only for good cause and with the judge's consent." *Id.* 16(b)(4). Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts should grant a motion to amend a scheduling order only if the deadlines the party seeks to amend could not have been "reasonably [] met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609; *id.* at 610 ("[A]s a practical matter, extraordinary circumstances is a close correlate of good cause.").

Defendants argue that "good cause exists because of the recent developments in this litigation." ECF 62 at 5. However, far from presenting any evidence establishing their diligence in moving to amend the Scheduling Order, Defendants merely repeat their arguments that the CA DOJ documents contain "[v]aluable information" and that "justice would be served in this matter by allowing the [CA DOJ] investigation to conclude before allowing these proceedings to go to trial." *Id.* These contentions plainly miss the mark. Based on the facts presented and for reasons explained above, the Court finds that Defendants have not shown that they exercised due diligence.

Moreover, Defendants have not demonstrated that the recent developments constitute new evidence or information. That Fuller invoked his Fifth Amendment right at his deposition should have come as no surprise to Defendants. In fact, in moving to stay this case in April 2024, Defendants "ha[d] already confirmed with Deputy Fuller and his counsel that Deputy Fuller intends to affirmatively invoke his Fifth Amendment right against self-incrimination for the duration of this action until such time as the investigation by the DOJ has concluded." ECF 39 at 3. In addition, apart from broadly claiming that the CA DOJ documents are "valuable," Defendants do not cite any specific, new information revealed by the documents that was not already known to Defendants. ECF 62 at 5; *cf.* Valenzuela Decl. ¶ 8 (stating, based on Plaintiffs' Counsel's review, that the additional CA DOJ documents consist of reports and images of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:23-cv-02236-MRA-MRW | Date | December 4, 2024 |
|---|---|---|---|
| Title | Gale Sostek, et al. v. County of San Bernardino, et al. | | |

electronic data extractions from decedent's devices and certain 3-D imaging scans that are "digitally recreated replicas" of scene photos produced early in the litigation). On this point, Defendants' renewed Motion to Stay is revealing. *See generally* Prescott Decl. ¶ 8, Ex. C (ECF 62-1 at 10-57). Defendants only reference the CA DOJ's production of documents—not the contents of the production—in a single paragraph as evidence that the DOJ investigation has caused delay in obtaining evidence for their defense. ECF 62-1 at 20-21. Lacking in specifics, this information does not warrant untimely reconsideration of the Court's Order declining to stay this action. *See* L.R. 7-18 (providing that motions for reconsideration must be filed no later than 14 days after the entry of the subject order, absent good cause shown, and may be made on the grounds of, *inter alia*, material differences of fact and the emergence of new material facts).

### III. CONCLUSION

For the reasons stated herein, Defendants' Application is **DENIED** without prejudice.

**IT IS SO ORDERED.**

\_\_\_\_ - \_\_\_\_ : \_\_\_\_ -

Initials of Deputy Clerk     gga