LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK, et al., <br>     Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO, et al., <br>     Defendants. | Case No.: 5:23-cv-2236 MRA (MRWx) <br><br> [*Honorable Mónica Ramírez Almadani*] <br><br> **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> **<u>Pre-Trial Conference:</u>** <br> Date: January 8, 2025 <br> Time: 3:00 p.m. <br><br> **<u>Trial:</u>** <br> Date: January 28, 2025 <br> Time: 8:30 a.m. |

Pursuant to Local Rule 16-4, Plaintiffs hereby submit the following Memorandum of Contentions of Fact and Law.

## A. SUMMARY STATEMENT OF THE CLAIMS PLAINTIFFS HAVE PLEAD AND PLAN TO PURSUE

**Claim 1**: Defendant Samuel Fuller violated Decedent's Fourth Amendment Rights when he used unreasonable and excessive deadly force against him. Plaintiffs seek wrongful death damages, survival damages (including pre-death pain and suffering and loss of enjoyment of life), punitive damages, and reasonable attorneys' fees under this claim.

**Claim 2**: Defendant Fuller violated Plaintiffs' Fourteenth Amendment rights to be free from state actions that deprive individuals of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their son, Decedent. As a result of the unreasonable and excessive force by Defendant Fuller against Decedent, Decedent died. Therefore, Plaintiffs have been deprived of their constitutional right to a familial relationship with Decedent and Defendant Fuller thus violated the Fourteenth Amendment rights of the Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent. Plaintiffs seek wrongful death damages and reasonable attorneys' fees under this claim.

**Claim 3**: Defendant Fuller committed battery against Decedent when he used excessive and unreasonable deadly force against Decedent. The County of San Bernardino is vicariously liable for the wrongful acts of Defendant Fuller pursuant to § 815.2(a) and §820(a) of the California Government Code. Plaintiffs seek wrongful death damages, survival damages (including pre-death pain and suffering and loss of enjoyment of life), punitive damages and reasonable attorney fees under this claim. Plaintiffs also seek recovery for funeral and burial expenses.

**Claim 4**:   The actions and inactions of the Defendant Fuller were negligent, including but not limited to the negligent tactics and handling of the situation with Decedent and pre-shooting negligence.  County is vicariously liable for the wrongful acts of Defendant Fuller pursuant to § 815.2(a) of the California Government Code.  Plaintiffs seeks wrongful death damages and reasonable attorneys' fees under this claim.  Plaintiffs also seek recovery for funeral and burial expenses.

**Claim 5**:   Defendant Fuller violated the Bane Act, Ca. Civ. Code, § 52.1.  County is vicariously liable for the wrongful acts of Defendant Fuller pursuant to § 815.2(a) and §820(a) of the California Government Code.   Plaintiffs seek survival damages (including pre-death pain and suffering and loss of enjoyment of life), punitive damages and reasonable attorneys' fees under this claim.

### B. THE ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS' CLAIMS

<u>Elements Required to Establish Plaintiffs' Claim for Violation of the Decedent's Fourth Amendment Rights</u>

1. Defendant Fuller acted under color of law;
2. Defendant Fuller used excessive force;
3. The excessive force was a cause of injury, damage, loss, or harm to the Decedent.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  The trier of fact must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to the inquiry.

In determining whether the officer used excessive force in a particular case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officer at the time force was applied;

2. whether the Decedent posed an immediate threat of death or bodily injury to the officer[s] or to others;

3. whether the Decedent was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to subdue the Decedent;

7. whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given; and

8. whether it should have been apparent to the officers that the person they used force against was emotionally disturbed. *See* Ninth Circuit Manual of Model Jury Instructions, No. 9.25.

<u>Elements Required to Establish Plaintiffs' Claim for Violation of their Fourteenth Amendment Rights to be Free from Interference with Familial Relationship</u>

1. Defendant Fuller acted under color of law;

2. Defendant Fuller's conduct shocks the conscience;

3. If actual deliberation is practical, conduct that shocks the conscience is found when the Defendants acted with deliberate indifference;

4. If actual deliberation is not practical, conduct that shocks the conscience is found when the Defendant acted with a purpose to harm unrelated to a legitimate

-3-   Case No. 5:23-cv-2236 MRA (MRWx)

law enforcement objective. *See Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010); *see also Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008).

<u>Elements Required to Establish Plaintiff's Claim for Battery (Wrongful Death)</u>
1. That Samuel Fuller used deadly force on Kyle Sostek;
2. That Samuel Fuller's use of deadly force was not necessary to defend human life; and
3. That Kyle Sostek was killed; and
4. That Samuel Fuller's use of deadly force was a substantial factor in causing Kyle Sostek's death.

Samuel Fuller's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Samuel Fuller at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Samuel Fuller or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed. "Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Samuel Fuller and Kyle Sostek leading up to the use of deadly force. In determining whether Samuel Fuller's use of deadly force was necessary in defense of human life, you must

consider Samuel Fuller's tactical conduct and decisions before using deadly force on Kyle Sostek and whether Samuel Fuller used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Samuel Fuller knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics. *See* CACI 1305B.

Elements Required to Establish Plaintiffs' Claim for Negligence (Wrongful Death)

1. Defendant Samuel Fuller was negligent; and
2. That Defendant Fuller's negligence was a cause of the Decedent's death. *See* CACI 400, 401.

Defendant Fuller's tactical conduct and decisions before using deadly force against Decedent is a factor to consider. *See* CACI 440.

Elements Required to Establish Plaintiffs' Claim for Violation of the Bane Act

1. That Defendant Fuller used excessive force against Decedent;
2. That Defendant Fuller intended to violate the Constitutional rights of Decedent to be free from excessive force by demonstrating a reckless disregard of his rights; and

       3.     The use of excessive force was a cause of harm and/or damages to the Decedent.  See *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

## C. DESCRIPTION OF KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS

1. Death Certificate
2. Autopsy Report (including diagrams, not including Toxicology tests/results)
3. Photos of Decedent's Injuries
4. Photos of Decedent Prior to Incident
5. Audio Recordings of the Incident (belt recorders)
6. Photos taken at the Scene, including of the blood evidence, foot prints in the snow and bullet shell casings
7. Audio Recorded Radio Communications
8. Deposition of Defendant Fuller
9. Plaintiffs' Depositions
10. Audio Recorded Interview of Deputy Everman
11. Deposition of Deputy Everman

## D. ANTICIPATED EVIDENTIARY ISSUES

Plaintiff plans to file the following motions in limine:

1. Motion in Limine No. 1 to exclude evidence regarding information not known to the shooting deputy at the time of the use of force such as the results of the toxicology tests for Decedent at autopsy, Decedent's tattoos and Diane Bilodeau's statement provided to investigators which were not communicated to Deputy Fuller prior to the shooting.
2. Defendant Fuller plead the fifth during his deposition and may do the same at trial and Plaintiffs would seek an adverse inference instruction.

Plaintiffs would also object to any discovery being admitted which was not produced to Plaintiffs on or by the discovery cut-off.

### E. **BIFURCATION OF ISSUES**

Plaintiffs would like to reserve their right to bifurcate liability and compensatory damages if the Court decides to allow certain prejudicial evidence in against the Plaintiffs on the issue of damages only.

### F. **THE TRIAL IS BY JURY**

The issues herein are triable to a jury as a matter of right. The parties made a timely demand for trial by jury.

### G. **ATTORNEYS' FEES**

If Plaintiffs prevail, reasonable attorney fees are recoverable pursuant to 42 U.S.C. § 1988 and Cal. Code Civ. Proc. § 1021.5.

### H. **ABANDONMENT OF ISSUES**

Plaintiffs abandon their denial of medical care claim at this time.

Respectfully submitted.

DATED: December 10, 2024    LAW OFFICES OF DALE K. GALIPO

By: /s/ Eric Valenzuela
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs