1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
5  Facsimile:   (818) 347-4118

6  *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE SOSTEK, et al.,<br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br>        Defendants. | Case No.:  5:23-cv-2236 MRA (MRWx)<br><br>[*Honorable Mónica Ramírez Almadani*]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE SPECIFIC ITEMS OF INFORMATION ACQUIRED AFTER THE SHOOTING AND NOT KNOWN TO THE SHOOTING OFFICER AT THE TIME OF THE INCIDENT**<br><br>[[Proposed] Order; Declaration of Eric Valenzuela in Support of Plaintiffs' Motions in Limine and attached exhibits *filed concurrently herewith*]<br><br>Date:   January 8, 2025<br>Time:   3:00 p.m.<br>Ctrm:   10B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that on January 8, 2025 at 3:00 p.m. in the above-referenced court, Plaintiffs will and do hereby move to exclude specific items of information at trial in this matter that were acquired after the shooting, and not known to the shooting officer at the time of the shooting, including:

(1) Diane Bilodeau's statement provided to investigators which was not communicated to Defendant Fuller prior to the shooting; and

(2) Decedent's tattoos.

**Statement of Local Rule 7-3 Compliance**:  This motion is made following a conference of counsel during which no resolution could be reached.

Plaintiffs base their motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Eric Valenzuela in Support of Plaintiffs' Motions in Limine and Exhibits attached thereto, any Reply in Support of Plaintiffs' Motion in Limine; Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this honorable court.

Respectfully submitted,

Dated: December 11, 2024              LAW OFFICES OF DALE K. GALIPO

                                             By_____/s/ Eric Valenzuela_____
                                                 Eric Valenzuela
                                                 Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE AFTER-ACQUIRED INFORMATION

## I. INTRODUCTION

This civil rights case involves the March 12, 2023 shooting death of Mr. Kyle Sostek ("Decedent") by County of San Bernardino Sheriff's Deputy Samuel Fuller.

On Saturday, March 11, 2023, Big Bear Sheriff's Station personnel conducted their pre-shift briefing. During the briefing, information regarding a felony arrest warrant for Decedent was discussed. Sostek's arrest warrant indicated he was an armed and dangerous parolee at large and drove a white Honda Civic.

On Sunday, March 12, 2023, at approximately 0157 hours, Deputy Fuller located Decedent inside the Honda Civic near the intersection of Big Bear Boulevard and Green Way, in Big Bear. Fuller initiated a traffic enforcement stop, Decedent failed to yield, and a vehicle pursuit ensued. The vehicle pursuit continued for approximately seven minutes, and terminated in a cul-de-sac on Vista Avenue, in the community of Sugarloaf. Both Fuller and Sgt. John Everman were involved in the vehicle pursuit. At the conclusion of the vehicle pursuit, a lethal force encounter occurred, and Decedent was pronounced deceased at the scene.

It is undisputed that Decedent was unarmed at the time of the incident and that Fuller never gave a verbal warning that deadly force would be used prior to shooting Decedent. It is also undisputed that Decedent never physically touched Fuller or his gun/equipment prior to the shooting. Further, Decedent never verbally threatened any of the officers and the belt recorder captures Decedent telling Fuller that he just wants to talk to him shortly before the shooting begins. It is also undisputed that Decedent never attempted to punch or kick any of the deputies and there were also two deputies on scene to deal with one unarmed individual and there was less than

lethal options, including the taser in Everman's hand, OC spray and batons. In fact, Everman already had pulled his taser out and was prepared to use it on Decedent, when Fuller began to fire his gun.

Approximately a month after the shooting on April 11, 2023, Decedent's girlfriend, Diane Bilodeau, was interviewed by investigators. Obviously, Ms. Bilodeau's statements made during her interview with investigators were not known to Fuller prior to the shooting.

Decedent has a tattoo on his abdomen that says "fuck cops". See Photo of Decedent's Tattoo, attached hereto as Exhibit "B" to Valenzuela Declaration. However, Defendant Fuller refused to provide an interview to investigators after the shooting and plead the Fifth Amendment during his deposition when asked about the incident. Therefore, it is unknown if Fuller was aware of Decedent's tattoos prior to the shooting. Decedent's tattoos were described in the briefing packet that was discussed with the deputies during the pre-shift briefing.

This motion in limine is intended to exclude evidence that Defendants acquired after the fact and that was unknown to Fuller at the time of the shooting, and therefore cannot be taken into consideration under a totality of the circumstances analysis to determine whether the use of deadly force was reasonable or not. Specifically, any information that Ms. Bilodeau provided to investigators, which was not communicated to Fuller prior to the shooting and Decedent's tattoos.

## II. THE U.S. SUPREME COURT AND THIS CIRCUIT EXPRESSLY PROHIBIT USING INFORMATION UNKNOWN TO THE OFFICERS AT THE TIME OF THE SHOOTING (OR ACQUIRED AFTER THE FACT) TO DETERMINE THE REASONABLENESS OF A USE OF FORCE

In determining whether Deputy Fuller's use of deadly force was unreasonable, only information which was known to the officer at the time of the

incident is relevant.  In this Circuit, information not known to the officer at the time of the shooting should not be taken into consideration.  *See Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir.2013) (holding that "we can only consider the circumstances of which [the officers] were aware when they employed deadly force.... Accordingly, when analyzing the objective reasonableness of the officers' conduct under *Graham*, we cannot consider the fact that [the decedent] was intoxicated or that he had previously used a knife in harming himself"). *Id.* at 1232–33.  This issue was also addressed by the Ninth Circuit in *Glenn v. Wash. Cnty.*, 673 F.3d 864 (9th Cir.2011), which stated that "[w]e cannot consider evidence of which the officers were unaware-the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id*. at 873 n. 8 (citing *Graham* ).  Accordingly, in this Circuit, unknown, pre-shooting knowledge is inadmissible to establish the reasonableness of an officer's conduct.

  Further, in the Ninth Circuit, juries are instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *See* Ninth Circuit Model jury Instruction 9.25.  The Ninth Circuit Model Instruction for excessive force claims further informs the jury "in determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene". *See* Ninth Circuit Model jury Instruction 9.25.

 In light of how the jury will be instructed and given the great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and circumstances that Defendant Fuller was not confronted with or that were otherwise unknown to him at the time he made the decision to use deadly force against Decedent, would be improper.  In addition, since this type of evidence is not relevant to the jury's reasonableness determination, any probative

value would be substantially outweighed by the risk of unfair prejudice that the jury would rest its decision on an improper basis and judge the shooting with 20/20 hindsight.  For these reasons and because the evidence is unduly prejudicial and improper character evidence, evidence regarding any information provided by Ms. Bilodeau to investigators which was not known to Fuller at the time of the shooting and Decedent's tattoos should be excluded as set forth below.

### III.  DIANE BILODEAU'S STATEMENTS SHOULD BE EXCLUDED

Ms. Bilodeau was interviewed by investigators on April 11, 2023, almost a month after the shooting.  It is anticipated that Defendants will attempt to introduce at trial information provided by Diane Bilodeau to investigators after the shooting which was unknown to Defendant Fuller at the time the shooting.  This information includes statements allegedly made by Decedent to Ms. Bilodeau such as that Decedent was scared/terrified of the police and did not want to go back to jail, that due to his mental illness he had a very difficult time incarcerated.  See Diane Bilodeau Interview, attached as Exhibit "A" to Valenzuela Decl. at pg. 24:6-25:12.  Obviously the statements made by Ms. Bilodeau to investigators almost a month after the shooting, were unknown to Defendant Fuller at the time of the shooting.  Therefore, any information Ms. Bilodeau provided to investigators after the shooting, which was never communicated to Fuller prior to the shooting, was unknown to Deputy Fuller at the time of the shooting, and is improper hindsight evidence which should be excluded from trial.

**A. Information Provided by Ms. Bilodeau which was Unknown to Montoya and Rheault at the Time of the Shooting is Irrelevant.**

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the

determination or the action more probable or less probable than it would be without the evidence. Rule 402 states in part that evidence which is not relevant is not admissible. Evidence of facts and circumstances not known to Defendant Fuller during his encounter with Decedent is irrelevant and therefore inadmissible under Rule 402. *Graham v. Connor*, 490 U.S. 385, 397 (1989); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). In cases alleging excessive force, the focus should be on the perspective of an officer on the scene at that time, "rather than with the 20/20 vision of hindsight." *United States v. Schatzle*, 901 F.2d 252, 254 (2d Cir. 1990). Therefore, evidence of information provided by Ms. Bilodeau to investigators after the shooting, which was unknown to Deputy Fuller at the time of the shooting, is irrelevant as to whether his use of deadly force was reasonable and should be excluded at trial.

**B. Information Provided by Ms. Bilodeau which was Unknown to Montoya and Rheault at the Time of the Shooting is Unduly Prejudicial.**

Even assuming *arguendo* that this hindsight evidence had some slight probative value, the Court should nevertheless exclude such evidence under Rule 403. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

The introduction of any evidence regarding information provided by Ms. Bilodeau which was unknown to Fuller at the time of the shooting would be extremely prejudicial and inflammatory. As such, it will unfairly prejudice the jury against Decedent and Plaintiffs. Even a limiting instruction would only serve to further highlight the evidence and lengthen its exposure to the jury. *See Stringer*, 2009 WL 5215396, at *3.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether the use of deadly force used against Decedent was reasonable under the circumstances. Attempting to speculate as to Decedent's subjective state of mind at the time of the shooting, based on the statements provided by Ms. Bilodeau approximately a month after the shooting, will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute, which will unduly consume this Court's and the jury's time. The jury may be misled into believing that they should consider information not known to Fuller at the time of the shooting in assessing the reasonableness of the deadly force used against Decedent. Judicial economy and the interests of justice will be served by curtailing collateral and irrelevant evidence and focusing the jury's attention on the circumstances that were actually known to Fuller at the time of the shooting.

In sum, this improper hindsight evidence does not make a material disputed fact more likely than not, and would only serve to promote decision on an improper basis, and to distract the jury from the real factual dispute of what precise circumstances Fuller confronted during the incident. Accordingly, the Court should exclude such evidence at trial.

### C. The Evidence should also be Excluded Under Rule 404.

The evidence is also impermissible character evidence under Federal Rules of Evidence 404(a). Under Rule 404(a) "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait". Therefore, the evidence is impermissible character evidence under Rule 404 because Defendants seek to introduce it to prove conduct in conformity therewith during the incident. "The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant…" *Palmerin*, 794 F.2d at 1414. Thus, the information provided by Ms. Bilodeau after the shooting, which was unknown to Fuller at the time of the shooting, must also be excluded under Rule 404, to the extent that its relevance would require a speculative inference that he acted in conformity with those alleged statements on this particular occasion.

### IV. DECEDENT'S TATTOOS SHOULD BE EXCLUDED AT TRIAL

The concern regarding Decedent's tattoo which says "F" cops is that a jury would infer that because Decedent has such a tattoo then he must of tried to attempt to attack the involved officers as alleged by the defense. However, it would be pure speculation to argue that Decedent's tattoo had anything to do with his actions during the incident. Decedent's tattoos were described in one of the documents in the pre-shift briefing packet which was discussed during the pre-shift briefing with the deputies. However, it is unknown if Fuller was aware of this information prior to the shooting. Fuller has not provided any interviews regarding the incident and plead the Fifth Amendment during his deposition when asked about the incident.

To the extent that Fuller was unaware of Decedent's abdomen tattoo prior to shooting Decedent, this information is improper hindsight evidence which should be excluded from trial because "the 20/20 vision of hindsight cuts both ways." *See Glenn*, 673 F.3d at 873 n. 8. The trier of fact can only consider the circumstances of which Fuller was aware of when he used deadly force against Decedent, when analyzing the objective reasonableness of Fuller's conduct. *See Hayes*, 736 F.3d at 1232-33. Unknown, pre-shooting knowledge—such as Decent's tattoos—is inadmissible to establish the reasonableness of Fuller's use of deadly force. Allowing this information to be introduced at trial would cause a mini-trial on an issue that was unknown to Fuller at the time of the shooting, to begin with, and will also consume this Court's and the jury's time. In sum, Decedent's abdomen tattoo should be excluded at trial because it was unknown to Fuller at the time he used deadly force against Decedent.

Even assuming *arguendo* that this hindsight evidence had some slight probative value, the Court should nevertheless exclude such evidence under Rule 403 because any potential probative value is substantially outweighed by the danger of the unfair prejudice to Plaintiffs. The evidence is also impermissible character evidence under Federal Rules of Evidence 404(a) and is not admissible to prove that on this particular incident Decedent acted in conformity therewith said character or trait. Accordingly, information regarding Decedent's abdomen tattoo should be excluded from trial.

### V. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude the following evidence and information that was acquired after the shooting and not known to the shooting officer at the time of the shooting, including:

(1) Diane Bilodeau's statement provided to investigators which was not communicated to Defendant Fuller prior to the shooting; and

(2) Decedent's tattoos.

Respectfully submitted,

DATED:  December 11, 2024        LAW OFFICES OF DALE K. GALIPO

                                 By        /s/ Dale K. Galipo
                                     Dale K. Galipo
                                     Eric Valenzuela
                                     Attorneys for Plaintiffs