Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF
SAN BERNARDINO and SAMUEL
FULLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, | Case No. 5:23-cv-02236-MRA (MRWx) |
| Plaintiffs, | **DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| vs. | |
| COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, | FPTC            January 8, 2025 |
| | Trial Date:      January 28, 2025 |
| Defendants. | |

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 16-4, Defendants COUNTY OF SAN BERNARDINO and SAMUEL FULLER (collectively, "Defendants") submit their Memorandum of Contentions of Fact and Law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    FACTUAL CONTENTIONS ........................................................................6

II.   CLAIMS AND DEFENSES (L.R. 16-4.1) .......................................................8

      Claim 1: Fourth Amendment Excessive Force (42 U.S.C. §1983)................11

III.  BIFURCATION OF ISSUES (L.R. 16-4.3) ....................................................24

      A.    Punitive Damages are Separately Tried as a Matter of Course in Section 1983 Cases Such as This...........................................................25

IV.   JURY TRIAL (L.R. 16-4.4) .........................................................................25

V.    ATTORNEYS' FEES (L.R. 16-4.5) ...............................................................25

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bates v. United Parcel Service*,
  204 F.R.D. 440, 448 (N.D. Cal. 2001) ...............................................................25

*Calmar, Inc. v. Emson Research, Inc.*,
  850 F.Supp. 861 (C.D. Cal. 1994)........................................................................25

*Edson*, *supra*, 63 Cal.App.4th at 1272-1273.)...................................................14

*Gilbert v. State Farm Mut. Auto. Ins. Co.*,
  311 F.R.D. 685 (M.D. Fla. 2015) ........................................................................25

*Graham v. Connor*,
  490 U.S. 386 (1989) .....................................................................................11, 12

*Mattos v. Agarano*,
  661 F.3d 433 (9th Cir. 2011) (en banc) ..............................................................11

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*,
  440 F.Supp.2d 1333 (M.D. Fla. 2006) ...............................................................25

*Monroe v. Griffin*,
  2015 WL 5258115 (N.D. Cal. 2015) ...................................................................25

*Porter v. Osborn*,
  546 F.3d 1131 (9th Cir. 2008) .............................................................................13

*Saenz v. Reeves*,
  2013 WL 2481733 (E.D. Cal. 2013) ...................................................................25

*Wilkinson v. Torres*,
  610 F.3d 546 (9th Cir. 2010) ...............................................................................13

*Williamson v. City of Nat'l City*,
  23 F.4th 1146 (9th Cir. 2022)..............................................................................11

**State Cases**

*City of Simi Valley v. Superior Court*
  (2003) 111 Cal.App.4th 1077 ..............................................................................15

4932-0871-3733.1 SBD-00021 DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

*Hayes v. Cnty. of San Diego*
    (2013) 57 Cal. 4th 622 ........................................................................... 14

*Jones v. Kmart Corp.*
    (1998) 17 Cal.4th 329 ..................................................................... 14, 15

*Martinez v. County of Los Angeles*
    (1996) 47 Cal. App. 4th 334 ................................................................ 14

*Venegas v. County of Los Angeles*
    (2004) 32 Cal.4th 820 .......................................................................... 14

**Federal Statutes**

42 U.S.C. § 1983 ............................................... 8, 9, 10, 11, 13, 25

42 USC 1983 ............................................................................................ 26

Civil Rights Attorney's Fee Award Act of 1976, 42 USC § 1988 ........ 26

**State Statutes**

Bane Act .......................................................................................... 14, 15

Bane Act (Cal. Civil Code § 52.1) .......................................... 9, 11, 14

Cal. Penal Code § 835a .......................................................................... 14

**Rules**

Fed. R. Civ. P., Rule 38 ........................................................................ 25

L.R. 16-4.1 (i) ...................................................................................... 24

L.R. 16-4.1 (a) ........................................................................................ 8

L.R. 16-4.1 (b) ........................................................................................ 9

L.R. 16-4.1 (c) .............................................................................. 11, 15

L.R. 16-4.1 (d) ...................................................................................... 19

L.R. 16-4.1 (e) .............................................................................. 19, 27

L.R. 16-4.1 (f) ...................................................................................... 20

L.R. 16-4.1 (g) ...................................................................................... 24

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND
LAW

L.R. 16-4.1 (h) ................................................................................... 24

L.R. 16-4.3 ......................................................................................... 24

L.R. 16-4.4 ......................................................................................... 25

L.R. 16-4.5 ......................................................................................... 25

L.R. 16-4.6 ......................................................................................... 27

Rule 42(b) ......................................................................................... 25

**Constitutional Provisions**

Fourth Amendment .................................................................... 11, 12

Fifth Amendment .................................................................................. 8

Fourteenth Amendment ..................................................................... 13

U.S. Const. Amendment XIV, § 1 ...................................................... 13

U.S. Constitution ............................................................................... 11

United States Constitution .................................................................. 9

**Other Authorities**

CACI 405 ........................................................................................... 19

CACI No. 441 .................................................................................... 11

CACI No. 1305B ................................................................................ 10

California Assembly Bill 1506 ............................................................. 8

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND
LAW

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## I.   FACTUAL CONTENTIONS

This matter involves a March 12, 2023, office involved lethal force encounter with Kyle Sostek ("decedent"), who was 34 at the time.

On March 11, 2023, the Big Bear Sheriff's Station personnel conducted their pre-shift briefing.  Deputy Samuel Fuller was present at the briefing, as was Sgt. Everman.  During the briefing, information regarding a felony arrest warrant for Kyle Sostek was discussed.  The arrest warrant indicated that the decedent was an armed and dangerous parolee at large. He was known to drive a white Honda Civic, with a distinctive tear drop decal.

On March 12, 2023, at approximately 1:57 a.m., Deputy Samuel Fuller located the decedent's vehicle near the intersection of Big Bear Blvd. and Green Way, in the City of Big Bear.  Deputy Fuller attempted to initiate a traffic enforcement stop.  The decedent failed to yield, and a vehicle pursuit ensued.  The vehicle pursuit passed by an accident scene where Sgt. Everman was conducting an investigation. Sgt. Everman discontinued the accident investigation and followed behind Deputy Fuller and requested a helicopter.

The vehicle pursuit continued for approximately seven minutes.  The decedent was driving recklessly blowing through multiple stop signs and driving at a high rate of speed, given weather conditions.  The decedent turned down an unlit dead-end street in the community of Sugarloaf, terminating the vehicle pursuit.   The audio recording of Deputy Fuller indicates that a foot pursuit began and within less than 20 seconds shots were fired.

| 01: Male: | See what happens here. |
| 04: Dispatch: | 10-4 |
| 06: Dep. Fuller: | (unintelligible) f@@@ing hands. |
| 07: Decedent: | (unintelligible) |
| 08: Dep. Fuller: | Back up! |

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| 08: Decedent: | (unintelligible) jail. |
| 09: Dep. Fuller: | Back up! |
| 10: Male: | (unintelligible) weapons. |
| 10: Dep. Fuller | Back up! |
| 13: Decedent: | I just (unintelligible.) |
| 13: Dep. Fuller: | Back up, Turn around! |
| 14: Decedent: | You, I just (unintelligible) |
| 15:-16: | Gunshots fired. |

Sgt. Everman was approximately 50 yards behind Deputy Fuller's patrol vehicle when he saw the decedent's Honda stop at the dead end of the street. Deputy Fuller stopped right behind the decedent's vehicle. Sgt. Everman closed the distance as quickly as possible and stopped approximately 20 to 50 feet behind Deputy Fuller's vehicle. Before Sgt. Everman could exit the vehicle, both Deputy Fuller and the decedent opened their car doors and exited their vehicles. The decedent looked huge and towered over Deputy Fuller and took almost a run toward Deputy Fuller and his patrol vehicle. Sgt. Everman could hear Deputy Fuller and the decedent yelling something, but he could not hear what was being said because the patrol siren was on. Within five seconds of the decedent exiting his vehicle, he had already run passed the open driver's door of Deputy Fuller's patrol car and was within arm's reach of Deputy Fuller who was backing up to behind his patrol car. Deputy Fuller had out his handgun, Sgt. Everman drew his taser since Deputy Fuller already had the decedent covered with lethal force. Sgt. Everman could not get a good line of sight on the decedent and as he ran toward the back of Deputy Fuller, he heard shots fire.

Sgt. Everman grabbed the decedent and guided him to the ground. He grabbed the decedent's hands and looked for a weapon, and none was seen in his hands. After he guided the decedent to the ground, Sgt. Everman activated his audio recording and asked Deputy Fuller to search the decedent. No weapons were found on the decedent.

7

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    Sgt. Everman began CPR and first aid when the decedent stopped breathing. Sgt.

2    Everman did chest compressions for approximately 15 minutes before medical

3    assistance arrived.  Kyle Sostek succumbed to his injuries.

4         Pursuant to California Assembly Bill 1506 (AB 1506), the California

5    Department of Justice (DOJ) is required to investigate all incidents of an officer-

6    involved shooting resulting in the death of an unarmed civilian in the state.

7    Historically, these critical incidents in California had been primarily handled by local

8    law enforcement agencies and the state's 58 district attorneys.  However, beginning

9    on July 1, 2021, AB 1506 mandates that independent, statewide prosecutor investigate

10   and review officer-involved shootings of unarmed civilians and review for potential

11   liability.  The DOJ is not required to complete its investigations within any particular

12   timeframe.   The California Department of Justice is investigating the shooting

13   because Sostek was unarmed.  On advice of counsel, and because of the ongoing

14   investigation, Deputy Fuller has elected to rely upon his Fifth Amendment privilege

15   and not to provide testimony about the incident while the investigation is ongoing.  It

16   is anticipated he will continue to assert his Fifth Amendment privilege during trial in

17   this matter.

18   **II.    CLAIMS AND DEFENSES (L.R. 16-4.1)**

19        Plaintiffs' First Amended Complaint (Dkt. 33) is the operative pleading in this

20   action. Defendants filed their answer to the FAC on April 3, 2024. (Dkt. 38.)

21        **(a)    Plaintiff's Claims (L.R. 16-4.1 (a))**.

22        (1)    Claim 1: Unreasonable Search and Seizure – 42 U.S.C. §1983 against

23   Defendant Samuel Fuller; and

24        (2)    Claim 2: Unreasonable Search and Seizure – Denial of Medical Care (42

25   U.S.C. §1983) against Defendant Samuel Fuller;

26        (3)    Claim 3: Substantive Due Process Violation – (42 U.S.C. §1983) against

27   Defendant Samuel Fuller;

28        (4)    Claim 4: Battery (survival and wrongful death) against Defendants Fuller

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

1    and the County;

2        (5)    Claim 5: Negligence (survival and wrongful death) against Defendants

3    Fuller and the County;

4        (6)    Claim 6: Violation of Bane Act (Cal. Civil Code §52.1) against

5    Defendants Fuller and the County.

6        **(b)**    **Elements Required to Establish Plaintiff's Claims  (L.R. 16-4.1 (b))**

7        (1)    Elements Required to Establish Plaintiff's Claim for Unreasonable

8    Search and Seizure – 42 U.S.C. §1983

9        (i)    That Deputy Fuller acted under color of state law;

10        (ii)    That Deputy Fuller's shooting of Kyle Sostek was not objectively

11    reasonable from the perspective of a reasonable officer; and

12        (iii)    The shooting of Kyle Sostek by Deputy Fuller deprived the Kyle

13    Sostek of his particular rights under the laws of the United States Constitution.

14        (See, Ninth Circuit Manual of Model Jury Instructions: Civil §9.3 & §9.25,

15    (2017), revised 2024.)

16        (2)    Elements Required to Establish Plaintiff's Claim for Unreasonable

17    Search and Seizure – Denial of Medical Care  – 42 U.S.C. §1983

18        (i)    Deputy Fuller made an intentional decision regarding the denial of

19    needed medical care;

20        (ii)    The denial of needed medical care put the Decedent at substantial risk of

21    suffering serious harm; and

22        (iii)    Deputy Fuller did not take reasonable available measures to abate or

23    reduce the risk of serious harm, even though a reasonable officer under the

24    circumstances would have understood the high degree of risk involved – making the

25    consequences of Deputy Fuller's conduct obvious; and

26        (iv)    By not taking such measures Defendant Fuller caused the Decedent's

27    injuries.

28        (See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.30 (2017),

9

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND
LAW

1  revised 2024.)

2  (3)  <u>Elements Required to Establish Plaintiff's Claim for Substantive Due</u>

3  <u>Process Violation – (42 U.S.C. §1983)</u>

4  (i)  Whether Deputy Fuller acted with a "purpose to harm" the victim for

5  reasons unrelated to legitimate law enforcement objectives; or

6  (ii)  Whether Deputy Fuller acted with "deliberate indifference" to the

7  decedent.

8  (See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.32 (2017),

9  revised 2024.)

10  (4)  <u>Elements Required to Establish Plaintiff's Claim for Battery (survival</u>

11  <u>and wrongful death)</u>

12  (i)  Whether Deputy Fuller intentionally touched Kyle Sostek or caused Kyle

13  Sostek to be touched;

14  (ii)  That Deputy Fuller's used deadly force on Kyle Sostek;

15  (iii)  That Deputy Fuller's use of deadly force was not necessary to defend

16  human life;

17  (iv)  That Kyle Sostek was killed;

18  (v)  That Deputy Fuller's use of deadly force was a substantial factor in

19  causing Kyle Sostek's death.

20  (See, CACI No. 1305B. Battery by Peace Officer (Deadly Force) – Essential

21  Factual Elements.)

22  (5)  <u>Elements Required to Establish Plaintiff's Claim for Negligence</u>

23  <u>(survival and wrongful death)</u>

24  (i)  That Deputy Fuller was a peace officer;

25  (ii)  That Deputy Fuller used deadly force on Kyle Sostek;

26  (iii)  That Deputy Fuller's use of deadly force was not necessary to defend

27  human life;

28  (iv)  That Deputy Fuller's use of deadly force was a substantial factor in

10

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1 causing Kyle Sostek's death.

2    (See, CACI No. 441. Negligent Use of Deadly Force by Peace Officer –

3 Essential Factual Elements.)

4    (6)    <u>Elements Required to Establish Plaintiff's Claim for Violation of Bane</u>

5 <u>Act (Cal. Civil Code §52.1)</u>

6    (i)    Deputy Fuller acted violently or coercively against Kyle Sostek to

7 prevent him from exercising some constitutional right or retaliated against him for

8 having exercised some constitutional right;

9    (ii)    That Deputy Fuller intended to deprive Kyle Sostek of his enjoyment of

10 the interest protected by the U.S. Constitution;

11    (iii)    That Kyle Sostek was harmed; and

12    (iv)    That Deputy Fuller's conduct was a substantial factor in causing the

13 harm.

14    (See, CACI 3066. Bane Act – Essential Factual Elements (Civ. Code §52.1).)

15    **(c)**    <u>**Summary of Key Facts and Evidence in Opposition to Plaintiff's**</u>

16 <u>**Claims (L.R. 16-4.1 (c).)**</u>

17        **Claim 1: Fourth Amendment Excessive Force (42 U.S.C. §1983)**

18    In assessing a claim of excessive force, the jury should consider the three non-

19 exclusive factors set forth by the Supreme Court in *Graham v. Connor*. See

20 *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1121 (9th Cir. 2022). These factors

21 are commonly referred to as *Graham* factors. The three <u>Graham</u> factors are: (1) the

22 severity of the crime at issue; (2) whether the individual posed an immediate threat to

23 the safety of the officers or others; and (3) whether the individual was actively

24 resisting arrest or attempting to evade arrest by flight. *Graham v. Connor,* 490 U.S.

25 386, 396 (1989). The Ninth Circuit has repeatedly emphasized that "the most

26 important *Graham* factor" is whether the individual posed an immediate threat to the

27 safety of the officers or others. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011)

28 (en banc) (internal quotation marks omitted).

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

In *Graham v. Connor*, the United States Supreme Court held that "[o]ur Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." (*Graham*, 490 U.S. at 396.)  "[A]ll claims that law enforcement have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard..." (Id. at 395.)

"Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." (*Id*. at 396 (citation omitted); emphasis added.) "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (*Id*. at 396.) "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." (*Id*. at 396-97.)

Based on the totality of the circumstances, Deputy Fuller acted in an objectively reasonable manner.  the decedent was known to be armed and dangerous (the criminal record confirms this) and that the decedent "almost ran" toward Deputy Fuller and ignored commands to back up.  The decedent was also a large man, 5'10" tall and 300 pounds.  The decedent was running up on the snow embankment toward Deputy Fuller, giving him another approximate 18 inches of height.  The decedent's "almost run" toward Deputy Fuller and ignoring the commands to back up could arguably create a reasonable belief in Deputy Fuller's mind that the decedent posed an imminent

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   threat to Deputy Fuller's safety. Further, Deputy Fuller was aware that the decedent

2   was a known felon who was considered armed and dangerous.

3            **Claims 2 and 3: Fourteenth Amendment, Denial of Medical Care**

4            **and Interference with Familial Relations (42 U.S.C. §1983)**

5            Plaintiffs make claims for Denial of Medical Care and Interference with

6   Familial Relations pursuant to the Fourteenth Amendment. The Amendment states in

7   relevant part that "[n]o State shall ... deprive any person of life, liberty, or property,

8   without due process of law." U.S. Const. amend. XIV, § 1. A claimant asserting that

9   police officers violated this Fourteenth Amendment right during a police shooting

10  must show that the officers' conduct "shocks the conscience." *Porter v. Osborn*, 546

11  F.3d 1131, 1137 (9th Cir. 2008). There are two tests used to decide whether officers'

12  conduct "shocks the conscience"; which test applies turns on whether the officers had

13  time to deliberate their conduct.

14           The deliberate-indifference test applies if the situation at issue "evolve[d] in a

15  time frame that permits the officer to deliberate before acting." *Porter,* 546 F.3d at

16  1137. Deliberation is not possible if the officers "encounter[ed] fast paced

17  circumstances presenting competing public safety obligations." Id. at 1139.

18  Deliberation in this context "should not be interpreted in the narrow, technical sense."

19  *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

20           Deputy Fuller had less than 20 seconds to assess the situation at hand.  Kyle

21  Sostek, was known to be armed and dangerous, stopped and exited his car at a dead

22  end and unlit street.  Sostek then ran from his car toward Deputy Fuller and ignored

23  commands to back up and turn around.  Deputy Fuller's decision to use deadly force

24  was objectively reasonable under the circumstances.

25           Medical assistance was requested within 16 seconds of the shots fired report to

26  dispatch.  Sgt. Everman began administering first aid and chest compressions and

27  continued to do so until medical personnel arrived 15 minutes later.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

### Claims (4 & 5) Battery and Negligence

The state claims for battery and negligence fail as a matter of law because the deadly force used by Deputy Fuller was reasonable under the circumstances. For the same reasons that no constitutional violations were committed, no state torts were committed, either, so the negligence and battery claims fail as a matter of law. (See *Martinez v. County of Los Angeles* (1996) 47 Cal. App. 4th 334, 349-50.)

Under California law a claim against a law enforcement officer for battery, assault, negligence, or wrongful death -  courts must apply the *Graham* reasonableness standard. (See *Hayes v. Cnty. of San Diego* (2013) 57 Cal. 4th 622, 632.   To the extent Plaintiffs base the negligence claim on pre-shooting tactics, liability can only arise if the tactical conduct and decisions leading up to the use of deadly force show, as part of the totality of the circumstances, that the use of deadly force was unreasonable. (*Hayes*, *supra*, 57 Cal. 4th at 626.)  Additionally, California law holds that a peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape, or to overcome resistance. (See Cal. Penal Code § 835a; *Edson*, *supra*, 63 Cal.App.4th at 1272-1273.)

Because Deputy Fuller's conduct was objectively reasonable he cannot be liable on the state claims for negligence and battery.

### Claim (7)  Violation of Bane Act Violation

As stated by the California Supreme Court, "[t]he Legislature enacted [Civil Code] section 52.1 to stem a tide of hate crimes." (*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 338.) Civil Code, section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." (*Id.* at 334.) To obtain relief under Civil Code, section 52.1, a plaintiff need not allege the defendant acted with discriminatory animus or intent; a defendant is liable if he or she interfered with the plaintiffs' constitutional rights by the requisite threats, intimidation, or coercion. (*Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820,

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

841-843.) The word "interferes" as used in the Bane Act means "violates." (See *Jones, supra*, 17 Cal.4th at 338 [California Supreme Court equates interfere" with "violate"]; *City of Simi Valley v. Superior Court* (2003) 111 Cal.App.4th 1077 [same].)

There is no Constitutional right to not cooperate with law enforcement's lawful arrest. Kyle Sostek failed to pull over during the vehicle pursuit and when he drove down a dead end and unlit street he exited his vehicle and ran at Deputy Fuller and ignored orders to back up and turn around. Deputy Fuller attempted to back up but Kyle Sostek continued to advance on him. Deputy Fuller only used deadly force when Sostek refused to cooperate and charge at Deputy Fuller. As such, Deputy Defendant Fuller did not violate Kyle Sostek's Constitutional rights.

**(c) Key Evidence in Opposition to All Plaintiff's Claims (L.R. 16-4.1(c).)**

**Witnesses:**

*Parties:*

- Plaintiffs Gale Sostek
- Plaintiff Herbert Sostek
- Defendant Samuel Fuller;

*Experts:*

- Ed Flosi.

*Percipient Witnesses:*

Sergeant John Everman

Chanikarn Lopez, M.D.

Deputy Chief John Walker

Deputy David Bush

Captain Joseph Janowicz

Captain Kelly Craig

Lieutenant Timothy Jackson

Sergeant Jon Woods

Detective Malcolm Page

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

1     Detective Travis Gagne

2     Detective Justin Carty

3     Detective Eric Ogaz

4     Detective Derek Pedersen

5     Crime Scene Investigator Andrea Guerrero

6     Crime Scene Investigator Mike Russ

7     Lauren Torres – Crime Analyst

8     Special Agent Supervisor Samuel Richardson

9     Special Agent Jon Genes

10     Special Agent Tony Baca

11     Fire Department – Captain/Paramedic Mitch Hollenbaugh

12     Fire Department – Engineer Jon Bidwell

13     Fire Department – Paramedic Brittania Huether

14     Ambulance – Tyler Guyon

15     Ambulance – Cameron Dupre

16     Madaline Rivera

17     Diane Bilodeau

18     Christopher Edwards

19     Kaci Dement

20     Blake Stebbing

21     Robert Maestas

22     Timothy Bolin

23     Andrew Alas

24     James Jones

25     Kyle Gober

26     Witness - Lindy Barr

27     Witness - Norma Fuentes

28     Witness - Bryan Castello

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

16

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

1   Witness - Marilou Fuentes

2   Witness - James Stein

3   Witness - Ethan Richardson

4   **Evidence:**

5   1.      Homicide Report SBD-00001-641

6   2.      Audio Recording titled "PUMA5203"

7   3.      Audio Recording titled "PUMA5204"

8   4.      Audio Recording titled "PUMA0895"

9   5.      Audio Recording titled "PUMA0896"

10   6.      Audio Recording titled "PUMA0898"

11   7.      Audio Recording titled "PUMA0900"

12   8.      Audio Recording titled "PUMA0902"

13   9.      Audio Recording titled "S2190567"

14   10.     Audio Recording titled "Engineer Paramedic Cameron Dupre

15   Interview"

16   11.     Audio Recording titled "Engineer Paramedic Jonathan Bidwell

17   Interview"

18   12.     Audio Recording titled "FF Paramedic Brittania Huether Interview"

19   13.     Audio Recording titled "Fire Capt. Mitch Hollenbaugh Interview"

20   14.     Audio Recording titled "Gale and Herbert Sostek phone contact"

21   15.     Audio Recording titled "Paramedic Tyler Guyon Interview"

22   16.     Audio Recording titled "Sgt. John Everman Interview"

23   17.     Audio Recording titled "PUMA5204(reduced siren)"

24   18.     Audio Recording titled "F8549626"

25   19.     Audio Recording titled "F8549627"

26   20.     Audio Recording titled "Gale Sostek 3.23.2023 phone call"

27   21.     Audio Recording titled "Gale Sostek 3.23.2023 voice mail message"

28   22.     Audio Recording titled "Gale Sostek 3.27.23 Phone Call"

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

17

23.   Audio Recording titled "BB230550009 Ec09- domestic 9-1-1 call"

24.   Audio Recording titled "BB230710005 SPR2300025 FTY UOF VCC 5"

25.   Video File titled "7f6BQ3UsP"

26.   Video File titled "Outside 1"

27.   Video File titled "Outside 2"

28.   Video File titled "Register 2"

29.   629 Photographs taken in the connection with the Incident SBD-000642-1270;

30.   Criminal History of Decedent

31.   Medical Records for the Decedent

32.   Coroner Report/Investigation SBD-002380-2386

33.   Autopsy Report and Photographs SBD-002368-2379

34.   Sheriff's Department policies and training regarding the use of deadly force

35.   Medical records from the Paramedics / Firefighters /  Ambulance

36.   Audio Recording Titled "Phone call to Attorney Leap – 230705_1406".

37.   DOJ Physical Evidence Examination Report

38.   DOJ Physical Evidence Submission Form

39.   DOJ Photos of sealed evidence packages

40.   Phone Extraction

41.   FARO Files

42.   Gunshot Residue Test Results

43.   POST Learning Domain 20 SBD-002254-2367

44.   San Bernardino County Sheriff Department Manual SBD-001271

45.   Exhibit A to the Deposition Transcript of Dr. Chanikarn Lopez

46.   Exhibit 1 to Deposition Transcript of Gale Sostek

47.   Exhibit 1 to Deposition Transcript of Herb Sostek

18

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

48. Plaintiff Herb Sosteks Responses and Objections to Special Interrogatories, Set One

49. Plaintiff Gail Sosteks Responses and Objections to Special Interrogatories, Set One

50. Plaintiff Herb Sosteks Responses and Objections to Request for Production, Set One

51. Plaintiff Gail Sosteks Responses and Objections to Request for Production, Set One

52. Plaintiff Herb Sosteks Responses and Objections to Request for Production, Set Two

53. Plaintiff Gail Sosteks Responses and Objections to Request for Production, Set Two

54. Plaintiff Gail Sosteks Responses and Objections to Special Interrogatories, Set Two

55. Plaintiff Herb Sosteks Responses and Objections to Requests for Admissions, Set One

56. Plaintiff Herb Sosteks Responses and Objections to Requests for Production, Set Three

**(d)** **Defendants' Affirmative Defenses (L.R. 16-4.1 (d))**

1. Fifth Affirmative Defense – Comparative Fault

**(e)** **Defendants' Elements to Establish Affirmative Defenses (L.R. 16-4.1 (e))**

1. Fifth Affirmative Defense – Comparative Fault

(i) That Kyle Sostek was negligent;

(ii) That Kyle Sostek's negligence was a substantial factor in causing his harm.

(See, CACI 405)

**(f)** **Key Evidence and Facts Relied Upon In Support of Affirmative**

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

19

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

### Defenses (L.R. 16-4.1 (f))

Defendants will rely upon the same testimony of witnesses on the Joint Proposed Witness list, and as identified and detailed above in section (c) Key Evidence in Opposition to All Plaintiff's Claims for their affirmative defenses.

As detailed above, Kyle Sostek failed to pull over during the vehicle pursuit and when he drove down a dead end and unlit street he exited his vehicle and ran at Deputy Fuller and ignored orders to back up and turn around. Deputy Fuller attempted to back up but Kyle Sostek continued to advance on him. Deputy Fuller only used deadly force when Sostek refused to cooperate and charge at Deputy Fuller.

*Parties:*
- Plaintiffs Gale Sostek
- Plaintiff Herbert Sostek
- Defendant Samuel Fuller;

*Experts:*
- Ed Flosi.

*Percipient Witnesses:*

Sergeant John Everman

Chanikarn Lopez, M.D.

Deputy Chief John Walker

Deputy David Bush

Captain Joseph Janowicz

Captain Kelly Craig

Lieutenant Timothy Jackson

Sergeant Jon Woods

Detective Malcolm Page

Detective Travis Gagne

Detective Justin Carty

Detective Eric Ogaz

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

1    Detective Derek Pedersen

2    Crime Scene Investigator Andrea Guerrero

3    Crime Scene Investigator Mike Russ

4    Lauren Torres – Crime Analyst

5    Special Agent Supervisor Samuel Richardson

6    Special Agent Jon Genes

7    Special Agent Tony Baca

8    Fire Department – Captain/Paramedic Mitch Hollenbaugh

9    Fire Department – Engineer Jon Bidwell

10    Fire Department – Paramedic Brittania Huether

11    Ambulance – Tyler Guyon

12    Ambulance – Cameron Dupre

13    Madaline Rivera

14    Diane Bilodeau

15    Christopher Edwards

16    Kaci Dement

17    Blake Stebbing

18    Robert Maestas

19    Timothy Bolin

20    Andrew Alas

21    James Jones

22    Kyle Gober

23    Witness - Lindy Barr

24    Witness - Norma Fuentes

25    Witness - Bryan Castello

26    Witness - Marilou Fuentes

27    Witness - James Stein

28    Witness - Ethan Richardson

4932-0871-3733.1 SBD-00021

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**Evidence:**

1.  Homicide Report SBD-00001-641

2.  Audio Recording titled "PUMA5203"

3.  Audio Recording titled "PUMA5204"

4.  Audio Recording titled "PUMA0895"

5.  Audio Recording titled "PUMA0896"

6.  Audio Recording titled "PUMA0898"

7.  Audio Recording titled "PUMA0900"

8.  Audio Recording titled "PUMA0902"

9.  Audio Recording titled "S2190567"

10. Audio Recording titled "Engineer Paramedic Cameron Dupre Interview"

11. Audio Recording titled "Engineer Paramedic Jonathan Bidwell Interview"

12. Audio Recording titled "FF Paramedic Brittania Huether Interview"

13. Audio Recording titled "Fire Capt. Mitch Hollenbaugh Interview"

14. Audio Recording titled "Gale and Herbert Sostek phone contact"

15. Audio Recording titled "Paramedic Tyler Guyon Interview"

16. Audio Recording titled "Sgt. John Everman Interview"

17. Audio Recording titled "PUMA5204(reduced siren)"

18. Audio Recording titled "F8549626"

19. Audio Recording titled "F8549627"

20. Audio Recording titled "Gale Sostek 3.23.2023 phone call"

21. Audio Recording titled "Gale Sostek 3.23.2023 voice mail message"

22. Audio Recording titled "Gale Sostek 3.27.23 Phone Call"

23. Audio Recording titled "BB230550009 Ec09- domestic 9-1-1 call"

24. Audio Recording titled "BB230710005 SPR2300025 FTY UOF VCC 5"

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND
LAW

25. Video File titled "7f6BQ3UsP"

26. Video File titled "Outside 1"

27. Video File titled "Outside 2"

28. Video File titled "Register 2"

29. 629 Photographs taken in the connection with the Incident SBD-000642-1270;

30. Criminal History of Decedent

31. Medical Records for the Decedent

32. Coroner Report/Investigation SBD-002380-2386

33. Autopsy Report and Photographs SBD-002368-2379

34. Sheriff's Department policies and training regarding the use of deadly force

35. Medical records from the Paramedics / Firefighters /  Ambulance

36. Audio Recording Titled "Phone call to Attorney Leap – 230705_1406".

37. DOJ Physical Evidence Examination Report

38. DOJ Physical Evidence Submission Form

39. DOJ Photos of sealed evidence packages

40. Phone Extraction

41. FARO Files

42. Gunshot Residue Test Results

43. POST Learning Domain 20 SBD-002254-2367

44. San Bernardino County Sheriff Department Manual SBD-001271

45. Exhibit A to the Deposition Transcript of Dr. Chanikarn Lopez

46. Exhibit 1 to Deposition Transcript of Gale Sostek

47. Exhibit 1 to Deposition Transcript of Herb Sostek

48. Plaintiff Herb Sosteks Responses and Objections to Special Interrogatories, Set One

49. Plaintiff Gail Sosteks Responses and Objections to Special

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

23

DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

1  Interrogatories, Set One

2      50.    Plaintiff Herb Sosteks Responses and Objections to Request for

3  Production, Set One

4      51.    Plaintiff Gail Sosteks Responses and Objections to Request for

5  Production, Set One

6      52.    Plaintiff Herb Sosteks Responses and Objections to Request for

7  Production, Set Two

8      53.    Plaintiff Gail Sosteks Responses and Objections to Request for

9  Production, Set Two

10     54.    Plaintiff Gail Sosteks Responses and Objections to Special

11  Interrogatories, Set Two

12     55.    Plaintiff Herb Sosteks Responses and Objections to Requests for

13  Admissions, Set One

14     56.    Plaintiff Herb Sosteks Responses and Objections to Requests for

15  Production, Set Three

16     **(g)    Similar Statement for All Third Parties (L.R. 16-4.1 (g))**

17     Not applicable.

18     **(h)    Identification of any anticipated evidentiary issues, together with**

19  **the party's position on those issues (L.R. 16-4.1 (h))** .

20     Defendants have filed two Motions in Limine to exclude:

21     1.    Testimony of Plaintiffs' retained expert Scott Defoe

22     2.    Testimony of Plaintiffs' retained expert Bennet I. Omalu

23     **(i)    Identification of any issues of law, which are germane to the case**

24  **and party's position (L.R. 16-4.1 (i).**

25  **III.    BIFURCATION OF ISSUES (L.R. 16-4.3)**

26     Defendants request the Court bifurcate the trial into two phases as follows:

27  Phase 1 - liability phase as to the Defendants; and Phase 2 - punitive damages, for the

28  Individual Deputy Defendant, if necessary.

24

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

"Rule 42(b) does not set a high standard for the court[.]" *Gilbert v. State Farm Mut. Auto. Ins. Co*., 311 F.R.D. 685, 686 (M.D. Fla. 2015). The predominant consideration is whether separate trial of any issue will better promote a fair and impartial trial "through a balance of benefits and prejudice." *Medtronic Xomed, Inc. v. Gyrus ENT LLC,* 440 F.Supp.2d 1333, 1334 (M.D. Fla. 2006). Factors to be considered in deciding whether to order separate trials include: avoiding prejudice, the ease with which issues may be tried separately, convenience, judicial economy, and risk of confusion. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). Other factors to be considered include: complexity of the issues, factual proof, and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson Research, Inc*., 850 F.Supp. 861, 866 (C.D. Cal. 1994).

In this case, all of those factors weigh heavily in favor of a two-phase trial, as discussed below.

### A.   Punitive Damages are Separately Tried as a Matter of Course in Section 1983 Cases Such as This.

"[C]ourts trying Section 1983 cases in this circuit often bifurcate the punitive damages issue." *Monroe v. Griffin,* 2015 WL 5258115, at *5 (N.D. Cal. 2015). Indeed, in managing the proceedings before them, courts often order separate trial of punitive damages sua sponte. *Saenz v. Reeves*, 2013 WL 2481733, at *1 (E.D. Cal. 2013).

Defendants therefore request that the trial phase as to the award of punitive damages and introduction of evidence relating to Defendant's financial condition, be delayed until after the issues of liability and compensatory damages have been tried.

### IV.   JURY TRIAL (L.R. 16-4.4)

Both the Plaintiff and Defendants have made timely demands for a jury trial on all issues, as required by the Fed. R. Civ. P., Rule 38.

### V.   ATTORNEYS' FEES (L.R. 16-4.5)

Defendant contends that these fees are not recoverable as Plaintiffs cannot maintain any of their causes of action against Defendants.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    The award of attorneys' fees for Plaintiff's causes of action are a matter of

2  discretion for the Court.

3    The Civil Rights Attorney's Fee Award Act of 1976, 42 USC Sec. 1988, allows

4  a court, in its discretion, to award reasonable attorneys' fees as part of costs to a

5  prevailing party in federal civil rights lawsuits, including cases brought under 42 USC

6  1983.

7  **VI.    ABANDONMENT OF ISSUES (L.R. 16-4.6)**

8    Defendants have abandoned its affirmative defenses not identified in section

9  L.R. 16-4.1 (e) above.

10

11  DATED:  December 11, 2024    WESIERSKI & ZUREK LLP

12

13                                *Christopher P. Wesierski*

14                    By: _____

15                    CHRISTOPHER P. WESIERSKI
                    Attorneys for Defendant, COUNTY OF
16                    SAN BERNARDINO and SAMUEL
                    FULLER

17

18

19

20

21

22

23

24

25

26

27

28

4932-0871-3733.1 SBD-00021              DEFENDANT'S MEMORANDA OF CONTENTIONS OF FACT AND
                                            LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000