Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-02236-MRA (MRWx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.**<br><br>Trial Date:        January 28, 2025 |

TO ALL PARTIES AND THE COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT on January 8, 2025, at 3:00 p.m. before Judge Monica Ramirez Almadani, Defendants COUNTY OF SAN BERNARDINO ("County") and SAMUEL FULLER ("Deputy Fuller") (collectively "Defendants") will move this Court for an order *in limine* to exclude the expert testimony of Plaintiffs GALE SOSTEK and HERB SOSTEK'S ("Plaintiffs") designated expert Bennet Omalu M.D. ("Dr. Omalu") from testifying at trial.

This motion is made on the grounds that Plaintiffs have a duty to make their expert witness available for deposition. However, Plaintiffs have not produce their expert witness for deposition and failed to timely object or propose alternative dates

1

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

for the deposition prior to the expert discovery cut-off deadline.

As a result, Defendants have been substantially harmed, without any legitimate justification existing on Plaintiffs' part, and thus greatly prejudice in preparing for trial. This Court, therefore, should exclude Plaintiff's expert witness from trial pursuant to Fed R. Civ. P. 37(c)(1).

This Motion is made following the conference of counsel pursuant the Courts Standing Order and Pretrial Scheduling Order which took place by telephone or email on December 6, 2024 at 3:30 p.m. During the conference, the parties agreed that they would jointly file a stipulation to extend the expert discovery and Daubert deadlines. However, Defense counsel made it clear that if the court denied the stipulation to modify the scheduling order they would move to exclude the experts. (Prescott Decl. at ¶X.)

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Michelle R. Prescott attached hereto, the pleadings of file in the matter, and upon any such further oral and documentary evidence as may be presented at the hearing of this motion.

DATED: December 11, 2024           WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

2

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Defendants, by this motion requests that the Court exclude from trial the expert witness Plaintiffs have disclosed but have not made available for deposition. Plaintiffs' failure to produce its expert witness for deposition violates Fed. R. Civ. P. 26(a) and 26(e). This violation or violations of the Federal Rules warrants exclusion from the trial of Plaintiffs' expert witness. Fed. R. Civ. P. 37(c)(1).

On October 7, 2024, the parties exchange initial expert disclosures, pursuant to the Court's Scheduling Order. [Doc. #50.] (Declaration of Michelle R. Prescott "Prescott Decl." ¶3).

Plaintiffs identified as expert witnesses Scott DeFoe and Dr. Bennet Omalu. (Ex. 1 Prescott Decl. ¶4.) On October 8, 2024, the parties stipulated to modify the scheduling order and continue rebuttal expert disclosures to 10/28/24, expert discovery cut-off to 11/4/24, hearings on motions to 11/15/24, and *Daubert* motions to 12/13/24. (Prescott Decl. at ¶5.)

On October 25, 2024, Defendants served notice of taking deposition of Dr. Bennet Omalu, M.D. on October 31, 2024. (Prescott Decl. at ¶6, Ex. 2.)

On October 29, 2024, the parties agreed to postpone the taking of expert depositions while settlement negotiations were still ongoing. (Prescott Decl. at ¶7, Ex. 3.) Settlement negotiations were still on going and the Board had not yet met to consider the demand. The parties agreed to stipulate to continue the rebuttal expert disclosures to 11/29/2024, and the expert discovery cut-off to 12/06/24, anticipating that the County Board would have considered the demand by those dates. (Doc. #60 & 61.)

On October 29, 2024, the parties agreed to postpone the taking of expert depositions while settlement negotiations were still ongoing. (Prescott Decl. ¶8, Ex. 3.) The County Board is not scheduled to consider this matter until December 17,

3

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

2024. On November 13, 2024, Defense counsel informed Plaintiff's counsel of the delay. Counsel for the parties discussed that it might be a good idea to push out the rebuttal expert disclosures and expert discovery cut-off until after the Board had considered the settlement demand, but a new stipulation was not filed at this time. (Prescott Decl. at ¶9.)

On November 29, 2024, Defendants made their rebuttal expert disclosures. On the same day, Defendants served deposition notices for Plaintiff's experts, setting their depositions for December 6, 2024. (Prescott Decl. ¶10, Ex. 4.)

On November 29, 2024, Defense counsel informed Plaintiff's counsel if the deposition dates did not work the could be rescheduled, and reminded Plaintiff's counsel Defense counsel was willing to push out the discovery cut-off until after the Board meeting. (Prescott Decl. ¶11, Ex. 5.)

Plaintiffs never served objections to the expert deposition notices. (Prescott Decl. ¶12.)

On December 5, 2024, Defense counsel emailed Plaintiff's counsel again and left a couple of phone messages advising him that the expert depositions were still on calendar for December 6, 2024, but that Defense counsel would agree to stipulate to extending the deadline. (Prescott Decl. ¶13, Ex. 6.)

On December 6, 2024, at 9:02 a.m. Plaintiff's counsel emailed Defense counsel back that he would stipulate to continuing the expert discovery cut-off, and that his experts would not be appearing for the depositions. The parties counsel agreed to discuss the possibility of a stipulation and other trial matters later that afternoon. (Prescott Decl. ¶14, Ex. 7.)

On December 6, 2024, counsel for the parties spoke agreed to prepare a stipulation to push out the expert discovery cut-off. Defense counsel advised Plaintiff's counsel that if the Court did not grant the request Defendants would have to move to exclude Plaintiff's experts on the grounds the depositions were properly noticed within the discovery cut-off, and because Plaintiffs did not serve objections

4

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

to the deposition notices. (Prescott Decl. ¶15.)

On December 9, 2024, a stipulation and proposed order requesting the expert discovery cut-off be continued to 12/20/2024 and the *Daubert* motion deadline be extended to 1/8/2025 was filed by the parties. (Doc.65). The Court denied the stipulation. (Doc. 66.)

Defendants will be severely prejudiced if they are not able to take the expert depositions. Defendants will be forced to cross-examine Plaintiffs' expert witnesses for the first-time during trial regarding the expert's opinions, the basis for those opinions and denied the opportunity to obtain documents supporting those opinions. (Prescott Decl. ¶17.) As such, Defendants now move in limine to exclude Plaintiffs' experts.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 26 Requires Parties to Make their Expert Witness Available for Deposition.

Defendants properly noticed the deposition of Plaintiffs Expert witness, Dr. Omalu for December 6, 2024. (Prescott Decl. ¶10, Ex. 4.) Defense counsel offered to reschedule the depositions to a mutually agreeable date and time, but were not provided with alternative dates or times. Prior to noticing the deposition, Defense counsel asked Plaintiffs to provide them with available dates and time Dr. Omalu would be available for his deposition. (Prescott Decl. ¶¶13-14). Plaintiffs' counsel never served objections to the expert deposition notices. (Prescott decl. ¶12.) Without any response and without objections, Plaintiff's expert witness, Dr. Omalu, did not appear for his deposition. Despite Defense counsel's efforts to confirm Dr. Omalu's attendance with Plaintiff's counsel, no response was received until the day of the scheduled deposition. (Prescott Decl. ¶¶10-14.) By failing to Produce Dr. Omalu for his properly notice deposition, Plaintiffs also failed to produce all the materials relied upon by Dr. Omalu in formulating his expert opinion (Prescott Decl. ¶ 17) "If a party fails to provide information or identify a witness as required by Rule 26 (a) or (e), the

5

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

party is not allowed to use that information or witness to supply evidence on a motion, at hearing or at a trial unless failure was substantially justified or is harmless "Fed. R. Civ. P. 37(c)(1). Here, the failure was neither substantially justified nor harmless; Plaintiff was aware of the cut-off date. And Defense counsel made them aware that if the Court did not modify the scheduling order, they would be moving to exclude the expert testimony of Dr. Omalu. If Defendants had to go to trial and cross-examine an expert about their report for the first time at trial, it would not be considered "harmless" and would cause substantial prejudice to the Defendants.

The Federal Rules of Civil Procedure are designed to prohibit trial by ambush Parties in the federal courts are required to disclose their expert witness and offer them up for deposition:

> (A) Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinion may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conduction only after the report is provided. *Fed. R. Civ. P*. 26 (b)(4)(A)

Finally, with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies. Fed. R. Civ. P. 30, Advisory Committee's Notes on Rules -- 2000 Amendments. The federal discovery rules are to be interpreted liberally to promote full disclosure of the relevant facts and to avoid "a trial by ambush": "The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385; 91 L.Ed.451 (1947). "Modern instruments of discovery serve a useful purpose . . . . They together with pretrial procedures make

6

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983; 2 L.Ed.2d 1077 (1958).

### B. Exclusion of a Witness Is the Appropriate Legal Remedy

The proper remedy for failing to comply with the discovery rules is exclusion of the witness and his or her testimony from trial. Fed. R. Civ. P. 37(c)(1); *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1028 (9th Cir. 2003); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105-07 (9th Cir. 2001). Rule 37 "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998*); see, also, National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curium), (Supreme Court upholding sanctions, even before the stronger Rules arising from the 1993 amendments, stressing that such "severe" sanctions provided by the rules, "must be available to the district court" not merely to penalize, "but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 643, 96 S.Ct. 2778.

### C. Exclusion of Plaintiffs' Expert Witness is the Appropriate Remedy Here

Plaintiffs offered no available dates to take Dr. Omalu's and left Defendants no choice but to notice Plaintiff expert witness deposition on the last day to agree for expert discovery cut-off. The depositions notice was sent out on November 29, 2024. However, it was not until the day of the deposition, Plaintiff counsel informed Defendants Dr. Omulu would not be available to take the deposition at the time. (Prescott Decl. ¶ 14.)

Plaintiffs' expert should be excluded from trial for the simple reason that Plaintiffs and their counsel did not make their expert witness available for deposition. Plaintiffs should not be allowed to suppress discovery and force the defendants to

7

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

cross-examine this expert witness for the first-time during trial regarding the expert's opinions, the basis for those opinions, and the rationale behind them.

Rule 26(b)(4)(A) states that a party may depose an expert whose opinions may be presented at trial, and the rule does not make the deposition contingent on the plaintiffs' or their counsel's permission or the schedule of their experts. Plaintiffs were aware that the expert discovery cutoff date was December 6, 2024. When defense counsel requested additional dates from Plaintiffs' counsel, there was no response. The bottom line is that the Defendants were denied their right to discovery without any legitimate grounds, a right afforded to them by the Federal Rules of Civil Procedure.

This violates both the letter and spirit of Rules 26 and 30. Once Plaintiff produced its expert witness reports, they had a duty, upon the proper request from Defendants, to make their expert witness reasonably available for deposition before the cutoff deadline (Fed. R. Civ. P. 26(b)(4)(A)). However, Plaintiff did not do so and failed to timely object to the notice. Consequently, because Plaintiffs did not make their expert available for deposition, Plaintiffs should be precluded from introducing any testimony from Dr. Omalu at trial. This is necessary to avoid substantial surprise to Defendants, who were deprived of their right to depose Plaintiff's expert. Allowing such testimony at trial would violate the mandate against unfair surprise outlined in Fed. R. Evid. 403.

### III. **CONCLUSION**

This Court should exclude Plaintiff's expert witness after Plaintiff have not made their expert witness available for deposition after Defendants' reasonable request therefor. Plaintiff's expert witness testimony at trial, therefore, would constitute undue prejudice to Defendants where Defendants were blocked from deposing such witness. The Federal Rules of Civil Procedure and the case law interpreting these rules are clear that trial by ambush is inappropriate. For all the forgoing reasons, Defendants restfully request that the testimony of Plaintiffs Expert

8

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.

1 Witness Dr. Omalu and any report generated by him be excluded.

2  Defendants' motion in limine should be granted.

3 DATED:  December 11, 2024   WESIERSKI & ZUREK LLP

By: *Christopher P. Wesierski*
CHRISTOPHER P. WESIERSKI
Attorneys for Defendant, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9

Def. MIL No. 2 re Preclude Omalu from testifying at trial
4898-5616-8453 v.2.docx

DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' EXPERT BENNET OMALU M.D. FROM TESTIFYING AT TRIAL.