Christopher P. Wesierski [Bar No. 086736]
 cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
 mprescott@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and SAMUEL FULLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GALE SOSTEK; and HERB SOSTEK, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-02236-MRA (MRWx) <br><br> **DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PLAINTIFF'S EXPERT DR. OMALU** <br><br> Trial Date: January 28, 2025 |

**DECLARATION OF MICHELLE R. PRESCOTT**

I, Michelle R. Prescott, declare:

1. I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek LLP, counsel of record for Defendants, COUNTY OF SAN BERNARDINO and SAMUEL FULLER .

2. The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true. If called as a witness, I could and would competently testify to these facts.

3. On October 7, 2024, the parties exchange initial expert disclosures, pursuant to the Court's Scheduling Order. [Doc. #50.]

4. Plaintiffs identified as expert witnesses Scott DeFoe and Dr. Bennet

1

1. Omalu. (Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Initial Expert Disclosure.)

5. On October 8, 2024, the parties stipulated to modify the scheduling order and continue rebuttal expert disclosures to 10/28/24, expert discovery cut-off to 11/4/24, hearings on motions to 11/15/24, and *Daubert* motions to 12/13/24. (Doc. #58 & 59).

6. In order to protect Defendants' ability to take expert depositions if the stipulation were not granted, on October 25, 2024, Defendants served notice of taking deposition of Bennet Omalu M.D. on October 31, 2024. (Attached hereto as Exhibit 2 is a true and correct copy of the deposition notice.)

7. Settlement negotiations were still on going and the Board had not yet met to consider the demand. The parties agreed to stipulate to continue the rebuttal expert disclosures to 11/29/2024, and the expert discovery cut-off to 12/06/24, anticipating that the County Board would have considered the demand by those dates. (Doc. #60 & 61.)

8. On October 29, 2024, the parties agreed to postpone the taking of expert depositions while settlement negotiations were still ongoing. (Attached hereto as Exhibit 3, is a true and correct copy of the email exchange.)

9. The County Board is not scheduled to consider this matter until December 17, 2024. On November 13, 2024, Defense counsel informed Plaintiff's counsel of the delay. I discussed with plaintiff's counsel Eric Valenzuela that it might be a good idea to push out the rebuttal expert disclosures and expert discovery cut-off until after the Board had considered the settlement demand. Mr. Valenzuela agreed that might be a good idea, but a new stipulation was not filed at this time.

10. On November 29, 2024, Defendants made their rebuttal expert disclosures. On the same day, Defendants served deposition notices for Plaintiff's experts, setting their depositions for December 6, 2024. (Attached hereto as Exhibit 4, is a true and correct copy of the deposition notices.)

11. On November 29, 2024, I informed Plaintiff's counsel if the deposition dates did not work we would reschedule, and reminded him we were willing to push out the discovery cut-off until after the Board meeting. (Attached hereto as Exhibit 5, is a true and correct copy of the email.)

12. Plaintiffs never served objections to the expert deposition notices.

13. On December 5, 2024, emailed Plaintiff's counsel again and left a couple of phone messages advising him that the expert depositions were still on calendar for December 6, 2024, but that I would agree to stipulate to extend the deadline. (Attached hereto as Exhibit 6, is a true and correct copy of the email.)

14. On December 6, 2024, at 9:02 a.m. Plaintiff's counsel emailed me back that he would stipulate to continuing the expert discovery cut-off, and that his experts would not be appearing for the depositions. We agreed to discuss the possibility of a stipulation and other trial matters later that afternoon. Attached hereto as Exhibit 7, is a true and correct copy the email exchange.)

15. On December 6, 2024, I spoke with Plaintiff's counsel and agreed I would prepare a stipulation to push out the expert discovery cut-off, but that if the Court did not grant the request I would have to move to exclude Plaintiff's experts on the grounds the depositions were properly noticed within the discovery cut-off, and because Plaintiffs did not serve objections to the deposition notices.

16. On December 9, 2024, I filed a stipulation and proposed order requesting the expert discovery cut-off be continued to 12/20/2024 and the *Daubert* motion deadline be extended to 1/8/2025. (Doc.65). The Court denied the stipulation. (Doc. 66.)

17. Defendants will be prejudiced if they are not able to take the expert depositions. Defendants will be forced to cross-examine Plaintiffs' expert witnesses for the first-time during trial regarding the expert's opinions, the basis for those opinions and denied the opportunity to obtain documents supporting those opinions.

I declare under penalty of perjury under the laws of the State of California

1  that the foregoing is true and correct.

2      Executed on this 11th day of December, 2024, at Lake Forest, California.

_____

Michelle R. Prescott

4920-8518-3750.1 SBD-00021

DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 2

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000